UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30071 |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | |

**MOTION OF DEBTOR TO (I) REJECT ESCROW CONTRACT AND LEASE AND (II) REFUND**

---

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN <u>TWENTY ONE (21) DAYS</u> FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

---

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

The Gateway Ventures LLC (collectively, the "Debtor") file this *Motion of Debtor to (I) Reject Escrow Contract and (II) Refund Deposit* (the "Motion to Reject") and in support thereof would show the Court the following.

### INTRODUCTION

1. Debtor seeks to reject a ground lease and return the deposit to the counter-party.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to Sections 105, 363, and 1101 et seq. of the United States Bankruptcy Code, Title 11 of the U.S. Code, 11 U.S.C. §101 et seq. (the "Code" or "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or individually a "Bankruptcy Rule"), and 28 U.S.C. §§157 and 1334.

3. This matter constitutes a core proceeding under 28 U.S.C. §157(b).

4. Venue is proper under 28 U.S.C. §§1408 and 1409.

5. The Court has constitutional authority to decide this Motion under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

## FACTUAL BACKGROUND

**The identify and background of the Debtor and Debtor in Possession.**

6. TGV owns and is the developer of a tract of real property of approximately 19 acres in El Paso, El Paso County, Texas.

**The Commencement of the Bankruptcy Cases.**

7. On February 5, 2021 (the "Petition Date"), TGV commenced the above-caption case by filing a voluntary petition under Chapter 11 of the Code.

**Factual background in support of the relief requested.**

8. On or about July 24, 2020, TGV and Union Gateway LLC ("Union") entered into a Restaurant Lease, which lease was amended on or more occasions including an amendment dated October 30, 2020 (collectively, the "Lease"). *See* Exhibit **TGV002**[1] (October 30, 2020 amendment).

9. The Lease contemplated the construction and lease of a restaurant one on tract of the Subject Property and a substantial completion date of March 31, 2021.

10. Union provided an initial Security Deposit in the amount of $18,500.00 that is held by an Escrow Agent as defined and described in the Lease.

11. TGV is unable to perform the Lease within the time required.

12. TGV believes the Lease otherwise is burdensome to the estate.

---

[1] TGV is consecutively numbering exhibits throughout this proceeding.

13. TGV in its business judgment believes it is in the best interest of the estate to reject the lease.

14. TGV wishes to release the security deposit to TGV, which was placed into escrow under the Lease (as amended).

15. Union has contacted TGV requesting a resolution of the Lease that results in the return of the $18,500 deposit. Union has agreed to otherwise waive any rejection damages and any other claim against TGV and the estate, which resolution TGV also believes to be a result necessitated by rejection of the Lease and/or in the best interest of the estate.

### RELIEF REQUESTED

16. TGV respectfully requests that the Court enter an order deeming the Lease to be rejected as of the Petition Date and authorizing TGV and the Escrow Agent named in the lease to return the $18,500 deposit to Union Gateway LLC.

17. A proposed form of Order is attached hereto and is incorporated by reference herein.

### BASIS OF RELIEF

18. TGV believes the Lease otherwise is burdensome to the estate.

19. TGV in its business judgment believes it is in the best interest of the estate to reject the lease.

20. TGV wishes to release the security deposit to TGV, which was placed into escrow under the Lease (as amended).

21. The Lease (§3.1 of the October 30, 2020 amendment) requires the return of the $18,500 in the event TGV does not transmit the Completion Information (as defined there).

## CONCLUSION AND PRAYER

WHEREFORE, The Gateway Ventures LLC respectfully request that the Court enter an order deeming the Lease to be rejected and authorizing TGV and the Escrow Agent named in the lease to return the $18,500 deposit to Union Gateway LLC, as set forth in the proposed order. Movant respectfully request such other and further relief to which movant is entitled at law or in equity.

DATED: April 6, 2021        Respectfully Submitted:

        WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
        By: /s/ Jeff Carruth
           JEFF CARRUTH
           State Bar No. 24001846
           3030 Matlock Rd., Suite 201
           Arlington, Texas 76015
           Phone: (713) 341-1058
           Facsimile: (866) 666-5322
           jcarruth@wkpz.com

        PROPOSED ATTORNEYS FOR
        THE GATEWAY VENTURES, LLC
        DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on April 6, 2021 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below and (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility. *A copy of the service lists was not served with the regular mail service set but is available by contacting the undersigned.*

**ANY PARTY REQUESTING A FULL SIZED COPY OF THIS PLEADING OR COPIES OF ANY EXHIBITS SHOULD CONTACT THE UNDERSIGNED.**

        */s/ Jeff Carruth*
        JEFF CARRUTH

**21-30071-hcm Notice will be electronically mailed to:**

Jeff Carruth on behalf of Debtor The Gateway Ventures, LLC
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Harrel L. Davis, III on behalf of Creditor Suresh Kumar
hdavis@eplawyers.com, vrust@eplawyers.com;vpena@eplawyers.com

James Michael Feuille on behalf of Creditor Ashish Nayyar
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Deepesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Rahim Noorani
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Umesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com

Ryan Little on behalf of Interested Party Union Gateway, LLC
little@mgmsg.com, tsilva@mgmsg.com

Clyde A. Pine, Jr. on behalf of Creditor HD Lending, LLC
pine@mgmsg.com, clyde.pine@gmail.com

Donald P. Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov

Eric Charles Wood on behalf of Creditor Westar Investors Group, LLC
eric@brownfoxlaw.com, melissa@brownfoxlaw.com

Eric Charles Wood on behalf of Creditor Saleem Makani
eric@brownfoxlaw.com, melissa@brownfoxlaw.com

Eric Charles Wood on behalf of Creditor Suhail Bawa
eric@brownfoxlaw.com, melissa@brownfoxlaw.com

```
Label Matrix for local noticing          The Gateway Ventures, LLC              U.S. BANKRUPTCY COURT
0542-3                                   c/o PDG Prestige, Inc.                 511 E. San Antonio Ave., Rm. 444
Case 21-30071-hcm                        780 N Resler Drive, Suite B            EL PASO, TX 79901-2417
Western District of Texas                El Paso, TX 79912-7196
El Paso
Thu Mar 18 08:48:44 CDT 2021

Ashish Nayyar                            Ashish Nayyar                          City of El Paso
806 Rockport Lane                        c/o James M. Feuille                   c/o Don Stecker
Allen, TX 75013                          ScottHulse PC                          112 E. Pecan St. Suite 2200
                                         P.O. Box 99123                         San Antonio, TX 78205-1588
                                         El Paso, TX 79999-9123

Deepesh Shrestha                         Depcesh Shrestha                       El Paso County Tax AC
c/o James M. Feuille                     3708 N. White Chapel Blvd.             301 Manny Martinez Dr., 1st Floor
ScottHulse PC                            Southlake, TX 76092-2042               El Paso, TX 79905-5503
P.O. Box 99123
El Paso, TX 79999-9123

HD Lending LLC                           HD Lending LLC                         HD Lending, LLC
6080 Surety Dr. Ste 101                  c/o Stephen H. Nickey PC               c/o Clyde A. Pine, Jr.
El Paso, TX 79905-2066                   1201 North Mesa Ste. B                 Mounce Green Myers
                                         El Paso, TX 79902-4000                 P.O. Box 1977
                                                                                El Paso, Texas 79999-1977

Internal Revenue Service                 Michael Dixson                         PDG Prestige, Inc.
Special Procedures Staff - Insolvency    780 N. Resler Drive Suite B            780 N. Resler Drive Suite B
P. O. Box 7346                           El Paso, TX 79912-7196                 El Paso, TX 79912-7196
Philadelphia, PA 19101-7346

Rahim Noorani                            Rahim Noorani                          Rahim Noorani, et al.
4312 Hopi Drive                          c/o James M. Feuille                   c/o Marty D. Price
Carrolton, TX 75010-1133                 ScottHulse PC                          2514 Boll St.
                                         P.O. Box 99123                         Dalals, TX 75204-2512
                                         El Paso, TX 79999-9123

Saleem Makani                            Saleem Makani                          Suhail Bawa
c/o Eric W. Wood                         c/o Eric Wood (Brown Fox)              c/o Eric W. Wood
Brown Fox PLLC                           8111 Preston Rd. Ste 300               Brown Fox PLLC
5550 Granite Parkway, Suite 175          Dallas, TX 75225-6329                  5550 Granite Parkway, Suite 175
Plano, Texas 75024                                                              Plano, Texas 75024
Email: eric@brownfoxlaw.com  75024-3834                                         Email: eric@brownfoxlaw.com  75024-3834

Suhail Bawa                              Suresh Kumar                           Texas Attorney General
c/o Eric Wood (Brown Fox)                c/o Harrel Davis                       Environmental Protection Division
8111 Preston Rd. Ste 300                 PO Box 1322                            P.O. Box 12548
Dallas, TX 75225-6329                    El Paso, TX 79947-1322                 Austin, TX 78711-2548

(p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY   Umesh Shrestha                   Umesh Shrestha
ATTN BANKRUPTCY PROGRAM                  8505 Revenue Way                       c/o James M. Feuille
P O BOX 13087                            North Richland Hills, TX 76182-7431    ScottHulse PC
MC 132                                                                          P.O. Box 99123
AUSTIN TX 78711-3087                                                            El Paso, TX 79999-9123

Union Gateway, LLC                       United States Trustee - EP12           Westar Investor Group LLC
c/o Ryan Little                          U.S. Trustee's Office                  c/o Eric Wood (Brown Fox)
P. O. Drawer 1977                        615 E. Houston, Suite 533              8111 Preston Rd. Ste 300
El Paso, Texas 79999-1977                P.O. Box 1539                          Dallas, TX 75225-6329
                                         San Antonio, TX 78295-1539
```

```
Westar Investors Group, LLC              Jeff Carruth
c/o Eric W. Wood                         Weycer Kaplan Pulaski & Zuber, P.C.
Brown Fox PLLC                           25 Greenway Plaza, #2050
5550 Granite Parkway, Suite 175          Houston, TX 77046
Plano, Texas 75024
Email: eric@brownfoxlaw.com  75024-3834
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Texas Commission on Environmental Qualit    End of Label Matrix
Reg. 6 Office Compliance Enforcement        Mailable recipients    31
401 E Franklin Ave, Suite 560               Bypassed recipients     0
El Paso, TX 79901-1212                      Total                  31
```

# **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30071 |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOTION OF DEBTOR TO (I) REJECT ESCROW CONTRACT AND (II) REFUND DEPOSIT**

On this day came on for consideration the *Motion of Debtor to (I) Reject Escrow Contract and (II) Refund Deposit* (the "Motion") filed herein on April 6, 2021 by The Gateway Ventures, LLC ("TGV"). The Court finds and concludes that the Motion contained the appropriate notices under the Bankruptcy Local Rules; according to the certificate of service attached to the Motion, the Motion was served upon the parties entitled to receive notice under the Bankruptcy Local Rules; no party in interest filed a response or objection to the Motion or any such response or objection is overruled by this Order; and that upon review of the record of this case and with respect to the Motion that cause exists to grant the relief requested therein.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All capitalized terms shall have the same meaning as ascribed to such terms in the Motion, unless otherwise defined herein.

3. The Lease is deemed rejected as of the Petition Date.

4. The Escrow Agent identified in the Lease may return the $18,500.00 deposit to Union Gateway LLC.

5. Union Gateway LLC shall file no proof of claim in this bankruptcy case, and releases the TGV and the estate from any and all claims resulting from the Lease and the rejection thereof.

### 

Submitted by:

Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd. Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
THE GATEWAY VENTURES, LLC
DEBTOR AND DEBTOR IN POSSESSION

## EXHIBIT TGV002

DocuSign Envelope ID: A1BC14AC-6E8C-4BF3-BA01-1B273242C5D9

### ESCROW AGREEMENT AND LEASE AMENDMENT

This Escrow Agreement and Lease Amendment (this "*Agreement*") is entered into as of this 30th day of October 2020 (the "*Escrow Date*") by and between Gateway Ventures, a Texas limited liability company("*Landlord*"), Union Gateway, LLC, a Texas limited liability company (the "*Tenant*") and Lone Star Title Company of El Paso, Inc. ("*Escrow Agent*").

### R E C I T A L S:

A.  Landlord and tenant entered into that certain Restaurant Lease dated July 24, 2020 (the Lease), covering certain real property located in the City of El Paso, County of El Paso, Texas and more particularly described (the "*Premises*"):

Subject to the terms of Section 1.1 below, that certain approximately 36.753 square foot parcel identified as "Lot 6" of the real property located at "The Gateway" upon which shall be constructed by Landlord a 1 story building with approximately 5,000 square feet with approximately 750 square feet of patio, commonly referred to as the Union Draft House Grey Shell (the "Union Building" or "Building") and related site improvements, as shown on the Site Plan. Tenant shall install the "tenant Improvements" as defined and more fully provided in the Construction Addendum, within the Building.

B.  Pursuant to the terms of the Lease, by September 1, 2020, Landlord should have obtained all required permits and licenses for construction of the Grey Shell Building;

C.  Pursuant to the terms of the Lease, by November 1, 2020, Tenant agreed to deposit the initial Security Deposit in the amount of $18,125.00 (the "*Security Deposit*");

D.  Pursuant to the terms of the Lease, by December 1, 2020, Landlord was to cause the Building to be "substantially completed shall be the failure to meet this deadline;

E  As of the Date hereof, Landlord has not procured any licenses or permit, and construction has not broken ground;

F.  The parties wish to change the substantial completion date to March 30, 2021 and if the substantial completion is not achieved by this deadline both Landlord and Tenant will rescind the Lease, releasing all obligations associated therewith, as if it were never signed; and

G.  To that end, the parties wish to agree to deposit Security Deposit in the amount of $18,125.00 in escrow and hereinafter referred to as the "*Escrow Amount*" which if disbursed to Landlord will be Tenant's Security Deposit and instruct the Escrow Agent as to when and to whom the Escrow Amount is to be disbursed.

NOW THEREFORE, for and in consideration of the premises, the mutual covenants and agreements herein contained, and other good and valuable consideration, Landlord and Tenant hereby agree as follows:

### ARTICLE 1

### Amendment

The following provisions amend, modify and to the extent appropriate, supersede conflicting language found in the Lease:

1

0016677-00101/RLIT/1560836



## EXHIBIT TGV002

DocuSign Envelope ID: A1BC14AC-6E8C-4BF3-BA01-1B273242C5D9

1.1 <u>Recission of the Lease</u>. In the event Substantial Completion is not completed by March 31, 2021 both Landlord and Tenant will rescind the Lease, releasing all obligations associated therewith, as if the Lease were never signed.

1.2 <u>Term Commencement Date</u>. The Term Commencement Date will be April 1, 2021 provided that the deadline in §1.1 above is met.

Except as modified above, all remaining provisions of the Lease remain in full force and effect, enforceable by the parties in accordance with their terms.

### ARTICLE 2

### Opening of Escrow

2.1 <u>Appointment of Escrow Agent</u>. Subject to the terms, provisions and conditions of this Agreement, Landlord and Tenant hereby designate Escrow Agent as escrow agent with respect to the escrow of the Escrow Amount. Escrow Agent hereby accepts the obligations and duties of escrow agent with regard to the retention and disposition of the Escrow Amount in accordance with the terms, provisions and conditions of this Agreement and agrees to serve as escrow agent hereunder.

2.2 <u>Deposit and Administration of Escrow Amount</u>. During the term of the escrow created hereby, Escrow Agent shall deposit the Escrow Amount in a noninterest bearing, non-segregated account.

### ARTICLE 3

### Distributions

3.1 <u>Distributions of Escrow Amount Security Deposit.</u> On or before March 31, 2021 at 5:00 p.m. (Mountain) (the "Deadline"), Landlord shall deliver to Escrow Agent and Tenant, the final Structural inspection certified by Landlord's architect and written confirmation that it has turned over possession to Tenant for completion of Tenant Improvements(collectively, the "*Completion Information*"). Unless Escrow Agent receives notice from Tenant disputing the Completion Information, Escrow Agent is authorized and instructed to make payment from Escrow Amount to Landlord no earlier than fifteen (15) days after receipt of the Completion Information, without the necessity of further authorization and/or instructions from either Tenant or Seller. However and in the event the Escrow Agent does not receive the Completion Information by the Deadline, Escrow Agent is authorized and instructed to make prompt and immediate payment of the Escrow Amount to Tenant, not later than three (3) business days, without the necessity of further authorization and/or instructions from either Tenant or Seller.

3.2 <u>Termination of Escrow</u>. Upon the distribution of all of the Escrow Amount by Escrow Agent pursuant to this <u>Article 3</u>, the escrow created hereby shall automatically terminate.

2

0016677-00101/RLIT/1560836



## EXHIBIT TGV002

DocuSign Envelope ID: A1BC14AC-6E8C-4BF3-BA01-1B273242C5D9

### ARTICLE 4

#### Concerning Escrow Agent

4.1 <u>Receipt of Amount</u>. Escrow Agent hereby, by its execution of this Agreement, acknowledges receipt of the Escrow Amount.

4.2 <u>Obligations of Escrow Agent</u>. Escrow Agent, by its execution of this Agreement covenants and agrees to faithfully perform and fulfill the terms of the escrow created hereby, pursuant to the terms, provisions and conditions hereof. The obligations of Escrow Agent hereunder are performable at the offices of Escrow Agent specified below.

4.3 <u>Disinterested Party</u>. It is specifically understood and agreed by Landlord and Tenant that Escrow Agent has no interest in and is not a party to any agreement under which the escrow created hereby may arise, other than Escrow Agent's strict obligation to fully perform its duties as set forth herein. Escrow Agent is not responsible or liable in any manner whatsoever for the sufficiency of the Escrow Amount.

4.4 <u>Litigation</u>. If conflicting demands are made on Escrow Agent, Escrow Agent may withhold its performance under the terms of this agreement until the conflicting demands are withdrawn or the rights of the parties making the demands are settled by a court of competent jurisdiction, or deposit the Escrow Amount with the clerk of any court of competent jurisdiction upon commencement of an action in the nature of interpleader or in the course of any court proceedings. In the event that Escrow Agent becomes involved in litigation in connection with the escrow created hereby, Landlord and Tenant shall be jointly responsible to indemnify and hold harmless from any and all liabilities, losses, costs, damages and expenses, including, without limitation, attorneys' fees and costs of investigation, suffered and/or incurred by Escrow Agent as a result thereof; unless such litigation is between Landlord and Tenant, in which event the losing party shall be required to reimburse Escrow Agent for all of the aforementioned losses, costs, damages and expenses.

4.5 <u>Reliance</u>. Escrow Agent shall be protected and shall have the right to act upon any written notice, request, waiver, consent, certificate, receipt, authorization, power of attorney or other paper or document which Escrow Agent, in good faith and the exercise of reasonable prudence and discretion, believes to be genuine. Escrow Agent shall be entitled to rely and act solely upon, any written notice for which provision is made herein; and in the event Escrow Agent receives conflicting or contravening instructions from the parties hereto with respect to the subject matter hereof, Escrow Agent shall be entitled to rely upon the instructions contained herein, notwithstanding a conflicting or contravening instruction.

4.6 <u>Limitation on Liability</u>. Escrow Agent shall not be liable for any act which Escrow Agent may do or refrain from doing in connection with the conduct and consummation of the escrow created hereby, except for Escrow Agent's negligence, willful misconduct, violation of the terms and provisions hereof, or violation of law.

4.7 <u>Removal</u>. Landlord and Tenant, jointly, may remove Escrow Agent, with or without cause and appoint a substitute Escrow Agent in which event Escrow Agent shall deliver the Escrow Amount as directed in writing by Landlord and Tenant.

4.8 <u>Escrow Agent's Costs</u>. Any escrow fees and costs owed to Escrow Agent under this Agreement shall be split equally between Landlord and Tenant and shall be in the amount of Three Hundred and fifty and No/100 Dollar ($350.00) which amount shall be paid upfront at the time the Escrow is established.

3

0016677-00101/RLIT/1560836

DocuSign Envelope ID: A1BC14AC-6E8C-4BF3-BA01-1B273242C5D9

## ARTICLE 5

### General Provisions

5.1 <u>Legal Disability</u>. The bankruptcy, insolvency or other legal disability of any of the parties hereto shall not affect the terms of the escrow created hereby or prevent the performance by Escrow Agent of the duties of the Escrow Agent hereunder.

5.2 <u>Severability</u>. If any provision of this Agreement is held to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

5.3 <u>Notice</u>. Any notice, demand or communication required, permitted, or desired to be given hereunder shall be in writing and shall be personally delivered or mailed by prepaid certified mail, return receipt requested, or by overnight delivery service as follows:

| | |
|---|---|
| Landlord: | The Gateway Ventures, LLC<br>780 N. Resler Drive, Suite B<br>El Paso, TX 79912<br>Attn: Michael Dixson |
| With a copy to: | Mounce, Green, Myers, Safi, Paxson & Galatzan, P.C.<br>100 N. Stanton, Suite 1000<br>El Paso, Texas 79901<br>Telephone: (915) 532-2000<br>Facsimile: (915) 541-1597<br>Attn: Ryan Little, Esq. |
| Tenant: | Union Gateway, LLC<br>9611 Acer, Suite B-126<br>El Paso, TX 79925 |
| Escrow Agent: | Lone Star Title Company of El Paso, Inc.<br>6701 N. Mesa. Suite A<br>El Paso, Texas 79912<br>Telephone: (915) 545-2222<br>Attn: John Martin |

5.4 <u>Captions</u>. Captions contained in this Agreement are for reference and identification purposes only and shall not affect in any way the meaning of interpretation of any provision of this Agreement.

5.5 <u>Amendment</u>. This Agreement may not be amended except by the written agreement of all of the parties hereto.

5.6 <u>Counterpart and Facsimile Execution</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed to be one and the same original and a telecopy or facsimile transmission shall be binding on the party or parties whose signatures appear thereon.

5.7 <u>Interpretation</u>. Landlord and Tenant expressly acknowledge and agree that this Agreement is being delivered simultaneously with the closing of the Purchase Agreement and shall not be deemed to

4

0016677-00101/RLIT/1560836

DocuSign Envelope ID: A1BC14AC-6E8C-4BF3-BA01-1B273242C5D9

modify, amend or supercede the Purchase Agreement. Escrow Agent will have no responsibility to interpret the Purchase Agreement and may rely solely on the provisions contained in this Agreement.

5.8   Successors and Assigns. This Agreement shall be binding upon and shall insure to the benefit of the parties hereto and their respective successors and assigns.

5.9   Governing Law and Venue. This Agreement shall be construed in accordance with and governed by the laws of the State of Texas and Venue shall be any State Court in the County in which Premises are located.

IN WITNESS WHEREOF, each of the parties hereto has executed this Agreement as of the Date.

**LANDLORD:**

The Gateway Ventures, LLC, a Texas limited liability company

By: _Michael Dyson_ (DocuSigned by: 4218A25C2B54418...)

Its: Manager

**TENANT:**

Union Gateway, LLC

By: _[signature]_
John Geske

Its: _authorized agent_

**ESCROW AGENT**

Lone Star Title Company Of El Paso, Inc.

By: _____

Its: _____

List of Schedules and Exhibits:

Exhibit A – Legal Description of the Property

5

0016677-00101/RLIT/1560836

DocuSign Envelope ID: A1BC14AC-6E8C-4BF3-BA01-1B273242C5D9

## EXHIBIT "A"

Subject to the terms of Section 1.1 below, that certain approximately 36.753 square foot parcel identified as "Lot 6" of the real property located at "The Gateway" upon which shall be constructed by Landlord a 1 story building with approximately 5,000 square feet with approximately 750 square feet of patio, commonly referred to as the Union Draft House Grey Shell (the "Union Building" or "Building") and related site improvements, as shown on the Site Plan. Tenant shall install the "tenant Improvements" as defined and more fully provided in the Construction Addendum, within the Building.

6

0016677-00101/RLIT/1560836