**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30071 |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING (I) SALE OF LOT 9 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) PAYMENT OF CERTAIN EXPENSES AT CLOSING, AND (III) RELATED RELIEF (RE: DOCKET NO. 49)**

On this date came on for consideration the *Motion for Order Authorizing (I) Sale of Lot 9 Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Payment of Certain Expenses at Closing, and (III) Related Relief* (Docket No. 49) (the "**363 Motion**") filed herein on May 4, 2021, by The Gateway Ventures, LLC, debtor and debtor-in-possession ("**TGV**" or the "**Debtor**"). Having reviewed the 363 Motion at the hearing with regard to: (i) the Assets to be purchased by **Sun Capital LLC**, a New Mexico limited liability company ("**Sun Capital**" or the "**Purchaser**") and the Assets to be purchased by Sun Capital under the Sale Motion, the "**Assets**") as delineated within that certain Purchase and Sale Agreement between the Debtor, as sellers, and Sun Capital, as Buyer, dated as of May 4, 2021April 9, 2021 (the "**Sun Capital PSA**," which was filed under seal and which has been reviewed by the Court, the Sun Capital PSA collectively with any other documents incident to the Sun Capital PSA, the "**Sun Capital**

---

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING (I) SALE OF LOT 9 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, (II) PAYMENT OF CERTAIN EXPENSES AT CLOSING, AND (III) RELATED RELIEF — Page 1**                                                     1956091.DOCX[5]

**Transaction Documents**"); and after due deliberation and consideration of the objections filed against the 363 Motion which relate to Sun Capital's purchase of the Lot 9 as set forth in the Purchase and Sale Agreement attached to the 363 Motion and all rights and remedies provided therein (collectively, the "**Subject Assets**"), the Bankruptcy Court has determined that no further notice is necessary, and that cause exists to grant the sale of the Assets by TGV to Sun Capital (collectively, the "**Sun Capital Sale**").

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

**Jurisdiction, Final Order, and Statutory Predicates**

    A.    This Court has jurisdiction to hear and determine the 363 Motion pursuant to 28 U.S.C. §§ 157(b)(I) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (0). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The predicates for the relief requested in the 363 Motion are Sections 105(a) and 363 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "**Code**") and Rules 2002(a)(2), 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Rules**" or the "**Bankruptcy Rules**").

    C.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the 363 Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    D.    This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and waives any stay and expressly directs entry of judgment as set forth herein.

**Notice of the Sale, Auction, and Cure Relating to Designated Leases, and Resolution of Objections**

    E.    Actual written notice of the 363 Motion and the Sale Hearing, and a reasonable opportunity to object or be heard, has been afforded to all known interested entities and parties in accordance with Code §§ 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008 (the "**Notice Parties**"). The notices described herein were good, sufficient, and appropriate under the circumstances, and no other or further notice of the 363 Motion and the Sale Hearing.

    F.    The disclosures made by the Debtor concerning the 363 Motion, the Sun Capital Transaction Documents (described below), and the Sale Hearing were good, complete, and adequate.

    G.    A reasonable opportunity to object and be heard with respect to the Sale Hearing and the 363 Motion and the relief requested therein, has been afforded to all interested persons and entities.

**Good Faith of Purchaser**

    H.    The transaction and accompanying documents, including the Sun Capital Transaction Documents, were negotiated, proposed, and entered into by the Debtor and Sun Capital without collusion, in good faith, and from arms'-length bargaining positions.

    I.    Neither the Debtor nor Sun Capital have engaged in any conduct that would cause or permit the Sun Capital Transaction Documents to be avoided under Code § 363(n). Sun Capital has not acted in a collusive manner with any person, and the offer to purchase by Sun Capital was not controlled by any agreement among any set of bidders.

    J.    Sun Capital is purchasing Lot 9 in good faith and is a good faith buyer within the meaning of Code § 363(m). Sun Capital has proceeded in good faith in all respects in connection with the Sun Capital Sale. Sun Capital is therefore entitled to all of the protections afforded under Code § 363(m).

**No Fraudulent Transfer or Merger**

    K.    The consideration provided by Sun Capital: (i) is fair and reasonable, (ii) is the highest or best offer for the Subject Assets, and (iii) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Code § 548) and fair consideration under the Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. No other person or entity or group of entities has offered to purchase Lot 9 for greater overall value to the estate of the Debtor than Sun Capital. Approval of the 363 Motion and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, the estate(s), creditors, and other parties in interest.

    L.    Sun Capital is not a mere continuation of the Debtor or their estates and there is no continuity of enterprise between Sun Capital and the Debtor. Sun Capital is not holding itself out to the public as a continuation of the Debtor. Sun Capital is not a successor to the Debtor or their estates and the sale of Lot 9 does not amount to a consolidation, merger, or de facto merger of Sun Capital and the Debtor.

**Validity of Transfer**

M. The Debtor has, to the extent necessary or applicable, (i) full corporate power and authority to execute and deliver the Sun Capital Transaction Documents and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transactions contemplated by the Sun Capital Transaction Documents, and (iii) taken all corporate or limited liability company action necessary to authorize and approve the Sun Capital Transaction Documents and the consummation of the transactions contemplated thereby. The Sun Capital Sale has been duly and validly authorized by all necessary corporate action. No consents or approvals, other than those expressly provided for in the Sun Capital Transaction Documents or this Sale Order, are required for the Debtor to consummate the sale of the Subject Assets, the Sun Capital Transaction Documents, or the transactions contemplated thereby.

N. The Sun Capital Transaction Documents were not entered into for the purpose of hindering, delaying, or defrauding creditors as such terms are provided for under the Code or under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor Sun Capital is entering into the transactions contemplated by the Sun Capital Transaction Documents fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

O. The Debtor is the sole and lawful owner of the Subject Assets. Subject to Code § 363(1), the Sun Capital Sale will be, as of the closing of the contemplated transaction between the Debtor and Sun Capital (the "**Sun Capital Closing**"), a legal, valid, and effective transfer of the Subject Assets, which transfer vests or will vest Sun Capital with all right, title, and interest of the Debtor to the Subject Assets free and clear of (i) all liens and encumbrances relating to, accruing, or arising any time prior to the Closing (collectively, the "**Subject Liens**") and (ii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in Code § 101(5)), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests and the terms and provisions thereof, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights with respect to the Subject Claims (as defined below) and Subject Liens: (a) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtor' or Sun Capital's interests in the Subject Assets, or any similar rights, or (b) in respect of taxes, restrictions, preferential purchase rights, rights of first refusal, consent rights or requirements, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), the "**Subject**

**Claims**"), relating to, accruing or arising any time prior to the Sun Capital Closing, in each case (i.e., under both (i) and (ii) of the preceding), with the exception of Permitted Encumbrances (the "**Permitted Encumbrances**") that are expressly assumed by Sun Capital under the Sun Capital Transaction Documents.

**Section 363 is Satisfied**

P. The conditions of Code § 363(f) have been satisfied in full; therefore, the Debtor may sell Lot 9 free and clear of any interest in the property other than the Permitted Encumbrances as may be set forth in the Sun Capital Transaction Documents.

Q. Sun Capital would not have entered into the Sun Capital Transaction Documents and would not consummate the transactions contemplated thereby if the sale of Lot 9 to Sun Capital by Sun Capital were not free and clear of all Liens and Claims, other than Permitted Encumbrances as may be set forth in the Sun Capital Transaction Documents, or if Sun Capital would, or in the future could, be liable for any of such Subject Liens and Subject Claims (other than Permitted Encumbrances and the Sun Capital Assumed Liabilities).

R. The Debtor may sell the Subject Assets free and clear of all Subject Liens and Subject Claims against the Debtor and/or the estate(s) (except the Permitted Encumbrances as may be set forth in the Sun Capital Transaction Documents) because, in each case, one or more of the standards set forth in Code § 363(f)(l)-(5) has been satisfied, to the extent applicable to the Subject Assets. Those holders of Subject Liens or Subject Claims against the Debtor, the estate(s), or any of the Subject Assets which did not object or who withdrew their objections to the sale of the Subject Assets or the 363 Motion are deemed to have consented to the sale of the Subject Assets pursuant to Code § 363(f)(2) of the Bankruptcy Code. All other holders of Subject Liens or Subject Claims (except to the extent that such Subject Liens or Subject Claims or Permitted Encumbrances under the Sun Capital Transaction Documents) are adequately protected by having their Subject Liens or Subject Claims, if any, in each instance against the Debtor, the estate(s), or any of the Subject Assets, attach to the cash proceeds of the Sun Capital Sale ultimately attributable to Lot 9 in which such creditor alleges an Sun Capital Lien or Sun Capital Claim, in the same order of priority, and with the same validity, force, and effect, that such Subject Liens or Subject Claims had prior to the sale of the Subject Assets, subject to any claims and defenses the Debtor and their estates may possess with respect thereto.

S. Furthermore, any Subject Liens perfected against Lot 9 shall remain in place with respect to the remainder of the Development.

**Compelling Circumstances for an Immediate Sale.**

T. Good and sufficient reasons for approval of the Sun Capital Transaction Documents and the Sun Capital Sale have been articulated. The relief requested

        in the 363 Motion is in the best interests of the Debtor, the estate(s), creditors, and other parties in interest. The Debtor has demonstrated both (i) good, sufficient, and sound business purposes and justifications for approving the Sun Capital Transaction Documents and (ii) compelling circumstances for the Sun Capital Sale outside the ordinary course of business, pursuant to Code § 363(b) before, and outside of, a Chapter 11 plan, in that, among other things, the immediate consummation of the sale of the Subject Assets to Sun Capital is necessary and appropriate to maximize the value of the estate(s) and the sale of the Subject Assets will provide the means for the Debtor to maximize distributions to creditors.

U.    Given all of the circumstances of these Chapter 11 cases and the adequacy and fair value of the Sun Capital Consideration under the Sun Capital Transaction Documents, the Sun Capital Sale constitutes a reasonable and sound exercise of the Debtor' business judgment and should be approved.

V.    The sale of the Subject Assets does not constitute a sub rosa Chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The sale of the Subject Assets neither impermissibly restructures the rights of the Debtor' creditors nor impermissibly dictates the terms of a liquidating Chapter 11 plan for the Debtor.

W.   The consummation of the Sun Capital Sale is legal, valid, and properly authorized under all applicable provisions of the Code, including, without limitation, Code §§ 363(b), 363(t), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**General Provisions**

1. The relief requested in the 363 Motion and the transactions contemplated thereby and by the Sun Capital Transaction Documents are approved as set forth in this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if set forth fully in this Sale Order, and the Sun Capital Sale contemplated thereby is approved.

2. All objections to the 363 Motion or the relief requested therein that have not been withdrawn, waived, or settled by announcement to the Court during the Sale Hearing or by stipulation filed with the Court, including any and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice, and those parties who did not object or withdrew their objections to the 363 Motion are deemed to have consented to the Sale pursuant to Code § 363(f)(2).

**Approval of the Sun Capital Transaction Documents**

3. The Sun Capital Transaction Documents and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved. The Debtor is authorized to make non-material modifications to the Sun Capital Transaction Documents prior to the Sun Capital Closing.

4. Pursuant to Code §§ 363(b) and (f), the Debtor is authorized, empowered, and directed to use the reasonable best efforts of the Debtor to take any and all actions necessary or appropriate to (a) consummate the sale of the Subject Assets pursuant to and in accordance with the terms and conditions of the Sun Capital Transaction Documents, (b) close the Sun Capital Sale as contemplated in the Sun Capital Transaction Documents and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the transactions contemplated by the Sun Capital Transaction Documents together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sun Capital Transaction Documents and the Sun Capital Sale. Sun Capital shall not be required to seek or obtain relief from the automatic stay under Code § 362 to enforce any of its remedies under the Sun Capital Transaction Documents or any other document related to the Sun Capital Sale. The automatic stay imposed by Code § 362 is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

5. This Sale Order shall be binding in all respects upon the Debtor, the estate of the Debtor, all creditors of, and holders of equity interests in, any Debtor, any holders of Subject Liens, Subject Claims, or other interests (whether known or unknown) in, against or on all or any portion of the Subject Assets, Sun Capital and all successors and assigns of Sun Capital, the Subject Assets, and any trustees, if any, subsequently appointed in this Chapter 11 case or upon a conversion of this case to Chapter 7 under the Code. This Sale Order and the Sun Capital Transaction Documents shall inure to the benefit of the Debtor, the estate(s) and creditors, Sun Capital, and the respective successors and assigns of each of the foregoing.

6. From and after the Sun Capital Closing, Sun Capital shall indemnify, defend, and save the Debtor and their respective officers, directors, employees, agents, and representatives forever harmless from and against, any and all losses, damages, or other liabilities with respect to the Subject Assets, the Sun Capital Assumed Liabilities under the Sun Capital Transaction Documents, and/or the Sun Capital Leases (including payment of all 2021 annual ad valorem taxes accruing as of January 1, 2021).

**Transfer of the Subject Assets**

7. Pursuant to Code §§ 105(a), 363(b), and 363(f), the Debtor is authorized and directed to use reasonable best efforts to effectuate the transfer of the Subject Assets to Sun Capital upon the Sun Capital Closing and such transfer shall

constitute a legal, valid, binding, and effective transfer of the Subject Assets and shall vest Sun Capital with title to the Subject Assets.

8. Upon Closing of the Sale, the transfer of the Subject Assets shall be free and clear of all Subject Liens, Subject Claims, and other interests of any kind or nature whatsoever, including but not limited to, (a) successor or successor-in-interest liability in respect of such Subject Liens, Subject Claims, or other interests and (b) Subject Claims in respect of the Excluded Liabilities, with all such Subject Liens, Subject Claims, or other interests to attach to the cash proceeds ultimately attributable to the property against or in which such Subject Liens, Subject Claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, that such Subject Liens, Subject Claims, or other interests now have against the Subject Assets, subject to any rights, claims, and defenses the Debtor or their estates, as applicable, may possess with respect thereto. Upon the Sun Capital Closing, Sun Capital shall take title to and possession of the Subject Assets subject only to the Permitted Encumbrances contained within the Sun Capital Transaction Documents; provided that the Sun Capital Closing shall not occur and no such transfers shall be made unless, prior to the Sun Capital Closing, Sun Capital provides the full purchase price contemplated by the Sun Capital Transaction Documents to the Debtor in good and immediately available funds.

9. The Debtor is hereby authorized and directed to use reasonable best efforts to take any and all actions necessary to consummate the Sun Capital Transaction Documents, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

10. The transfer of the Subject Assets to Sun Capital does not require any consents other than as specifically provided for in the Sun Capital Transaction Documents, which consents shall be deemed given. Upon the receipt by the Debtor of the Cash Consideration required under the Sun Capital Transaction Documents, and the Closing of the Sale, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Debtor's interests in the Subject Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sun Capital Transaction Documents.

11. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority, and shall act to (i) cancel or evidence satisfaction of any of the Subject Liens, Subject Claims, and other encumbrances of record except those assumed as or Permitted Encumbrances (as evidenced within the Sun Capital Transaction Documents) and (ii) evidence the Permitted Encumbrances (as evidenced within the Sun Capital Transaction Documents). For the avoidance of doubt, filing this Sale Order shall

   not act to cancel any Permitted Encumbrances within the Sun Capital Transaction Documents.

12. If any person or entity that has filed statements or other documents or agreements evidencing Subject Claims or Subject Liens on, or interests in, all or any portion of the Subject Assets (other than statements or documents with respect to Permitted Encumbrances contained within the Sun Capital Transaction Documents) shall not have delivered to the Debtor prior to the Sun Capital Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Subject Claims, Subject Liens, or interests which the person or entity has or may assert with respect to all or any portion of the Subject Assets, the Debtor is hereby authorized and directed, and Sun Capital is hereby authorized, on behalf of the Debtor and the creditors of the Debtor, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Subject Assets; provided that the provisions of this Sale Order authorizing the transfer of the Subject Assets free and clear of all Subject Liens, Subject Claims, and Interests (except only Permitted Encumbrances under the Sun Capital Transaction Documents) shall be self-executing, and the Debtor, Sun Capital, and creditors shall not be required to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be effectuated, consummated, and/or implemented.

13. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sun Capital Transaction Documents.

14. Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Subject Assets to Sun Capital in accordance with the terms of the Sun Capital Transaction Documents and this Sale Order.

15. Nothing in this Sale Order or the Sun Capital Transaction Documents modifies or waives the applicability of Code §525(a).

16. Nothing in this Sale Order or the Sun Capital Transaction Documents releases, nullifies, precludes, or enjoins the enforcement of any police power by, or any regulatory liability to, any governmental unit under any applicable environmental law or regulation.

**Limitation of Liabilities After Closing**

17. Except for the obligations necessary to close the Sale under the Sun Capital Transaction Documents, and the Permitted Encumbrances and under the Sun Capital Transaction Documents, or as otherwise expressly provided for in this Sale Order or the Sun Capital Transaction Documents, Sun Capital shall not have any liability or other obligation of the Debtor and/or the estate arising under or related to any of the Subject Assets.

**Additional Provisions.**

18. Except with respect to Permitted Encumbrances or as otherwise permitted by the Sun Capital Transaction Documents or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors holding Subject Liens, Subject Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Subject Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Subject Assets, and/or the operation of the business of Debtor with respect to the transfer of the Subject Assets to Sun Capital, hereby are forever barred, estopped and permanently enjoined from asserting against Sun Capital, any of the foregoing's affiliates, successors, or assigns, their property or the Subject Assets, Subject Liens, Subject Claims, and/or interests in and to the Subject Assets of such persons or entities, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Subject Assets, Sun Capital, its Affiliates, its successors, assets or properties, (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Subject Assets, Sun Capital, its Affiliates, its successors, assets or properties, (c) creating, perfecting, or enforcing any Subject Lien or other Subject Claim against the Subject Assets, Sun Capital, its Affiliates, its successors, assets, or properties, (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due Sun Capital, its Affiliates or its successors, (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof, or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Subject Assets or conduct any of the businesses operated with the Subject Assets. Upon the Sun Capital Closing, each

creditor is authorized and directed, and Sun Capital is hereby authorized, on behalf of each of the creditors of the Debtor, to execute such documents and take all other actions as may be necessary to release Subject Liens, Subject Claims, and other interests in or on the Subject Assets (except Permitted Encumbrances as provided in the Sun Capital Transaction Documents or as otherwise provided in this Sale Order), if any, as provided for herein, as such Subject Liens, Subject Claims, and other interests may have been recorded or may otherwise exist.

19. Sun Capital has given substantial consideration under the Sun Capital Transaction Documents for the benefit of the Debtor, the estate(s), and the creditors. The consideration given by Sun Capital shall constitute valid and valuable consideration for the releases of any potential Subject Claims and Subject Liens pursuant to this Sale Order, which releases shall be deemed to have been given in favor of Sun Capital by all holders of Subject Liens against or interests in, or Subject Claims against any of the Debtor or any of the Subject Assets, other than holders of Subject Liens or Subject Claims relating to the Permitted Encumbrances or Sun Capital Assumed Liabilities as delineated within the Sun Capital Transaction Documents. The consideration provided by Sun Capital for the Subject Assets under the Sun Capital Transaction Documents is fair and reasonable and, accordingly, the Sale may not be avoided under Code § 363(n).

20. For the avoidance of doubt, only the Subject Assets being transferred to Sun Capital pursuant to the Sun Capital Transaction Documents and any ancillary agreements contemplated thereby are being transferred free and clear of Liens, Claims, interests, and other encumbrances (except for any exceptions contained within the Sun Capital Transaction Documents or this Sale Order) pursuant to the terms of this Sale Order, and any and all other assets of the Debtor that Sun Capital is not acquiring shall remain subject to all valid pre-existing Liens, Claims, interests, and other encumbrances. Any releases, terminations, termination statements, assignments, consents, or other instruments relating to Subject Liens or other encumbrances in or on the Subject Assets shall properly be limited to the Subject Assets.

21. The consideration provided by Sun Capital to the Debtor pursuant to the Sun Capital Transaction Documents for the Subject Assets constitutes reasonably equivalent value and fair consideration under the Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

22. The transactions contemplated by the Sun Capital Transaction Documents are undertaken by Sun Capital without collusion and in good faith, as that term is defined in Code § 363(m), and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale contemplated under the Sun Capital Transaction Documents shall not affect the validity of the sale, unless such authorization and such sale are duly stayed pending such appeal.

        Sun Capital is a good faith buyer within the meaning of Code § 363(m) and, as such, is entitled to the full protections of Code § 363(m).

23. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this Chapter 11 case, (b) any subsequent Chapter 7 case into which any such Chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Sun Capital Transaction Documents or the terms of this Sale Order.

24. For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed, shall be effective immediately upon entry, and the Debtor and Sun Capital are authorized to close the sale of the Subject Assets immediately upon entry of this Sale Order.

25. No bulk Sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

26. The failure to specifically include any particular provision of the Sun Capital Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sun Capital Transaction Documents be authorized and approved in its entirety; provided that this Sale Order shall govern if there is any inconsistency between the Sun Capital Transaction Documents (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

27. The Sun Capital Transaction Documents and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the estate(s) of the Debtor or lower the amount of cash proceeds paid.

28. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Sun Capital Transaction Documents, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtor to Sun Capital, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Subject Assets.

29. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30. Nothing in this Sale Order or the Sun Capital Transaction Documents (a) releases, nullifies, precludes, or enjoins the enforcement of any liability to a governmental

unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Sale Order or (b) authorizes the transfer or assignment to Sun Capital of any license, permit, registration, authorization, or approval of, or the discontinuation of any obligation thereunder, or with respect to a governmental unit without the compliance of Sun Capital with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

31. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these Chapter 11 cases, the terms of this Sale Order shall govern.

32. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order.

33. Sun Capital assumes no liabilities of the Debtor as a result of this Sale Order or the Sun Capital Transaction Documents.

**Receipt and Use of Sale Proceeds**

34. All sales proceeds or other payments made to the Debtor under this Sale Order and/or the Sun Capital Transaction Documents, but not including any payments made under any interim management or operations agreement, shall be placed into escrow pending further order of the Court.

**Provisions regarding ad valorem taxes.**

35. In the event that ad valorem taxes remain unpaid for tax year 2020, then the ad valorem tax lien for tax year(s) 2020 and prior pertaining to Lot 9 shall attach to the sales proceeds and that the closing agent shall pay all ad valorem tax debt owed incident to or attributable to Lot 9 immediately upon closing and prior to any disbursement of proceeds to any other person or entity.

36. The ad valorem taxes for year 2021 pertaining to Lot 9 shall be prorated in accordance with the PSA, and if not paid in full at closing, shall thereafter be assumed by and be the responsibility and liability of Sun Capital to pay when due, and the year 2021 ad valorem tax lien shall be retained against Lot 9 until said taxes are paid in full.

**Service of this Order**

37. Debtor on the same day as entry shall serve this Sale Order on the Debtor' Master Service List on file in this case.

###

**Order submitted by:**

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
JEFF CARRUTH (TX SBN:. 24001846)
3030 Matlock Rd., Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
E-mail: jcarruth@wkpz.com

**ATTORNEYS FOR THE GATEWAY VENTURES, LLC,
DEBTOR AND DEBTOR IN POSSESSION**