UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO 21-30071 |
| THE GATEWAY VENTURES, LLC, | § § § | |
| Debtor. | § | |

**MOTION OF DEBTOR (I) TO FILE SUN CAPITAL LLC PURCHASE SALE AGREEMENT UNDER SEAL AND (II) FOR RELATED RELIEF**

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

The Gateway Ventures, LLC debtor in possession ("TGV" or "Debtor") file this *Motion of Debtor (I) to File Sun Capital LLC Purchase Sale Agreement Under Seal and (II) for Related Relief* (the "Motion"), and in support thereof would show the Court the following.

### INTRODUCTION

1. By this Motion, TGV requests entry of an order permitting TGV to file under seal the full and unredacted version of the Real Estate Purchase and Sale Agreement between TGV and Sub Capital LLC, which PSA is the subject of a motion to sell under 11 U.S.C. §363(f) filed contemporaneously with this Motion (Docket No. 49).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to Sections 105, 107, and 1101 et seq. of the United States Bankruptcy Code, Title 11 of the U.S. Code, 11 U.S.C. §101 et seq. (the "Code" or "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Rules" or the "Bankruptcy Rules" or individually a "Rule" or a "Bankruptcy Rule"), L. Rule 9018, and 28 U.S.C. §§157 and 1334.

3. This matter constitutes a core proceeding under 28 U.S.C. §157(b).

**MOTION FOR ORDER AUTHORIZING (I) SALE OF LOT 9 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) PAYMENT OF CERTAIN EXPENSES AT CLOSING, AND (III) RELATED RELIEF — Page 1**  1954094.DOCX[1]

4. Venue is proper under 28 U.S.C. §§1408 and 1409.

5. The Court has constitutional authority to decide this Motion under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

## FACTUAL BACKGROUND

**The identify and background of the Debtor and Debtor in Possession.**

6. TGV owns and is the developer of a tract of real property of approximately 19 acres in El Paso, El Paso County, Texas commonly referred to as 6767 W. Gateway Blvd. El Paso, TX 79925 and 1122 Airway Blvd (the "Development").

**The Commencement of the Bankruptcy Cases.**

7. On February 5, 2021 (the "Petition Date"), TGV commenced the above-caption case by filing a voluntary petition under Chapter 11 of the Code.

8. TGV is in possession of its assets and is proceeding in this case as a debtor-in-possession.

9. No trustee or committee is appointed.

**The PSA with Sun Capital LLC and Motion to Sell.**

10. On or about April 7, 2021, Sun Capital and TGV entered into the PSA.

11. The PSA is for the sale of Lot 9 out of the Development.

12. The PSA is the subject of a motion to sell under Code §363(f) filed contemporaneously with this Motion (Docket No. 49). A redacted version of the PSA is attached to the motion to sell.

13. The parties, and particularly TGV, seek to keep the purchase price and/or other information contained in the PSA (collectively, the "Protected Information") confidential because of the sensitive nature of the information to the overall business operations of the parties.

14. Maintaining the confidentiality of the Protected Information is important to TGV in order to maximize the value of the Development.

15. Should competitors of TGV or other potential buyers learn of the Protected Information, such information could adversely affect future sales of the Development. The economic terms of the PSA except for the possibility of disclosure in this bankruptcy case otherwise would not be generally available to outside parties especially other potential purchasers of some or all of the Development.

16. The PSA with Sun has been disclosed to HD Lending LLC, which asserts a first lien against the Development, under a separate confidentiality agreement.

## RELIEF REQUESTED

17. TGV respectfully requests entry of an order permitting TGV to file the full and redacted Sun Capital PSA under seal.

18. A proposed form of order accompanies this Motion and is incorporated by reference herein.

19. The proposed form of order includes the language specified in L. Rule 9018.

## BASIS OF RELIEF

20. The Code, Bankruptcy Rules, and Bankruptcy Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Code § 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential

research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."). Code §105(a) codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

21. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

22. L. Rule 9018 also contemplates filing documents under seal such as the PSA in order to protect confidential business information.

23. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Code § 107(b) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in Code § 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is required to protect such an entity on request of a party in interest.").

24. The Debtor submits that the Protected Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information which would result in "'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity seeking the protective order].'" *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. See id. at 568; *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors."). Rather, Code § 107(b) is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id*. (internal citations omitted).

## RESERVATION OF RIGHTS

25. Debtor reserve the right to amend, supplement, and/or withdraw this Motion prior any interim hearing or final hearing.

## CONCLUSION AND PRAYER

WHEREFORE, The Gateway Ventures, LLC, debtor and debtor-in-possession respectfully requests entry of an order permitting the PSA described above to be filed under seal as set forth above and in the proposed order. Movant respectfully requests such other and further relief to movant is entitled at law or in equity.

Dated: May 4, 2021  Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
 JEFF CARRUTH (TX SBN:. 24001846)
 3030 Matlock Rd., Suite 201
 Arlington, Texas 76105
 Telephone: (713) 341-1158
 Fax: (866) 666-5322
 E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
THE GATEWAY VENTURES, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on May 4, 2021 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below and (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility. *A copy of the service lists was not served with the regular mail service set but is available by contacting the undersigned.*

**ANY PARTY REQUESTING A FULL SIZED COPY OF THIS PLEADING OR COPIES OF ANY EXHIBITS SHOULD CONTACT THE UNDERSIGNED.**

 */s/ Jeff Carruth*
 JEFF CARRUTH

**21-30071-hcm Notice will be electronically mailed to:**

Jeff Carruth on behalf of Debtor The Gateway Ventures, LLC
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Harrel L. Davis, III on behalf of Creditor Suresh Kumar
hdavis@eplawyers.com, vrust@eplawyers.com;vpena@eplawyers.com

James Michael Feuille on behalf of Creditor Ashish Nayyar
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Deepesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Rahim Noorani
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Umesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com

Ryan Little on behalf of Interested Party Union Gateway, LLC
little@mgmsg.com, tsilva@mgmsg.com

Aldo R Lopez on behalf of Plaintiff Westar Investors Group, LLC
alopez@raylaw.com, cchumsae@rmjfirm.com

Aldo R Lopez on behalf of Plaintiff Saleem Makani
alopez@raylaw.com, cchumsae@rmjfirm.com

Aldo R Lopez on behalf of Plaintiff Suhail Bawa
alopez@raylaw.com, cchumsae@rmjfirm.com

Clyde A. Pine, Jr. on behalf of Creditor HD Lending, LLC
pine@mgmsg.com, clyde.pine@gmail.com

Donald P. Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov

Eric Charles Wood on behalf of Creditor Westar Investors Group, LLC
eric@brownfoxlaw.com, melissa@brownfoxlaw.com

Eric Charles Wood on behalf of Creditor Saleem Makani
eric@brownfoxlaw.com, melissa@brownfoxlaw.com

Eric Charles Wood on behalf of Creditor Suhail Bawa
eric@brownfoxlaw.com, melissa@brownfoxlaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 21-30071-hcm<br>Western District of Texas<br>El Paso<br>Tue May  4 21:42:50 CDT 2021 | The Gateway Ventures, LLC<br>c/o PDG Prestige, Inc.<br>780 N Resler Drive, Suite B<br>El Paso, TX 79912-7196 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| Ashish Nayyar<br>806 Rockport Lane<br>Allen, TX 75013 | Ashish Nayyar<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Ashish Nayyar, Rahim Noorani,<br>Deepesh Shrestha, and Umesh Shrestha<br>c/o James M. Feuille<br>201 E. Main Drive, Suite 1100<br>El Paso, TX 79901-1340 |
| Border Demolition<br>Attn: Bonnie Solis<br>1004 Diesel Drive<br>El Paso, TX 79907-3100 | City of El Paso<br>c/o Don Stecker<br>112 E. Pecan St. Suite 2200<br>San Antonio, TX 78205-1588 | Deepesh Shrestha<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 |
| Depcesh Shrestha<br>3708 N. White Chapel Blvd.<br>Southlake, TX 76092-2042 | El Paso County Tax AC<br>301 Manny Martinez Dr., 1st Floor<br>El Paso, TX 79905-5503 | HD Lending LLC<br>6080 Surety Dr. Ste 101<br>El Paso, TX 79905-2066 |
| HD Lending LLC<br>c/o Stephen H. Nickey PC<br>1201 North Mesa Ste. B<br>El Paso, TX 79902-4000 | HD Lending, LLC<br>c/o Clyde A. Pine, Jr.<br>Mounce Green Myers<br>P.O. Box 1977<br>El Paso, Texas 79999-1977 | Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Michael Dixson<br>780 N. Resler Drive Suite B<br>El Paso, TX 79912-7196 | PDG Prestige, Inc.<br>780 N. Resler Drive Suite B<br>El Paso, TX 79912-7196 | Rahim Noorani<br>4312 Hopi Drive<br>Carrolton, TX 75010-1133 |
| Rahim Noorani<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Rahim Noorani, et al.<br>c/o Marty D. Price<br>2514 Boll St.<br>Dalals, TX 75204-2512 | Saleem Makani<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com  75024-3834 |
| Saleem Makani<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 | Suhail Bawa<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com  75024-3834 | Suhail Bawa<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 |
| Suresh Kumar<br>c/o Harrel Davis<br>PO Box 1322<br>El Paso, TX 79947-1322 | Texas Attorney General<br>Environmental Protection Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | (p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY<br>ATTN BANKRUPTCY PROGRAM<br>P O BOX 13087<br>MC 132<br>AUSTIN TX 78711-3087 |
| Umesh Shrestha<br>8505 Revenue Way<br>North Richland Hills, TX 76182-7431 | Umesh Shrestha<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Union Gateway, LLC<br>c/o Ryan Little<br>P. O. Drawer 1977<br>El Paso, Texas 79999-1977 |

```
United States Trustee - EP12           Westar Investor Group LLC            Westar Investors Group, LLC
U.S. Trustee's Office                  c/o Eric Wood (Brown Fox)            c/o Eric W. Wood
615 E. Houston, Suite 533              8111 Preston Rd. Ste 300             Brown Fox PLLC
P.O. Box 1539                          Dallas, TX 75225-6329                5550 Granite Parkway, Suite 175
San Antonio, TX 78295-1539                                                  Plano, Texas 75024
                                                                            Email: eric@brownfoxlaw.com  75024-3834

Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza, #2050
Houston, TX 77046-2445



               The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
               by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Texas Commission on Environmental Qualit   End of Label Matrix
Reg. 6 Office Compliance Enforcement       Mailable recipients    33
401 E Franklin Ave, Suite 560              Bypassed recipients     0
El Paso, TX 79901-1212                     Total                  33
```

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30071 |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOTION OF DEBTOR (I) TO FILE SUN CAPITAL LLC PURCHASE SALE AGREEMENT UNDER SEAL AND (II) FOR RELATED RELIEF (RE: DOCKET NO. 50)**

On this day, came on for consideration the *Motion of Debtor (I) to File Sun Capital LLC Purchase Sale Agreement Under Seal and (II) for Related Relief* (Docket No. 50) (the "Motion") filed herein on May 4, 2021 by The Gateway Ventures, LLC, debtor and debtor-in-possession ("TGV" or the "Debtor").

**IT IS THEREFORE ORDERED THAT:**

1. The Real Estate Purchase and Sale Agreement between TGV and Sun Captial LLC that is the subject of a related motion to sell under Code §363(f) (Docket No. 49) may be filed under seal..

2. The matter shall remain under seal for no longer than one year from the date of entry of the order, unless the Court orders otherwise.

**ORDER GRANTING MOTION OF DEBTOR (I) TO FILE SUN CAPITAL LLC PURCHASE SALE AGREEMENT UNDER SEAL AND (II) FOR RELATED RELIEF (RE: DOCKET NO. 50) — Page 1**

3.  The only entities permitted to review documents or transcripts of proceedings placed under seal are those entities specified in the order, except that the following entities shall also have access to matters placed under seal unless the Court specifically rules otherwise: (1) the judge presiding over the case, (2) the law clerk to whom the matter is assigned internally by the presiding judge, (3) the Courtroom Deputy responsible for the matter, (4) the Clerk of the Court, and (5) the presiding judge and staff of any appellate tribunal.

# # # #