IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| THE GATEWAY VENTURES, LLC | § | |
| | § | CASE NO. 21-30071-HCM |
| DEBTOR | § | |

**THE CITY OF EL PASO'S RESPONSE TO THE MOTION FOR ORDER AUTHORIZING (I) SALE OF LOT 9 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) PAYMENT OF CERTAIN EXPENSES AT CLOSING, AND (III) RELATED RELIEF**

TO THE COURT:

Now comes the City of El Paso[1] and files its Response to the Motion for Order Authorizing (I) Sale of Lot 9 Free and Clear of all Liens, Claims, Encumbrances, and Interests, (II) Payment of Certain Expenses at Closing, and (III) Related Relief ("Sale Motion") (ECF #49) and respectfully represents the following:

1. The City of El Paso is a unit of local government in the State of Texas which possesses the authority under the laws of the State to assess and collect *ad valorem* taxes on real and personal property.

2. The City of El Paso filed its pre-petition secured proof of claim herein for *ad valorem* property taxes assessed against the Debtor's property for tax years 2020 and estimated 2021 in the amount of $618,331.32, of which $614,331.32 pertains to real property described as 2 ASCARATE TR 4-H (17.3182 AC); located at 6767 W Gateway Blvd situated in the City of El Paso, El Paso County, Texas ("Tax Account Number A765-999-

---

[1] The City of El Paso is the collecting agent for all ad valorem tax entities located within the jurisdictional limits of El Paso County, Texas all of which are represented by the undersigned attorneys

002E-0439").

3. The City of El Paso's claim is for real property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§32.01 and 32.05. In pertinent part, §32.01 provides

   (a) **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .
   (b) A tax lien on inventory, furniture, equipment, or their personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
   (c) The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5. While the City of El Paso does not oppose to the concept of this sale, the City of El Paso asserts the following provisions to be included in any order granting Debtor's Sale Motion incident to 2 Ascarate Tract 4-H situated in the City of El Paso, Texas:

IT IS FURTHER ORDERED that all ad valorem taxes incident to Tax Account Number A765-999-002E-0439 shall be paid in full immediately upon closing by the closing agent prior to any disbursements of cash proceeds of this sale to any other person or entity and that the ad valorem tax lien shall remain attached to the sales proceeds until such time as the 2020 taxes incident to Tax Account Number A765-999-002E-0439 have been paid in full.

IT IS FURTHER ORDERED that the estimated amount of ad valorem taxes for year 2021 pertaining to that portion of 2 Ascarate Tract 4-H conveyed ("Subject Property"), shall be prorated in accordance with the Purchase and Sale Agreement, and shall become the responsibility of the Purchaser and such lien shall be retained against the Subject Property until said tax debt is paid in full.

IT IS FURTHER ORDERED that the estimated amount of ad valorem taxes for year 2021 pertaining to the retained portion of 2 Ascarate Tract 4-H ("Retained Property") shall remain the liability of the Debtor and such lien shall be retained against the Retained Property until said taxes are paid in full.

**WHEREFORE, PREMISES CONSIDERED**, the City of El Paso prays that this Court grant the Debtor's Sale Motion, subject to the requests of the City of El Paso, and grant it all relief as may be just.

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
(210) 225-6763 - *Telephone*
(210) 225-6410 - *Fax*

By: ___/s/ Don Stecker_____
David G. Aelvoet (SBN 00786959)
Don Stecker (SBN 19095300)
Bradley S. Balderrama (SBN 24040464)
Attorney for the City of El Paso

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing Response of the City of El Paso to the Motion for Order Authorizing (I) Sale of Lot 9 Free and Clear of all Liens, Claims, Encumbrances, and Interests, (II) Payment of Certain Expenses at Closing, and (III) Related Relief was served this the 14th day of May, 2021 by Electronic Filing and/or by First Class Mail upon the following:

Debtor:
  The Gateway Ventures, LLC
  c/o PDG Prestige, Inc.
  780 N Resler Drive, Suite B
  El Paso, TX 79912

Attorney for Debtor:
  Jeff Carruth
  3030 Matlock Rd., Suite 201
  Arlington, TX 76105

United States Trustee:
  U.S. Trustee's Office
  615 E. Houston, Suite 533
  P.O. Box 1539
  San Antonio, TX 78295-1539

            /s/ Don Stecker
           David G. Aelvoet
           Don Stecker
           Bradley S. Balderrama