UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
JAMES W. ROSE, JR.
TRIAL ATTORNEY
615 E. Houston, Rm. 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-30071-HCM |
| THE GATEWAY VENTURES, LLC | § | CHAPTER 11 |
| | § | |
| | § | HEARING DATE: |
| DEBTOR | § | May 26, 2021, 1:30 PM |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF DEBTOR (I) TO FILE SUN CAPITAL PURCHASE SALE AGREEMENT UNDER SEAL AND (II) FOR RELATED RELIEF**

COMES NOW, KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE for Region 7 (the "UST"), through the undersigned counsel, and files this objection to Motion of the Debtor (I) to File Sun Capital LLC Purchase Sale Agreement Under Seal and (II) For Related Relief (the "Motion") (Dkt. # 50) and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Debtor has filed a motion seeking Court authority to sell certain real estate. Dkt. #49. The Debtor also filed the Motion seeking to seal the real estate purchase agreement (the "PSA"). Debtor has cited no authority for the relief requested. Rather, Debtor seeks to "keep the purchase price and/or other information contained in the PSA confidential because of the sensitive nature of the information." Bankruptcy Code section 107 codifies the presumption of public

1

access and any paper filed in a case is presumed to be open to examination by an entity at reasonable times without charge. Absent a compelling need to protect trade secrets or other proprietary information, a motion to seal should be denied. The purchase price of a contract is the most basic and important information for a party to determine whether a sale is in the best interests of creditors and the estate. Debtor has not explained in the Motion how the public disclosure of the purchase price will cause harm. Unless the Debtor is selling the property for a below market price, the disclosure of the purchase price should cause no harm. As a party engaged in monitoring Chapter 11 cases, the UST objects to the Debtor's attempt to seal the purchase price of the PSA and requests the Court to deny the Motion.

### RESPONSE TO ALLEGATONS IN THE MOTION

2. The UST admits the allegations contained in paragraphs 1 through 12 of the Motion.

3. The UST admits the allegations contained in paragraph 13 of the Motion but denies that the Debtor should be allowed to seal the purchase price of the PSA.

4. The UST denies the remaining allegations contained in the Motion.

### ARGUMENT

**A. The Debtor Has Not Met Its Burden That The Purchase Price Under the PSA Should Be Sealed.**

5. Section 107 of the Bankruptcy Code codifies a presumption of public access, and any paper filed in a case under title 11 is presumed to be "open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107. Any paper filed in a bankruptcy case is subject to section 107; therefore, the question of whether a document is a judicial record does not arise under section 107. *Gitto v. Worcester Tel. & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7, 9-10 (1st Cir. 2005).

6. Broad public access to documents filed in bankruptcy court fosters transparency in, and integrity of, the bankruptcy process. Public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *Gitto*, 422 F.3d at 7 (citing *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999)). "During a chapter 11 reorganization, a debtor's affairs are an open book and the debtor operates in a fish bowl." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006) (citations omitted).

7. But the presumption of public access is not absolute. Section 107 includes exceptions for protecting an entity's trade secrets and other confidential commercial information, for protecting persons from scandalous or defamatory matters, and for protecting an individual's information that may pose an undue risk of identity theft or other unlawful injury. A motion under Rule 9018 is the mechanism for a party seeking to invoke the protections of section 107. Nevertheless, a "court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" In re Anthracite Capital, Inc., 2013 WL 1909026, at *3 (Bankr. S.D.N.Y. May 9, 2013) (quotation omitted).

8. The Debtor will likely argue that creditors have been given access to the information under non-disclosure agreements and do not object to sealing the information. The Fifth Circuit recently rejected a "consensual" sealing of a record. *Le v. Exeter Fin. Corp.* 990 F.3d 410 (5th Cir. 2021). The Fifth Circuit held that it is the Court's duty to promote transparency. *Id.*

9. It appears that the sole basis for the Motion is the Debtor's desire not to divulge information that it would not have divulged outside of bankruptcy. The UST asserts that the Debtor desire to not divulge a purchase price for a proposed sale of property is not sufficient for the

3

extraordinary remedy sought in the Motion. Thus, the UST requests the Court deny the Motion and require the Debtor to disclose the purchase price under the PSA.

WHEREFORE, the UST respectfully requests that the Court deny the Motion and for other and further relief the Court deems just and appropriate.

Dated: May 24, 2021

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7

By: /s/James W. Rose, Jr.
  James W. Rose, Jr.
  Trial Attorney
  Texas Bar No. 17251900
  615 E. Houston St., Room 533
  San Antonio, TX 78205
  (210) 472-4640
  (210) 472-4649 Fax
  E-mail: James.Rose@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed on the attached Service List by United States Mail, first class, postage prepaid, and/or by electronic means for all Pacer system participants on this the 24th day of May, 2021.

/s/ James W. Rose, Jr.
James W. Rose, Jr.

```
Label Matrix for local noticing        The Gateway Ventures, LLC              U.S. BANKRUPTCY COURT
0542-3                                 c/o PDG Prestige, Inc.                 511 E. San Antonio Ave., Rm. 444
Case 21-30071-hcm                      780 N Resler Drive, Suite B            EL PASO, TX 79901-2417
Western District of Texas              El Paso, TX 79912-7196
El Paso
Mon May 24 11:06:25 CDT 2021

Ashish Nayyar                          Ashish Nayyar                          Ashish Nayyar, Rahim Noorani,
806 Rockport Lane                      c/o James M. Feuille                   Deepesh Shrestha, and Umesh Shrestha
Allen, TX 75013                        ScottHulse PC                          c/o James M. Feuille
                                       P.O. Box 99123                         201 E. Main Drive, Suite 1100
                                       El Paso, TX 79999-9123                 El Paso, TX 79901-1340

Border Demolition                      City of El Paso                        Comptroller of Public Accounts
Attn: Bonnie Solis                     c/o Don Stecker                        C/O Office of the Attorney General
1004 Diesel Drive                      112 E. Pecan St. Suite 2200            Bankruptcy - Collections Division MC-008
El Paso, TX 79907-3100                 San Antonio, TX 78205-1588             PO Box 12548
                                                                              Austin TX  78711-2548

Deepesh Shrestha                       Depcesh Shrestha                       El Paso County Tax AC
c/o James M. Feuille                   3708 N. White Chapel Blvd.             301 Manny Martinez Dr., 1st Floor
ScottHulse PC                          Southlake, TX 76092-2042               El Paso, TX 79905-5503
P.O. Box 99123
El Paso, TX 79999-9123

HD Lending LLC                         HD Lending LLC                         HD Lending, LLC
6080 Surety Dr. Ste 101                c/o Stephen H. Nickey PC               c/o Clyde A. Pine, Jr.
El Paso, TX 79905-2066                 1201 North Mesa Ste. B                 Mounce Green Myers
                                       El Paso, TX 79902-4000                 P.O. Box 1977
                                                                              El Paso, Texas 79999-1977

Internal Revenue Service               Michael Dixson                         PDG Prestige, Inc.
Special Procedures Staff - Insolvency  780 N. Resler Drive Suite B            780 N. Resler Drive Suite B
P. O. Box 7346                         El Paso, TX 79912-7196                 El Paso, TX 79912-7196
Philadelphia, PA 19101-7346

Rahim Noorani                          Rahim Noorani                          Rahim Noorani, et al.
4312 Hopi Drive                        c/o James M. Feuille                   c/o Marty D. Price
Carrolton, TX 75010-1133               ScottHulse PC                          2514 Boll St.
                                       P.O. Box 99123                         Dalals, TX 75204-2512
                                       El Paso, TX 79999-9123

Saleem Makani                          Saleem Makani                          Spectrum Gulf Coast, LLC
c/o Eric W. Wood                       c/o Eric Wood (Brown Fox)              c/o Thompson Coburn LLP, Attn: Brian Hoc
Brown Fox PLLC                         8111 Preston Rd. Ste 300               One U.S. Bank Plaza, Suite 2700
5550 Granite Parkway, Suite 175        Dallas, TX 75225-6329                  St. Louis, MO 63101-1616
Plano, Texas 75024
Email: eric@brownfoxlaw.com   75024-3834

Suhail Bawa                            Suhail Bawa                            Suresh Kumar
c/o Eric W. Wood                       c/o Eric Wood (Brown Fox)              c/o Harrel Davis
Brown Fox PLLC                         8111 Preston Rd. Ste 300               PO Box 1322
5550 Granite Parkway, Suite 175        Dallas, TX 75225-6329                  El Paso, TX 79947-1322
Plano, Texas 75024
Email: eric@brownfoxlaw.com   75024-3834

Texas Attorney General                 (p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY   Umesh Shrestha
Environmental Protection Division      ATTN BANKRUPTCY PROGRAM                8505 Revenue Way
P.O. Box 12548                         P O BOX 13087                          North Richland Hills, TX 76182-7431
Austin, TX 78711-2548                  MC 132
                                       AUSTIN TX 78711-3087
```

| | | |
|---|---|---|
| Umesh Shrestha<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Union Gateway, LLC<br>c/o Ryan Little<br>P. O. Drawer 1977<br>El Paso, Texas 79999-1977 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Westar Investor Group LLC<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 | Westar Investors Group, LLC<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com  75024-3834 | Jeff Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046-2445 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Texas Commission on Environmental Qualit<br>Reg. 6 Office Compliance Enforcement<br>401 E Franklin Ave, Suite 560<br>El Paso, TX 79901-1212 | End of Label Matrix<br>Mailable recipients    35<br>Bypassed recipients     0<br>Total                  35 |