IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-30071-HCM |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**HD LENDING, LLC'S RESPONSE TO MOTION FOR ORDER AUTHORIZING (I) SALE OF LOT 9 FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTEREST, (II) PAYMENT OF CERTAIN EXPENSES AT CLOSING, AND (III) RELATED RELIEF**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, HD LENDING, LLC ("HD"), responding to the Motion for Order Authorizing (I) Sale of Lot 9 Free and Clear of all Liens, Claims, Encumbrances, and Interest, (II) Payment of Certain Expenses at Closing, and (III) Related Relief, Dkt # 49 (the "Motion"), filed by The Gateway Ventures, LLC (the "Debtor"), and would show as follows:

1. By means of the Motion, the Debtor is seeking to sell certain real property described therein as Lot 9 ("Lot 9") to Sun Capital Hotels, LLC ("Sun Capital") pursuant to that certain Real Estate Purchase and Sale Agreement dated April 7, 2021 between the Debtor and Sun Capital (the "Contract").

2. The Debtor signed and delivered to HD that certain Promissory Note dated April 30, 2019 in the original principal amount of $9,430,000.00, payable from Debtor to the order of HD (the "Note"). The Note was secured by, among other things, that certain Deed of Trust and Security Agreement, Assignment of Leases, Assignment of Rents, and Financing Statement dated April 30, 2019 from the Debtor in favor of HD covering certain property as described therein, recorded under Clerk's File No. 20190031430, Real Property Records of El Paso County, Texas

(the "Deed of Trust"). The Deed of Trust was modified by a Modification Agreement dated November 22, 2019 between the Debtor, HD, and various guarantors, recorded under Clerk's File No. 20190091881, Real Property Records of El Paso County, Texas (the "Modification Agreement"). True and correct copies of the Note, Deed of Trust, and Modification Agreement are attached hereto as Exhibits "1" through "3" and are incorporated herein.

3. The Deed of Trust, as modified by the Modification Agreement, applies to the real property described on Exhibit "4", attached hereto and incorporated herein (the "Land") and other property as described therein (collectively, with the Land, the "Collateral"). Lot 9 is included within the Land, and is thus part of the Collateral.

4. The liens and security interests of HD on and in the Land and other Collateral (collectively, the "Liens") are attached and perfected. The Liens are valid and enforceable against the Collateral. The Liens constitute first-priority and superior liens and security interests in the Collateral.

5. The Note was accelerated on October 20, 2020 due to defaults by the Debtor. The Note matured by its terms in any event on October 30, 2020.

6. The contract interest rate under the Note was prime plus 5% per annum [but not less than 10.5% per annum], and was 10.5% per annum immediately prior to maturity. The default interest rate under the Note is 18% per annum.

7. As of the petition date of February 5, 2021, the outstanding balance of the Note was $8,768,230.64, consisting of $8,230,000.00 in principal, accrued September 2020 interest of $50,916.45 at the contract interest rate, a $2,545.82 late fee for September 2020, accrued October 2020 interest of $71,026.03 at the contract interest rate, post-maturity interest in October 2020 of

$4,058.63 at the default interest rate, accrued interest and late charges after October 31, 2020 of $377,452.60 at the default interest rate, and attorney fees of $32,231.11.

8. On April 29, 2021, HD filed a Proof of Claim (#5) asserting a secured claim for $8,768,230.64 as of the petition date secured by the Liens, and reserving the right to seek post-interest interest and attorney fees (the "Proof of Claim"). No objection has been filed to the Proof of Claim.

9. The Note is over-secured, and HD is entitled to seek post-petition interest and attorney fees in connection with the Note up to the amount of its over-security.

10. As of May 31, 2021, the outstanding balance of the Note is expected to be approximately $9.29 million, with interest on the Note accruing thereafter at the rate of $4,058.63 per diem, as well as attorneys fees of HD.

11. Section 363(f) of the Bankruptcy Code provides as follows:

*(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—*
 *(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;*
 *(2) such entity consents;*
 *(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;*
 *(4) such interest is in bona fide dispute; or*
 *(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.*

11 U.S.C.A. §363(f); In re Patriot Place, Ltd., 486 B.R. 773, 814 (Bankr. W.D. Tex. 2013).

12. The Motion itself does not assert any particular basis for the Debtor's claimed compliance with Section 363(f) with respect to the Liens. Therefore, HD will address each of these bases in turn.

13. HD has Liens in all of the Land, including Lot 9. The Liens represent interests in Lot 9 within the meaning of Section 363(f) of the Bankruptcy Code.

14. With respect to Section 363(f)(1), Texas law does not permit sale of Lot 9 free and clear of the Liens. Without disclosing the actual purchase price under the Contract, the sales proceeds to the Debtor under the Contract would be insufficient to pay all of the indebtedness due to HD under the Note. Accordingly, pursuant to the Motion, the Debtor is seeking to authorization to sell part of HD's Collateral without paying HD's secured claim in full. Texas law does not require a lender to partially release collateral absent specific authorization in the loan/security documents to the contrary. See Caress v. Lira, 330 S.W. 3d 363, 365 (Tex. App. – San Antonio 2010, no pet.); 63 TEX. JUR. 3d *Real Estate Sales* §414. This principle is not unique to Texas. In re Love, 553 B.R. 54, 58 (Bankr. D. S.C 2016) [Section 363(f) is inapplicable where part of collateral of a non-consenting creditor is to be sold for less than the value of its lien on the entire collateral]. There is no partial release authorization in the Note, Deed of Trust, or Modification Agreement. Transfer of Lot 9 would violate Section 7.05 of the Deed of Trust [found at page 12 thereof]. In accordance with Section 10.01 of the Deed of Trust [found at page 18 thereof], HD is not required to provide any release of the Liens without payment in full. The Deed of Trust nowhere permits the Debtor to sell portions of the Land, and nowhere requires HD to provide a partial release of its Liens for sales of portions of the Land. Nor do the Note or the Modification Agreement. Therefore, Section 363(f)(1) is not satisfied with respect to the Liens.

15. Section 363(f)(2) is not met since HD Lending does not consent to the sale of Lot 9 under the Contract.

16. As for Section 363(f)(3), without disclosing the purchase price under the Contract, the sales proceeds to the Debtor under the Contract will be less than the value of the Liens [whether under the so-called "face value" approach[1] or so-called "economic value" approach[2]]. That is true

---

[1] E.g. – In re PW, LLC, 391 B.R. 25, 41 (B.A.P. 9th Cir. 2008).
[2] E.g. – In re Terrace Gardens Park Partnership, 96 B.R. 707, 713 (Bankr. W.D. Tex. 1989).

without even considering any other liens of third parties on Lot 9. The Debtor has scheduled the Land as having a value of $15 million. HD believes the value of the Land is less, but still at least $10 million. Section 363(f)(3) is not satisfied either.

17. With respect to Section 363(f)(4), there is no bona fide dispute over the Liens. Although the phrase "bona fide dispute" is not defined in the Bankruptcy Code, in the context of Section 363(f)(4), a bona fide dispute exists when there is an objective basis for a factual or legal dispute as to the validity of the asserted interest or debt. Patriot Place, 486 B.R. at 815. There is no such dispute here. The Liens are valid, perfected, first-priority liens in Lot 9. Prior to the filing of this bankruptcy, despite a pending foreclosure sale of the Land, the Debtor did not challenge the validity or other aspects of the Liens by litigation. The Proof of Claim includes an assertion of the Liens over Lot 9, and no objection thereto has been filed. The Debtor has not even asserted the existence of any dispute, much less a bona fide one, over the Liens or even the balance of the indebtedness under the Note. Neither has any other creditor or party in interest. Accordingly, Section 363(f)(4) is not met either.

18. In connection with Section 365(f)(5), HD could not be compelled in a legal or equitable proceeding to accept a money satisfaction of its Liens on Lot 9. In the first place, as discussed above, neither the Note, Deed of Trust, or Modification Agreement require HD to accept less than the full amount of its indebtedness in exchange for a partial release of its Liens. See Patriot Place, 486 B.R. at 815-817 [requested action unauthorized by underlying contractual documents between the parties]. Second, as noted above, Texas law would not compel HD to provide a partial release of its Liens in exchange for any monetary payment. Third, "hypothetical" situations inapplicable to the precise facts involved here do not meet the requirement of Section 363(f)(5). See Patriot Place, 486 B.R. at 816; In re Haskell, L.P., 321 B.R. 1, 9 (Bankr. D. Mass.

2005). It must be shown that the debtor/trustee could legally compel the lienholder/interest-holder in question to accept a monetary satisfaction for the lien/interest at issue. Haskell, 321 B.R at 9; see In re Ferris Props., 2015 Bankr. Lexis 2554, 2015 WL 4600248 (Bankr. D. Del. 2015) [attached hereto as Exhibit "5"]. Section 363(f)(5) is not satisfied.

19. Consequently, Lot 9 cannot be sold by the Debtor free and clear of the Lien without payment in full of the indebtedness owing to HD under the Note. The sales proceeds under the Contract are insufficient to do so. The Debtor does not appear to have sufficient other resources at this time to pay off the Note at closing of the Contract.

20. The Motion should therefore be denied.

WHEREFORE, PREMISES CONSIDERED, HD prays that the Motion be denied and HD be granted such other and further relief to which it may be entitled to receive.

Respectfully submitted,

MOUNCE, GREEN, MYERS, SAFI, PAXSON
& GALATZAN
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
Fax: (915) 541-1548
pine@mgmsg.com

/s/ Clyde A. Pine, Jr.
Clyde A. Pine, Jr.
State Bar No. 16013460
Attorney for HD Lending, LLC

## CERTIFICATE OF SERVICE

      I, Clyde A. Pine, Jr., hereby certify on this 25th day of May, 2021, a true and correct copy of the foregoing was forwarded by e-mail to Jeff Carruth, by email at [jcarruth@wkpz.com](mailto:jcarruth@wkpz.com) and by certified mail to Weycer, Kaplan, Pulaski, & Zuber, P.C., 3030 Matlock Rd., Arlington, Texas 76015, first class mail to The Gateway Ventures, LLC c/o PDG Prestige, Inc., 780 N. Resler Drive, Suite B, El Paso, Texas 79912, and mailed to U.S. Trustee's Office, 511 E. San Antonio Ave., Rm. 444, El Paso, Texas 79901, and served through the ECF system on those so registered for this case.

                                        /s/ Clyde A. Pine, Jr.
                                        Clyde A. Pine, Jr.