**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THE GATEWAY VENTURES, LLC, ) | Case No. 21-30071-hcm |
| ) | Chapter 11 |
| Debtor. ) | |

**RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, and UMESH SHRESTHA's LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING (I) SALE OF LOT 9 FREE AND CLEAR OF ALL LIENTS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) PAYMENT OF CERTAIN EXPENSES AT CLOSING AND (III) RELATED RELIEF**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Judgment Lien Creditors RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, and UMESH SHRESTHA (the "Judgment Lien Creditors"), secured creditors, file this Limited Objection to Debtor's Motion for Order Authorizing (I) Sale of Lot 9 Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Payment of Certain Expenses at Closing, and (III) Related Relief (doc. # 49), and for cause would show the Court as follows:

1. Debtor The Gateway Ventures ("Debtor" or "TGV") filed this petition under Chapter 11 of the Bankruptcy Code on February 2, 2021.

2. Debtor proposes to sell a parcel of real property described as Lot 9, approximately 2.3 acres located within the real property commonly referred to as 6767 W. Gateway Blvd. El Paso Texas and 1122 Airway Blvd El Paso, Texas 79925 (the "Property").

3. Debtor has not filed a Chapter 11 Plan more than ninety (90) days into this case.

4. The Judgment Lien Creditors are, at least partially, but more likely fully secured creditors due to that certain judgment lien filed of record and asserted against the Property and against Lot 9.

5. Debtor states that "the sale of Lot 9 will begin the process of providing funds to retire the secured debt against the Development and provide funds to be used to begin to pay creditors under a Chapter 11 plan or other order of the Court." (Motion, para. 25.) However, Debtor does not provide any analysis or disclosure of how the proceeds of the sale of Lot 9 will be distributed.

6. Debtor simply states that evidence to support Debtor's business judgment will be provided at the Sale Hearing. (*Id*.) Therefore, the Judgment Lien Creditors feel compelled to file this limited objection and ensure that a hearing is held on the proposed sale.

7. Debtor also claims that the sale price for Lot 9 "reflects a fair and market-value price" for Lot 9. (Motion, para. 27.) Debtor does not provide any evidence or analysis for such a claim. Putting aside that the Debtor seeks to permanently seal the sale price of Lot 9, it is impossible to know whether the sale price is "fair and market-value" without Debtor explaining how, in Debtor's business-judgment, that is the case.

8. Debtor seeks an order that states there are "compelling circumstances for an immediate sale" prior to the approval a Chapter 11 plan, but Debtor has not provided any explanation as to what those compelling circumstances are. There is no evidence or *even an assertion* that the proposed Buyer will walk-away from the transaction if it is not closed quickly.

9. Debtor also seeks authority to pay certain expenses at closing but provides no explanation of the potential expenses that will be paid.

10. Debtor represents that, after paying the unknown costs of sale, HD Lending and the Judgment Lien Creditors will be adequately protected "by either being paid in full at the time of closing, or by having [the liens] attach to the net proceeds of the Sale, and otherwise each lien holder will retain its lien with respect to the remainder of the Development." (Motion, para. 37.) However, Debtor does not identify what those net proceeds will be. It is unclear whether HD

Lending and the Judgment Lien Creditors are adequately protected and will remain fully secured if the "net proceeds" of the sale are not disclosed. Nor does Debtor provide any analysis of how the sale of this one lot affects the overall value of the entire Property at issue in this single-asset real estate bankruptcy. Does the sale of Lot 9 – a piece of the whole development – decrease the value of the entire parcel? Does it increase the total value? Is the entire parcel more valuable sold as a unit or divided and sold lot by lot as is seemingly proposed by the Debtor in this motion? Debtor make no attempt to explain its decision-making regarding these issues.

11. In general, the Judgment Lien Creditors do not object to a fair-market sale that increases the value of the bankruptcy estate, but the Judgment Lien Creditors do believe a hearing is necessary for Debtor to provide sufficient explanation and evidence to support Debtor's business-judgment.

12. The Judgment Lien Creditors reserve the right to supplement or amend this Objection.

**FOR THESE REASONS**, RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, and UMESH SHRESTHA, secured creditors, respectfully ask the Court to grant this limited objection and require Debtor to satisfy its burden of proof upon hearing. The Judgment Lien Creditors also pray for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**SCOTTHULSE PC**
P. O. Box 99123
One San Jacinto Plaza, Ste. 1100
El Paso, Texas 79999-9123
(915) 533-2493
(915) 546-8333 (Facsimile)

By: ___/s/ *James M. Feuille*_____
**JAMES M. FEUILLE**
State Bar No. 24082989
Attorneys for ASHISH NAYYAR, RAHIM NOORANI, DEEPESH SHRESTHA, and UMESH SHRESTHA

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2021, a true and correct copy of the foregoing was served upon the following parties electronically or mailed by regular first class mail:

Jeff Carruth
Weyeer Kaplan Pulaski & Zuber, P.C.
25 Greenway Plaza, #2050
Houston, Texas 77046
Email: jcarruth@wkpz.com
Attorney for Debtor

and to all of the parties listed on the attached Matrix pursuant to B.R. 9013(c)(1)(B).

___/s/ *James M. Feuille*_____
**JAMES M. FEUILLE**