IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES LLC, | § | Case No. 21-30071 |
| | § | |
| Debtor. | § | |
| | § | |

**AMENDED DESIGNATION OF WITNESSES AND EXHIBITS OF DEBTOR FOR MARCH 26, 2021 HEARING REGARDING MOTION OF DEBTOR (I) TO FILE SUN CAPITAL LLC PURCHASE SALE AGREEMENT UNDER SEAL AND (II) FOR RELATED RELIEF (RE: DOCKET NO. 50)**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

The Gateway Ventures LLC ("TGV"), designates (the "Designation") the following persons as potential witnesses and the following items and potential exhibits for the hearing scheduled for May 26, 2021 (the "Hearing") regarding the *Motion of Debtor (I) to File Sun Capital LLC Purchase Sale Agreement Under Seal and (II) for Related Relief* (Docket No. 50).

## **WITNESSES**

TGV designates the following persons as potential witnesses.

1. One or more representatives of TGV, including but not limited to Michael Dixson.
2. One or more representatives of Sun Captial LLC including but not limited to DeepeshKholwadwala.
3. Any witness designated by any other party.

TGV reserves the right to call any witness designated by any other party, and any witness necessaryfor rebuttal.

## **EXHIBITS**

TGV may offer into evidence at the Hearing any or all of the Exhibits in the list attached hereto —see below.

In addition, TGV designates any pleadings, including exhibits, filed in this case and any exhibitsdesignated by any other party.

TGV reserves the right to amend or supplement this Designation as may otherwise be appropriate.

Dated: May 26, 2021     Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN:. 24001846)
   24 Greenway Plaza Suite 2050
   Houston TX 77046
   Telephone: (713) 341-1158
   Fax: (866) 666-5322
   E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
THE GATEWAY VENTURES LLC

1971105

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties receiving the Court's ECF e-mail notification for this case on May 26, 2021.

          */s/ Jeff Carruth*
          JEFF CARRUTH

| Exhibit No. | Description | Offer | Object | Admit |
|---|---|---|---|---|
| | **EXHIBITS** | | | |
| TGV005 | Master site plan | | | |
| TGV006 | [reserved] | | | |
| TGV007 | [reserved] | | | |
| TGV008 | Specimen confidentiality agreement | | | |
| TGV009 | Confidential agreement – HD Lending | | | |
| TGV010 | Confidential agreement – Noorani counsel (J. Feuille) | | | |
| TGV011 | Confidential agreement – Correspondence with Kumar counsel (H. Davis) | | | |
| | **ANY ITEM FILED IN THIS BANKRUPTCY CASE** | | | |
| | *Any items designated by any other party.* | | | |
| | *Rebuttal exhibits as may necessary.* | | | |

TGV005

# MASTER PLAN

NORTH

SCALE: 0 20' 40' 100'

Site labels (on plan):
- LOT 11 — 4 LEVEL HOTEL, 120 RMS
- LOT 10 — 7-LEVEL APARTMENT BUILDING, 21,200 SF; 2,300 SF
- LOT 09 — 4 LEVEL HOTEL, 90 RMS
- LOT 12 — 5,842 SF
- LOT 04 / LOT 03 / LOT 02 — 30,000 SF
- LOT 01 — 7,425 SF (TOWER)
- LOT 05 — 7,500 SF
- LOT 06 — PAD AVAILABLE
- LOT 07 — PAD AVAILABLE
- LOT 08 — 3,750 SF
- RAMP TO UPPER LEVEL
- TO PARKING DECK

Streets: AIRWAY BLVD, WESTMORELAND DR, GATEWAY BLVD

PAGE 4

| LOT | AREA | BUILDING | PARKING | NOTES |
|---|---|---|---|---|
| LOT 1 | 1.358 ac | 7,425 sf | 59 spaces | RETAIL |
| LOT 2 | 1.026 ac | | | |
| LOT 3 | 1.124 ac | 30,000 sf | 211 spaces | ENTERTAINMENT |
| LOT 4 | 1.577 ac | | | |
| LOT 5 | 1.053 ac | 7,500 sf | 77 spaces | RESTAURANT |
| LOT 6 | 0.814 ac | TBD | 56 spaces | TBD |
| LOT 7 | 1.192 ac | TBD | 78 spaces | TBD |
| LOT 8 | 0.606 ac | 3,750 sf | 31 spaces | RESTAURANT |
| LOT 9 | 2.306 ac | 13,000 sf | 141 spaces | HOTEL |
| LOT 10 | 2.886 ac | 23,500 sf | 284 spaces | APARTMENTS |
| LOT 11 | 2.303 ac | 18,250 sf | 155 spaces | HOTEL |
| LOT 12 | 1.256 ac | 5,842 sf | 125 spaces | RESTAURANT |

THE GATEWAY
MASTER PLAN
EL PASO, TX



PRESTIGE COMPANIES

## **CONFIDENTIALITY AGREEMENT**



**EXHIBIT TGV008**

THIS CONFIDENTIALITY (the "Agreement") is made as of the date written below between THE GATEWAY VENTURES, LLC ("TGV") and the recipient named below (the "Recipient"). For and in consideration of the mutual covenants herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereby agree to the following.

1. TGV is the debtor-in-possession in Case No. 21-30071 in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (the "Bankruptcy Case"). TGV is also the seller under that certain **REAL ESTATE PURCHASE AND SALE AGREEMENT** dated **APRIL 7 2021** between TGV and **SUN CAPITAL HOTELS LLC**, as may be addended or amended (collectively, the "Contract"). TGV is filing, or has filed, in the Bankruptcy Case a motion to approve the Contract, with the Contract sought to be kept under seal (the "Motion"). Promptly after execution of this Agreement, TGV will deliver to Recipient a true, accurate, and complete copy of the Contract. TGV further agrees to provide to Recipient any future amendments to the Contract, promptly after execution.

2. Recipient agrees to keep the Contract and all of its contents and information contained therein (collectively, the "Confidential Information") confidential and to not disclose the Confidential Information to third parties except as follows: (a) to its attorneys and other professionals (e.g. experts and consultants) who are assisting the Recipient with respect to the Bankruptcy Case; (b) employees of the Recipient in connection with proceedings; or (c) as required by applicable law.

3. If Recipient is subpoenaed to disclose the Contract or Confidential Information, it will promptly notify TGV in order to permit TGV to seek a protective order or take other appropriate action. Notwithstanding anything herein to the contrary, if and to the extent the Contract or Confidential Information or terms thereof become public, whether as part of proceedings involving the Motion or otherwise, the foregoing confidentiality obligation of Recipient shall not longer apply.

4. **THIS AGREEMENT SHALL BE GOVERNED BY AND SHALL BE ENFORCEABLE IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS.** Any provision, or part thereof, of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confined to the provision, or part thereof, so held to be invalid or unenforceable. This Agreement has been jointly prepared by the parties, and no ambiguity shall be construed against any party based on the identity of the author of this Agreement. **THIS AGREEMENT CONTAINS THE FINAL, INTEGRATED, AND ENTIRE AGREEMENT BETWEEN THE PARTIES ON THE SUBJECT MATTER OF THIS AGREEMENT, BUT DOES NOT ALTER OR AFFECT ANY LOAN OR OTHER DOCUMENTS BETWEEN THE PARTIES.**

EXECUTED as of the ___ day of _____, 2021.

| | |
|---|---|
| **THE GATEWAY VENTURES, LLC** | **RECIPIENT:** _____ |
| PDG PRESTIGE, INC., its manager<br>By: Michael Dixson, President | Name: _____ |
| | By:_____ |
| _____ | Title_____ |

1970565.DOC

**EXHIBIT TGV009**

## CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY ("this Agreement") is made as of the date written below between THE GATEWAY VENTURES, LLC ("Gateway") and HD LENDING, LLC ("HD"). For and in consideration of the mutual covenants herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereby agree as follows:

1. Gateway is the debtor-in-possession in Case No. 21-30071 in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (the "Bankruptcy Case"). Gateway is also the seller under that certain **REAL ESTATE PURCHASE AND SALE AGREEMENT** dated **APRIL 7 2021** between Gateway and **SUN CAPITAL HOTELS LLC**, as may be addended or amended (collectively, the "Contract"). Gateway is filing, or has filed, in the Bankruptcy Case a motion to approve the Contract, with the Contract sought to be kept under seal (the "Motion"). Promptly after execution of this Agreement, Gateway will deliver to HD a true, accurate, and complete copy of the Contract. Gateway further agrees to provide to HD any future amendments to the Contract, promptly after execution.

2. HD agrees to keep the Contract confidential and to not disclose the Contract to third parties except as follows: (a) to its attorneys and other professionals; (b) in connection with proceedings involving the Motion or otherwise in the Bankruptcy Case; (c) in connection with enforcement of its rights or remedies against Gateway or its collateral owned by Gateway; (d) to any actual or prospective re-financier, purchaser, assignee, or participant or or in HD's loan to Gateway; or (e) as required by applicable law. If HD is subpoenaed to disclose the Contract, it will promptly notify Gateway in order to permit Gateway to seek a protective order or take other appropriate action. Notwithstanding anything herein to the contrary, if and to the extent the Contract or terms thereof become public, whether as part of proceedings involving the Motion or otherwise, the foregoing confidentiality obligation of HD shall not longer apply.

3. **THIS AGREEMENT SHALL BE GOVERNED BY AND SHALL BE ENFORCEABLE IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS.** Any provision, or part thereof, of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confined to the provision, or part thereof, so held to be invalid or unenforceable. This Agreement has been jointly prepared by the parties, and no ambiguity shall be construed against any party based on the identity of the author of this Agreement. **THIS AGREEMENT CONTAINS THE FINAL, INTEGRATED, AND ENTIRE AGREEMENT BETWEEN THE PARTIES ON THE SUBJECT MATTER OF THIS AGREEMENT, BUT DOES NOT ALTER OR AFFECT ANY LOAN OR OTHER DOCUMENTS BETWEEN THE PARTIES.**

EXECUTED as of the 22 day of April, 2021.

THE GATEWAY VENTURES, LLC

PDG PRESTIGE, INC., its manager
By: Michael Dixson, President

_Michael Dixson_

HD LENDING, LLC

By: _[signature]_
Name: Edward Escudero
Title: President

**PAGE 6**

**EXHIBIT TGV010**

## CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY (the "Agreement") is made as of the date written below between THE GATEWAY VENTURES, LLC ("TGV") and the recipient named below (the "Recipient"). For and in consideration of the mutual covenants herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereby agree to the following.

1. TGV is the debtor-in-possession in Case No. 21-30071 in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (the "Bankruptcy Case"). TGV is also the seller under that certain **REAL ESTATE PURCHASE AND SALE AGREEMENT** dated **APRIL 7 2021** between TGV and **SUN CAPITAL HOTELS LLC**, as may be addended or amended (collectively, the "Contract"). TGV is filing, or has filed, in the Bankruptcy Case a motion to approve the Contract, with the Contract sought to be kept under seal (the "Motion"). Promptly after execution of this Agreement, TGV will deliver to Recipient a true, accurate, and complete copy of the Contract. TGV further agrees to provide to Recipient any future amendments to the Contract, promptly after execution.

2. Recipient agrees to keep the Contract and all of its contents and information contained therein (collectively, the "Confidential Information") confidential and to not disclose the Confidential Information to third parties except as follows: (a) to its attorneys and other professionals (e.g. experts and consultants) who are assisting the Recipient with respect to the Bankruptcy Case; (b) employees of the Recipient in connection with proceedings; or (c) as required by applicable law.

3. If Recipient is subpoenaed to disclose the Contract or Confidential Information, it will promptly notify TGV in order to permit TGV to seek a protective order or take other appropriate action. Notwithstanding anything herein to the contrary, if and to the extent the Contract or Confidential Information or terms thereof become public, whether as part of proceedings involving the Motion or otherwise, the foregoing confidentiality obligation of Recipient shall not longer apply.

4. **THIS AGREEMENT SHALL BE GOVERNED BY AND SHALL BE ENFORCEABLE IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS.** Any provision, or part thereof, of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confined to the provision, or part thereof, so held to be invalid or unenforceable. This Agreement has been jointly prepared by the parties, and no ambiguity shall be construed against any party based on the identity of the author of this Agreement. **THIS AGREEMENT CONTAINS THE FINAL, INTEGRATED, AND ENTIRE AGREEMENT BETWEEN THE PARTIES ON THE SUBJECT MATTER OF THIS AGREEMENT, BUT DOES NOT ALTER OR AFFECT ANY LOAN OR OTHER DOCUMENTS BETWEEN THE PARTIES.**

EXECUTED as of the ___ day of _____, 2021.

**THE GATEWAY VENTURES, LLC**

PDG PRESTIGE, INC., its manager
By: Michael Dixson, President

**RECIPIENT:** Ashish Nayyar, Rahim Noorani, Deepesh Shrestha, and Umesh Shrestha

Name: James M. Feuille

By: _____

Title: Attorney for Recipient





# CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY (the "Agreement") is made as of the date written below between THE GATEWAY VENTURES, LLC ("TGV") and the recipient named below (the "Recipient"). For and in consideration of the mutual covenants herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereby agree to the following.

1. TGV is the debtor-in-possession in Case No. 21-30071 in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (the "Bankruptcy Case"). TGV is also the seller under that certain **REAL ESTATE PURCHASE AND SALE AGREEMENT** dated **APRIL 7 2021** between TGV and **SUN CAPITAL HOTELS LLC**, as may be addended or amended (collectively, the "Contract"). TGV is filing, or has filed, in the Bankruptcy Case a motion to approve the Contract, with the Contract sought to be kept under seal (the "Motion"). Promptly after execution of this Agreement, TGV will deliver to Recipient a true, accurate, and complete copy of the Contract. TGV further agrees to provide to Recipient any future amendments to the Contract, promptly after execution.

2. Recipient agrees to keep the Contract and all of its contents and information contained therein (collectively, the "Confidential Information") confidential and to not disclose the Confidential Information to third parties except as follows: (a) to its attorneys and other professionals (e.g. experts and consultants) who are assisting the Recipient with respect to the Bankruptcy Case; (b) employees of the Recipient in connection with proceedings; or (c) as required by applicable law.

3. If Recipient is subpoenaed to disclose the Contract or Confidential Information, it will promptly notify TGV in order to permit TGV to seek a protective order or take other appropriate action. Notwithstanding anything herein to the contrary, if and to the extent the Contract or Confidential Information or terms thereof become public, whether as part of proceedings involving the Motion or otherwise, the foregoing confidentiality obligation of Recipient shall not longer apply.

4. **THIS AGREEMENT SHALL BE GOVERNED BY AND SHALL BE ENFORCEABLE IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS.** Any provision, or part thereof, of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confined to the provision, or part thereof, so held to be invalid or unenforceable. This Agreement has been jointly prepared by the parties, and no ambiguity shall be construed against any party based on the identity of the author of this Agreement. **THIS AGREEMENT CONTAINS THE FINAL, INTEGRATED, AND ENTIRE AGREEMENT BETWEEN THE PARTIES ON THE SUBJECT MATTER OF THIS AGREEMENT, BUT DOES NOT ALTER OR AFFECT ANY LOAN OR OTHER DOCUMENTS BETWEEN THE PARTIES.**

EXECUTED as of the ___ day of _____, 2021.

| | |
|---|---|
| **THE GATEWAY VENTURES, LLC** | **RECIPIENT:** _____ |
| PDG PRESTIGE, INC., its manager<br>By: Michael Dixson, President | Name: _____ |
| | By:_____ |
| _____ | Title_____ |

TGV confidentiality agreement (Sun Lot 9) (1970565-2x7ACE3).DOC

**PAGE 9**