IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| THE GATEWAY VENTURES, LLC, | § § | Case No. 21-30071-hcm |
| | § | Chapter 11 |
| Debtor. | § | |

**SURESH KUMAR'S OBJECTION TO FINAL APPROVAL
OF THE DEBTOR'S DISCLOSURE STATEMENT**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUGE:

Comes now Suresh Kumar ("Kumar") an unsecured creditor and party-in-interest herein, by and through his attorneys of record, and files this, his Objection to Final Approval of the Debtor's Disclosure Statement dated July 14, 2021 and, in support thereof, would respectfully show as follows:

**Background Facts**

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 2, 2021 (the "Petition Date").

2. The Debtor has been operating as a Debtor-in-Possession since the Petition Date.

3. Michael Dixson ("Dixson") represented to Kumar, Bankim Bhatt ("Bhatt), Suhail Bawa ("Bawa"), and Saleem Makani ("Makani") that he would sell them an approximately 2.3-acre parcel of land upon which they could build a Marriott Hotel. The cost of the parcel continually increased until it reached $2.8 million.

4. On or about December 12, 2018, Bawa, Makani, and Kumar formed Westar Investors Group, LLC ("Westar"), of which they are all still members, for the purpose of acquiring the above-referenced parcel of land to develop the Marriott Element Hotel.

5. Westar then entered into a written Interest Subscription Agreement and Real

{11751.3/HDAV/06836565.1}

Property Contract with The Gateway Ventures, LLC ("Gateway"), PDG Prestige, Inc. ("PDG"), both of which are wholly owned and managed by Dixson, on December 17, 2018, as later restated and amended on April 2, 2019 (the "Agreement").

6. Kumar held a 35% interest in Westar and thus was responsible for 35% of the payments needed to acquire the Element Parcel.

7. Based on his ownership interest, Kumar was required to invest $822,500 to acquire the Element Parcel.

8. While Kumar's payments were made pursuant to the Agreement, the payments were made directly to the Debtor and Dixson as Dixson would usually contact Kumar and request that additional funds be sent directly to him.

9. The Agreement provided that the closing for the sale of the Element Parcel would be within three months of the effective date, which was April 2, 2019 – making the closing date July 2, 2019.

10. However, Gateway and PDG failed to close on the Element Parcel on July 2, 2019. Dixson, on behalf of Gateway and PDG, repeatedly misrepresented to Westar what amount of funds were to be deposited and when, and then claimed that Gateway and PDG could not close on time on the acquisition of the entire 20-acre tract because of Westar.

11. In reality, at all times when Westar was asked to make a deposit towards the Purchase Price, it promptly did so. Some of the funds deposited towards the Purchase Price came from Bawa, some from Makani, and some from Kumar.

12. Ultimately, Kumar invested the sum of $1,008,750 into the Westar land purchase and the Even Hotel transaction.

13. It was also represented by Dixson that Westar's investment in the Element Parcel

would be used for Dixson, Gateway, and PDG to acquire a loan to purchase the entire 20-acre tract where the Element Parcel was located. According to Dixson, without Westar's investment, he could not close on the 20-acre tract.

14. Regardless, before the end of 2019, Westar had fully paid the entire amount of the Purchase Price to Gateway and PDG.

15. Because he had either misused or diverted the funds paid by Westar (including Kumar's funds) Dixson misrepresented to Kumar, Bawa, and Makani that funds that Kumar had paid for the Element Parcel were actually paid for a second hotel site.

16. Curiously, despite this claimed dispute as to which project Kumar's funds should have been allocated to, Dixson had previously sent correspondence to Westar in or around December 2019 which specifically detailed the funds that Kumar had deposited towards the Purchase Price for the Element Parcel, which funds Dixson then claimed were disputed.

17. In response to Dixson's January 30, 2020 correspondence, Kumar stated in writing on January 31, 2020 that the sum of $822,500 out of the aforementioned funds was in fact intended to be allocated to the Element Parcel.

18. On February 6, 2020, Dixson, on behalf of Gateway and PDG wrote to Westar again and stated that, after taking into account Kumar's $822,500 allocation, there remained due and owing on the Element Parcel approximately $41,000.

19. In response, that same day, Kumar stated in writing that an additional $41,000 out of the aforementioned funds was also intended to be allocated to the Element Parcel. Dixson acknowledged receipt of this on February 6, 2020.

20. Therefore, as of February 6, 2020, it was admitted and acknowledged in writing by all necessary parties that the entire amount of the Purchase Price had been paid by Westar and

allocated to the Element Parcel.

21. However, despite having Kumar's admissions in writing, Gateway and PDG still refuse to close on the Element Parcel, claiming there is still a "dispute" as to the allocation of Kumar's funds.

22. Dixson has also absconded with the almost $2,000,000 paid to him by the purchasers of the second hotel site, resulting in a final judgment against him and PDG.

23. As a result of the above, on March 10, 2020, Westar, Bawa, and Makani initiated a lawsuit styled *Westar Investors Group, LLC, Suhail Bawa and Saleem Makani v. The Gateway Ventures, LLC, PDG Prestige, Inc., Michael Dixson, Suresh Kumar and Bankim Bhatt.*; Cause No. 2020DCV0914, pending in the County Court at Law Number Six of El Paso County, Texas (the "Westar Lawsuit").

24. In addition to the above transactions, Ashish Nayyar ("Nayyar") and Rahim Noorani ("Noorani"), two of Mr. Dixson's other investors, filed suit against PDG, Gateway and Dixson on January 3, 2020, styled *Ashish Nayyar and Rahim Noorani v. PDG Prestige, Inc., The Gateway Ventures, LLC and Michael Dixson, individually*; Cause No. 2020DCV0030 in the County Court at Law Number Three, El Paso County, Texas (the "Nayyar Lawsuit"). The Nayyar Lawsuit alleged, *inter alia,* breach of contract and specific performance of a contract for the purchase of real property in El Paso County by Plaintiffs from Defendants. Nayyar and Noorani also sued Defendants for fraud and misrepresentation. Nayyar and Noorani did not include Kumar's investments as part of the Nayyar Lawsuit.

25. On February 2, 2021, The Gateway Ventures, LLC filed this bankruptcy proceeding by filing for relief under Chapter 11 of the Bankruptcy Code.

26. On February 15, 2021, PDG filed for relied under Chapter 11 of the Bankruptcy

Code under Case No. 21-30107.

27. On April 15, 2021, Kumar filed his Proof of Claim No. 2 in the amount of $1,087,750.00.

28. On April 22, 2021, Nayyar and Noorani filed their Proof of Claim No. 4 in the amount of $1,803,500.00 – which amount does not include any of Kumar's investments.

29. On May 3, 2021, the Westar Lawsuit was removed to this Court and assigned Adversary Proceeding Number 21-03009.

30. On June 2, 2021, Westar Investors Group, LLC filed its Proof of Claim No. 8 in the amount of $2,350,000, which amount appears to include only a portion of Kumar's investment.

31. It is clear from the pleadings in the Westar and Nayyar Lawsuits that the Debtor and its principal, Mr. Dixson, has absconded with around $4,000,000 of investors' money, the use of which has never been accounted for.

32. On July 14, 2021, the Debtor filed its Disclosure Statement in Support of Plan of Reorganization (Dkt #102) (the "Disclosure Statement") and its Plan of Reorganization of The Gateway Ventures LLC (Dkt #101) (the "Plan"). Neither the Plan nor the Disclosure Statement admit Kumar's claim or describe how the Debtor proposes to pay Kumar.

## Standard for Approval

33. Section 1125 of the Bankruptcy Code prohibits solicitation of votes on a plan of reorganization until a written disclosure statement has been approved by the bankruptcy court, after notice and a hearing on the adequacy of the disclosure statement. A disclosure statement is adequate if it contains information of a kind and in sufficient detail so that a creditor can make an informed judgment about whether to accept or reject the plan of reorganization. A non-exclusive

list of the information that is important to the establishment of adequate information in a disclosure statement includes: (a) the events that led to the bankruptcy filing; (b) a description of the available assets and their value; (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a chapter 7 liquidation; (i) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the chapter 11 plan or a summary thereof; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) the financial information data, valuations or projections relevant to the creditors' decision to accept or reject the chapter 11 plan; (o) the information relevant to the risks posed to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) the litigation likely to arise in a non-bankruptcy context; (r) the tax attributes of the debtor; and, (s) the relationship of the debtor with affiliates. *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 568 (Bankr.) N.D. Ga. 1984).

## Objections to Disclosure Statement

34. Kumar objects to the Debtor's Disclosure Statement for the following reasons:

(a) The Disclosure Statement fails to disclose what the Debtor did with the money from all of the investors, not only Westar but from Nayyar. There is over $4,000,000 which has not been accounted for by the Debtor.

(b) The Disclosure Statement provides no basis for the Debtor's at least $15,000,000 valuation of the real property the subject of the Plan and Disclosure Statement.

(c) The Disclosure Statement does not tell the creditors the value of the real

property the subject of the Plan and Disclosure Statement. The Disclosure Statement just states that it is over $15,000,000. The accurate fair market value of the property is critical. If the property is worth more than all the creditors' claims, there is no justification for the Debtor paying Kumar less than 100% of his allowed claim.

(d) The Disclosure Statement does not inform of the status of the development – i.e., are the lost ready to sell? The creditors need to know if the sales proceeds for the sale of the first lots need to be used to finish the development of the entire project.

(e) Subsequent to the filing of the Disclosure Statement, the Debtor filed an application to retain a real estate broker. The Disclosure Statement does not take into account the possibility of paying $900,000 in broker's fees and how that might affect the payment to Kumar.

35. The Court will recall that the Debtor filed a Motion to Sell Lot 9 but refused to disclose to who and for how much. When the Court refused to grant the secret sale described in the motion, the motion never reappeared with the necessary information.

36. The Disclosure Statement tells the creditors nothing about pending or potential sales, including the one described above, the price per square foot being sought by the Debtor or the expected absorption time needed.

37. The Debtor also fails to explain why it is unable to force a third-party release on Kumar.

## **Cram Down**

38. For the Debtor to "cram down" its Plan upon Kumar, all requirements of 11 U.S.C. §1129(a) must be met, except for §1129(a)(8). The fair and equitable standard of Section 1129(b) codifies the absolute priority rule. The absolute priority rule requires that no member of

a junior class in priority to other senior creditors may receive anything on account of their claim or equity interest unless the senior creditors are fully satisfied on their claims. *In re Dow Corning Corp.,* 244 B.R. 678, 688-96 (Bankr. E.D. Mich. 1999). However, the Debtor's Plan gives PDG Prestige, Inc. and/or Michael Dixson their equity interest in the Debtor without full payment to the unsecured creditors of The Gateway Ventures, LLC.

**WHEREFORE, PREMISES CONSIDERED,** Suresh Kumar requests that the Court deny final approval of the Disclosure Statement, and for such other and further relief to which he shall show himself to be justly entitled.

**DATED** this 4th day of August, 2021.

Respectfully submitted,

**GORDON DAVIS JOHNSON & SHANE P.C.**
4695 N. Mesa Street
El Paso, Texas 79912
(915) 545-1133
(915) 545-4433 (Fax)

By: /s/ Harrel L. Davis
Harrel L. Davis III
State Bar No. 05567560
hdavis@eplawyers.com
Attorneys for Suresh Kumar

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of August, 2021, a true and correct copy of the above and foregoing was served upon the attached list of parties via electronic means as listed on the court's ECF noticing system or by regular first-class mail:

/s/
Harrel L. Davis

{11751.3/HDAV/06836565.1}

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 21-30071-hcm<br>Western District of Texas<br>El Paso<br>Wed Aug  4 10:35:40 CDT 2021 | The Gateway Ventures, LLC<br>910 E. Redd Rd., Suite K #436<br>El Paso, TX 79912-7348 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| Ashish Nayyar<br>806 Rockport Lane<br>Allen, TX 75013 | Ashish Nayyar<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Ashish Nayyar, Rahim Noorani,<br>Deepesh Shrestha, and Umesh Shrestha<br>c/o James M. Feuille<br>201 E. Main Drive, Suite 1100<br>El Paso, TX 79901-1340 |
| Border Demolition<br>Attn: Bonnie Solis<br>1004 Diesel Drive<br>El Paso, TX 79907-3100 | City of El Paso<br>c/o Don Stecker<br>112 E. Pecan St. Suite 2200<br>San Antonio, TX 78205-1588 | Comptroller of Public Accounts<br>C/O Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX  78711-2548 |
| Cumming Skidmore Property Tax Service, LLC<br>5024 Amen Corner<br>El Paso, TX 79922-2047 | Deepesh Shrestha<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Depcesh Shrestha<br>3708 N. White Chapel Blvd.<br>Southlake, TX 76092-2042 |
| El Paso County Tax AC<br>301 Manny Martinez Dr., 1st Floor<br>El Paso, TX 79905-5503 | HD Lending LLC<br>6080 Surety Dr. Ste 101<br>El Paso, TX 79905-2066 | HD Lending LLC<br>c/o Stephen H. Nickey PC<br>1201 North Mesa Ste. B<br>El Paso, TX 79902-4000 |
| HD Lending, LLC<br>c/o Clyde A. Pine, Jr.<br>Mounce Green Myers<br>P.O. Box 1977<br>El Paso, Texas 79999-1977 | Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Michael Dixson<br>780 N. Resler Drive Suite B<br>El Paso, TX 79912-7196 |
| PDG Prestige, Inc.<br>780 N. Resler Drive Suite B<br>El Paso, TX 79912-7196 | Rahim Noorani<br>4312 Hopi Drive<br>Carrolton, TX 75010-1133 | Rahim Noorani<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 |
| Rahim Noorani, et al.<br>c/o Marty D. Price<br>2514 Boll St.<br>Dalals, TX 75204-2512 | Saleem Makani<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com   75024-3834 | Saleem Makani<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 |
| Spectrum Gulf Coast, LLC<br>c/o Thompson Coburn LLP, Attn: Brian Hoc<br>One U.S. Bank Plaza, Suite 2700<br>St. Louis, MO 63101-1616 | Suhail Bawa<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com   75024-3834 | Suhail Bawa<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 |
| Suresh Kumar<br>c/o Harrel Davis<br>PO Box 1322<br>El Paso, TX 79947-1322 | Texas Attorney General<br>Environmental Protection Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | (p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY<br>ATTN BANKRUPTCY PROGRAM<br>P O BOX 13087<br>MC 132<br>AUSTIN TX 78711-3087 |

| | | |
|---|---|---|
| Umesh Shrestha<br>8505 Revenue Way<br>North Richland Hills, TX 76182-7431 | Umesh Shrestha<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Union Gateway, LLC<br>c/o Ryan Little<br>P. O. Drawer 1977<br>El Paso, Texas 79999-1977 |
| United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | Westar Investor Group LLC<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 | Westar Investors Group LLC<br>c/o Michael R. Nevarez (Local Counsel)<br>The Nevarez Law Firm, P.C.<br>P.O. Box 12247<br>El Paso, TX 79913-0247 |
| Westar Investors Group, LLC<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com 75024-3834 | Jeff Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046-2445 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


| | |
|---|---|
| Texas Commission on Environmental Qualit<br>Reg. 6 Office Compliance Enforcement<br>401 E Franklin Ave, Suite 560<br>El Paso, TX 79901-1212 | End of Label Matrix<br>Mailable recipients   37<br>Bypassed recipients    0<br>Total                 37 |