IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| THE GATEWAY VENTURES LLC, | § | Case No. 21-30071 |
| Debtor. | § | |

**RESPONSE OF DEBTOR TO KUMAR AND WESTAR OBJECTIONS TO CONFIRMATION AND BRIEF IN SUPPORT OF CONFIRMATION (RE: DOCKET NOS. 140, 152)**

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

The Gateway Ventures LLC, debtor and debtor in possession (the "Debtor" or "TGV"), files this *Response of Debtor to Kumar and Westar Objections to Confirmation and Brief in Support of Confirmation* and in support thereof would show to the Court the following.

## INTRODUCTION

This pleading focuses first on the objection(s) filed by Westar Investors Group, LLC, Suhail Bawa, and/or Saleem Makani (collectively, the "Westar Claimants") and related party Sureh Kumar ("Kumar"). (TGV believes that the objections filed by the U.S. Trustee ("UST") and City of El Paso ("COEP") are resolved by the amended disclosure statement (Docket No.155) and/or amended plan (Docket No.156) (the "Amended Plan"), and if such is not the case TGV will file a supplement to this brief and/or otherwise seek to resolve any such UST and/or COEP remaining objections.)

The essence of this case is that the delays in funding the Subscription Agreement by the Westar Claimants and/or Westar,[1] disputes over allocations of funds, and/or various internal

---

[1] For purposes of this Brief, the "Subscription Agreement" shall refer to the initial Subscription Agreement (to which both PDG Prestige and TGV were parties with Westar) and the Amended Subscription Agreement (to which only TGV is a party with Westar). The Amended Subscription Agreement are attached to the Westar claim, Proof of Claim No. 8.

**RESPONSE OF DEBTOR TO KUMAR AND WESTAR OBJECTIONS TO CONFIRMATION AND BRIEF IN SUPPORT OF CONFIRMATION (RE: DOCKET NOS. 140, 152) — Page 1**    2019722.DOCX[1]

divisions and controversies of the Westar Claimants, with and without Kumar, delayed the acquisition and development of the Subject Property, and by and large resulted eventually in the instant bankruptcy case.

Although TGV remains very open to a dialogue with the Westar Claimants to seek to resolve any remaining objections following the filing of the Amended Plan, if necessary, the evidence at the confirmation hearing will demonstrate that the delays in funding the obligations of the Subscription Agreement resulted in TGV failing to acquire subsequent acquisition funding on at least one occasion. Thereafter, as Kumar has confirmed in his pleadings, once the funding and/or allocation issues were settled or close to settled, the Westar Claimants simply refused to perform under the Subscription Agreement and refused to close on the conveyance of their ±2.3 acre tract of property from TGV to Westar. Instead, the Westar Claimants disrupted the acquisition of the Subject Property and then prevented the further development of the Subject Property by filing one or more lis pendens against the Subject Property and commenced the lawsuit which has resulted in the currently pending adversary proceeding.. The cumulative effect was to provided effective and/or actual veto power to the Westar Claimants as to any other sales or development of the Subject Property.

The Westar Claimants have engaged in a pattern of obstruction that continues in this case and even on the surface with respect to dealing with the Plan. The Westar Claimants[2] have rebuffed repeated requests before and after the filing of the initial plan to have a substantive, constructive exchange regarding a Chapter 11 plan that would permit the completion of the

---

[2] As further discussed in TGV's objection (Docket No. 160) to the Motion to Estimate (Docket No. 141) the claims of the Westar Claimants, the confusion and attempts to overreach extended to the separate and overlapping proofs of claim filed by each of the Westar Claimants. Despite the admission in the Motion Estimate that the Westar proof of claim itself is duplicative of the Bawa and Makani claims, the Westar Claimants continue to assert all three claims throughout their various pleadings.

**RESPONSE OF DEBTOR TO KUMAR AND WESTAR OBJECTIONS TO CONFIRMATION AND BRIEF IN SUPPORT OF CONFIRMATION (RE: DOCKET NOS. 140, 152) — Page 2**  2019722.DOCX[1]

development of the Subject Property and a method to satisfy the final, allowed claims of the Westar Claimants.

Instead of engaging in a constructive dialogue, the Westar Claimants have objected to virtually all aspects of the Plan, seemingly forgetting that the Subject Property that is to be developed by TGV is the path, and essentially the only realistic path, to satisfying the Westar claim. Accordingly, in order to resolve the last objecting creditor and to narrow the issues at confirmation, TGV has filed the Amended Plan to once and finally enforce the Subscription Agreement and satisfy the $2,350,000 shown in the Westar proof of claim by conveying a tract of ±2.269 acres to Westar.

Importantly, Legalist consents to the Amended Plan and agrees that TGV may convey both Lot 9 and Lot 7 as part of the exit from Chapter 11.

For purposes of the remainder this brief, TGV will address the Westar claim only and will accept the admission of the Westar Claimants in the Motion to Estimate (Docket No. 141) that the claims of Bawa and Makani are duplicative of or otherwise are contained within the claim itself.

## RESPONSE TO SPECIFIC OBJECTIONS

TGV provides the following responses with respect to the objection to confirmation of Westar, Docket No. 152 (the "Westar Objection").

**Lack of consent of Westar and cramdown — Code § 1129(b)(2)(B).**

The most obvious issue with respect to the treatment of the Westar Claimants is whether the Plan satisfies Code §1129(b)(2)(B) with respect to the Westar Claimants as unsecured creditors.

Westar has voted against the Plan in Class 8, thus negating the ability to directly fulfill Code §1129(a)(8) and causing TGV to rely on Code §1129(b) which provides:

> (b) (1)Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.
>
> For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> * * *
>
> > (B) With respect to a class of unsecured claims—
> >
> > (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
> >
> > (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

TGV believes that the evidence will show at confirmation that Lot 7 provides exactly the benefit of the bargain that is contemplated under the Subscription Agreement and otherwise provides value equal to the $2,350,000 shown in Proof of Claim No. 8 of Westar. No additional consideration is necessary because Westar is receiving exactly what it bargained for, and the Westar claim, Proof of Claim No. 8, asserts no amounts above or beyond the $2,350,000.

**Objection under Code §1123(a)(4) – alleged lack of same treatment.**

In Paragraph Nos. 76-78 of the Westar Objection, Westar objects under Code §1123(a)(4). Paragraph No. 77 misconstrues the treatment in Class 8. PDG Prestige and Dixson are not creditors who are treated in Class 8. Bhatt and Kumar are not released the claims of the Westar Claimants by Class 9. The Westar Claimants, Bhatt, and Kumar are free to continue the litigation forever and ever against once another without the participation of TGV, PDG Prestige,

and Dixson. Once Lot 7 is conveyed to Westar, the claim of Westar is satisfied as to TGV and otherwise by necessity as to PDG Prestige and Dixson. The Plan does not and could not resolve the various internal claims asserted by the investors against one another.

The objection under Code §1123(a)(4) under Paragraph No. 78 with respect to Class 9 is mooted by the Amended Plan. Specifically, the Amended Plan leaves the equity interests intact and unimpaired, including the Class B units of Westar.

**Westar objections under Code §1123(a)(5) — means of implementation.**

In Paragraph Nos. 79-81 of the Westar Objection, Westar next makes a series of objections under Code §1123(a)(5). These objections do not apply to the Amended Plan because the enumerated items under Code §1123(a)(5) are illustrative and not mandatory by the wording of the statute. Otherwise, the Amened Plan provides for adequate means of implementation because, for example, TGV is conveying Lot 9 and Lot 7 to creditors to satisfy claims in full, and otherwise Plan § 8 provides that TGV will conduct its going forward business operations, which consists of the development and sale of the Subject Property.

**Westar objections under Code §1129(a)(3) — good faith.**

In Paragraph Nos. 82-84 of the Westar Objection, Westar makes passing reference to the alleged lack of good faith of TGV without elaboration.

TGV would demonstrate that it has exercised good faith in prosecuting and seeking acceptance of the Plan as indicated by the resolutions reached with Noorani et al., the prior resolution of the HD Lending claim by Legalist, and with Legalist now supporting the Amended Plan, and the full payment to the limited number of unsecured creditors in addition to the proposed full satisfaction of the Subscription Agreement to Westar. *See In re Lincolnshire Campus, LLC*, 441 B.R. 524, 530 (Bankr.N.D.Tex. 2010) (holding that a plan was proposed in good faith where plan was developed and negotiated at arm's-length among representatives of

debtors and other major parties in interest); *In re Chemtura Corp.,* 439 B.R. 561, 609 (Bankr.S.D.N.Y. 2010) (finding that a plan was proposed in good faith where, among other things, the debtor negotiated and reached agreements with several parties in interest to put forward a chapter 11 plan which "in the aggregate . . . demonstrate[d] a good faith effort on the part of the debtor to consider the needs and concerns of all major constituencies" in the case).

**Westar objections under Code §1129(a)(7) —best interest test.**

In Paragraph Nos. 85-87 of the Westar Objection, Westar complains that about the lack of acceptance by each impaired class and/or the plan does not meet the best interest test with respect to rejecting classes, namely Class 8. As to both versions of the plan filed to date, and especially with respect to the Amended Plan, this objection is simply wrong. Considering the lien claims ahead of Westar consisting of Legalist, Noorani, and Home Tax, it is improbable that Westar would receive $2,350,000 or Lot 7 in any liquidation. Moreover, any value to Westar in a Chapter 7 would come months if not years after liquidation of the Subject Property, whereas the Amended Plan provides, relatively speaking, immediate value to Westar in the full amount of its claim.

The Westar Objection also fails with respect to Class 9 as treated in the Amended Plan, since the equity interests are unimpaired and all claims ahead of equity are satisfied in full.

**Westar objections under Code §1129(a)(8) — acceptance.**

In Paragraph Nos. 88-90 of the Westar Objection, Westar complains about the acceptance of the Plan by impaired classes. As demonstrated in the Ballot Report (Docket No. 159), each impaired class has accepted the Plan except for Westar and Kumar. And as demonstrated above, considering the lack of acceptance by Westar, the Amended Plan satisfies the cram down alternative provided by Code § 1129(b)(2)(B)(i).

**Westar objections under Code §1129(a)(10) — impaired acceptance**

In Paragraph Nos. 91-93of the Objection, Westar alleges that Plan and/or Amended Plan violates Code §1129(a)(10). To the contrary, as indicated in the Ballot Report, Classes 4, 5, and 6 are impaired, are not insiders, and have accepted the plan.

**Westar objections under Code §1129(a)(11) — feasibility.**

In Paragraph Nos. 94-96 of the Westar Objection, Westar essentially alleges that the plan and/or Amended Plan lacks feasibility. To begin, this is quite an ironic objection from a creditor who has actively defeated the process that would have and could have addressed its claims prior to bankruptcy. Otherwise, the evidence at the confirmation hearing will show that the Amended Plan is feasible. Moreover, Legalist, which effectively is the only creditor at actual risk following confirmation and the treatment of the other classes, approves of the conveyance of Lot 9 and Lot 7 to satisfy the respective claims of Noorani and Westar.

Westar also alleges that the projections are not consistent with the performance of TGV during bankruptcy. TGV would show that the nature of the debtor's business is one that is not readily susceptible to progress during the bankruptcy case, especially under the circumstances and/or timing of this case, but is capable of rapid advancement outside of the bankruptcy case. Moreover, for the first time in several years, following bankruptcy, TGV will not have the impediments of judgment liens and list pendens hindering the development of the Subject Property.

**Westar objections under Code §1129(b)— cramdown.**

In Paragraph Nos. 97-99 of the Objection, Westar alleges that the plan discriminate unfairly and violates the absolute priority rule. This objection is addressed above in regard to the discussion of the application of Code § 1129(b)(2)(B)(i) and the full satisfaction of the Westar claim.

With respect to Class 9 and the equity interest, Code § 1129(b)(2)(C) is no longer an issue under the Amended Plan because all equity interest will remain intact, and thus are unimpaired under Code § 1129(a)(8)(B).

**Westar objections under Code §254(e)— alleged releases.**

In Paragraph Nos. 100-102, of the Objection, the Plan does not propose to or is not intended to also constitute a release of Bhatt and/or Kumar. By necessity, once the Subscription Agreement is fulfilled and Lot 7 is conveyed to Westar, the liability of TGV, PDG Prestige, and Dixson naturally evaporate. From a practical aspect also, TGV desires to have its manager and its principal both free from the continued litigation is so that all focus may be on the success of the development of the Subject Property following confirmation. In any event, if the release language in Class 8 requires modification in order to achieve confirmation, TGV would request that the Court permit an amendment or modification of the Plan so that otherwise may be confirmed.

## RESPONSE TO KUMAR OBJECTION

Suresh Kumar also objects to confirmation of the plan (Docket No. 140) (the "Kumar Objection").

With respect to Paragraph No. 35 of the Kumar Objection under Code §1123, TGV would show that the Westar Claimants and/or Kumar are not ordinary unsecured creditors because of the interest in the Subject Property asserted by that group and the rights asserted with respect to specific performance under the Subscription Agreement. Those interest and/or remedies easily distinguish Class 8 from any other unsecured creditors.

With respect to Paragraph Nos. 36-38 of the Kumar Objection under Code §1129(a)(7), the Amended Plan satisfies the best interest test by the full satisfaction of Proof of Claim No. 8 of Westar and/or the fulfillment of the Subscription Agreement. The only potential limitation is

one that has always existed in that Kumar realizes his value through Westar and must deal with Westar Claimants. Otherwise, as set forth in the objection of TGV (Docket No. 161) to the Motion to Estimate of Kumar (Docket No. 139), TGV would show that Kumar possesses no net claim against TGV.

With respect to Paragraph No. 39 of the Kumar Objection under Code §1129(a)(8), the Amended Plan sufficiently addresses the Kumar claim and/or Kumar has no claim as set forth above.

With respect to Paragraph Nos. 40-44 of the Kumar Objection and new value, the Amended Plan is a full payment plan such that the equity interest may carry forward because all other claims are satisfied in full.

With respect to Paragraph Nos. 45-52 of the Kumar Objection and the releases and/or exculpation, the Amended Plan omits and removes the releases and exculpation provisions.

## POTENTIAL FURTHER AMENDMENTS

Although TGV believes that each of the objections contained within the Westar Objection fail, what's particularly with respect to the Amended Plan, TGV nonetheless would request the opportunity during the confirmation hearing to further amend and/or modify the Amended Plan to seek to resolve any objections that might be sustained by the Court.

## RESERVATION OF RIGHTS

TGV reserves the right to amend and/or supplement this Brief.

## CONCLUSION AND PRAYER

Debtor respectfully request that the Court deny the objections to and thus confirm the Amended Plan. Debtor respectfully requests such other and further relief to which Debtor is entitled at law or in equity.

*{continued on following sheet}*

Dated: September 1, 2021

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
 JEFF CARRUTH (TX SBN:. 24001846)
 3030 Matlock Rd., Suite 201
 Arlington, Texas 76105
 Telephone: (713) 341-1158
 Fax: (866) 666-5322
 E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
THE GATEWAY VENTURES LLC,
DEBTOR AND DEBTOR IN POSSESSION

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on September 1, 2021 (1) by electronic notice to all ECF users who have appeared in this case to date (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility, as set forth in the attached lists.

 */s/ Jeff Carruth*
JEFF CARRUTH

**21-30071-hcm Notice will be electronically mailed to:**

Jeff Carruth on behalf of Debtor The Gateway Ventures, LLC
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Harrel L. Davis, III on behalf of Creditor Saleem Makani
hdavis@eplawyers.com, vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Defendant Saleem Makani
hdavis@eplawyers.com, vrust@eplawyers.com;vpena@eplawyers.com

James Michael Feuille on behalf of Creditor Ashish Nayyar
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Deepesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Rahim Noorani
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Creditor Umesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com

Ryan Little on behalf of Interested Party Union Gateway, LLC
little@mgmsg.com, tsilva@mgmsg.com

Michael R. Nevarez on behalf of Creditor Saleem Makani
MNevarez@LawOfficesMRN.com, MRN4Bankruptcy@gmail.com

Clyde A. Pine, Jr. on behalf of Creditor HD Lending, LLC
pine@mgmsg.com, clyde.pine@gmail.com

James W Rose, Jr on behalf of U.S. Trustee United States Trustee - EP12
james.rose@usdoj.gov,
brian.r.henault@usdoj.gov;carey.a.tompkins@usdoj.gov;Roxana.peterson@usdoj.gov

Donald P. Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov

Eric Charles Wood on behalf of Creditor Saleem Makani
eric@brownfoxlaw.com, tracy@brownfoxlaw.com

Eric Charles Wood on behalf of Creditor Saleem Makani

eric@brownfoxlaw.com, tracy@brownfoxlaw.com

Eric Charles Wood on behalf of Creditor Saleem Makani
eric@brownfoxlaw.com, tracy@brownfoxlaw.com

dip@legalist.com

```
Label Matrix for local noticing       The Gateway Ventures, LLC              U.S. BANKRUPTCY COURT
0542-3                                 c/o PDG Prestige, Inc.                 511 E. San Antonio Ave., Rm. 444
Case 21-30071-hcm                      780 N Resler Drive, Suite B            EL PASO, TX 79901-2417
Western District of Texas              El Paso, TX 79912-7196
El Paso
Tue Jun  8 10:20:29 CDT 2021

Ashish Nayyar                          Ashish Nayyar                          Ashish Nayyar, Rahim Noorani,
806 Rockport Lane                      c/o James M. Feuille                   Deepesh Shrestha, and Umesh Shrestha
Allen, TX 75013                        ScottHulse PC                          c/o James M. Feuille
                                       P.O. Box 99123                         201 E. Main Drive, Suite 1100
                                       El Paso, TX 79999-9123                 El Paso, TX 79901-1340


Border Demolition                      City of El Paso                        Comptroller of Public Accounts
Attn: Bonnie Solis                     c/o Don Stecker                        C/O Office of the Attorney General
1004 Diesel Drive                      112 E. Pecan St. Suite 2200            Bankruptcy - Collections Division MC-008
El Paso, TX 79907-3100                 San Antonio, TX 78205-1588             PO Box 12548
                                                                              Austin TX  78711-2548


Deepesh Shrestha                       Depcesh Shrestha                       El Paso County Tax AC
c/o James M. Feuille                   3708 N. White Chapel Blvd.             301 Manny Martinez Dr., 1st Floor
ScottHulse PC                          Southlake, TX 76092-2042               El Paso, TX 79905-5503
P.O. Box 99123
El Paso, TX 79999-9123


HD Lending LLC                         HD Lending LLC                         HD Lending, LLC
6080 Surety Dr. Ste 101                c/o Stephen H. Nickey PC               c/o Clyde A. Pine, Jr.
El Paso, TX 79905-2066                 1201 North Mesa Ste. B                 Mounce Green Myers
                                       El Paso, TX 79902-4000                 P.O. Box 1977
                                                                              El Paso, Texas 79999-1977


Internal Revenue Service               Michael Dixson                         PDG Prestige, Inc.
Special Procedures Staff - Insolvency  780 N. Resler Drive Suite B            780 N. Resler Drive Suite B
P. O. Box 7346                         El Paso, TX 79912-7196                 El Paso, TX 79912-7196
Philadelphia, PA 19101-7346


Rahim Noorani                          Rahim Noorani                          Rahim Noorani, et al.
4312 Hopi Drive                        c/o James M. Feuille                   c/o Marty D. Price
Carrolton, TX 75010-1133               ScottHulse PC                          2514 Boll St.
                                       P.O. Box 99123                         Dalals, TX 75204-2512
                                       El Paso, TX 79999-9123


Saleem Makani                          Saleem Makani                          Spectrum Gulf Coast, LLC
c/o Eric W. Wood                       c/o Eric Wood (Brown Fox)              c/o Thompson Coburn LLP, Attn: Brian Hoc
Brown Fox PLLC                         8111 Preston Rd. Ste 300               One U.S. Bank Plaza, Suite 2700
5550 Granite Parkway, Suite 175        Dallas, TX 75225-6329                  St. Louis, MO 63101-1616
Plano, Texas 75024
Email: eric@brownfoxlaw.com  75024-3834

Suhail Bawa                            Suhail Bawa                            Suresh Kumar
c/o Eric W. Wood                       c/o Eric Wood (Brown Fox)              c/o Harrel Davis
Brown Fox PLLC                         8111 Preston Rd. Ste 300               PO Box 1322
5550 Granite Parkway, Suite 175        Dallas, TX 75225-6329                  El Paso, TX 79947-1322
Plano, Texas 75024
Email: eric@brownfoxlaw.com  75024-3834

Texas Attorney General                 (p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY   Umesh Shrestha
Environmental Protection Division      ATTN BANKRUPTCY PROGRAM                8505 Revenue Way
P.O. Box 12548                         P O BOX 13087                          North Richland Hills, TX 76182-7431
Austin, TX 78711-2548                  MC 132
                                       AUSTIN TX 78711-3087
```

| | | |
|---|---|---|
| Umesh Shrestha<br>c/o James M. Feuille<br>ScottHulse PC<br>P.O. Box 99123<br>El Paso, TX 79999-9123 | Union Gateway, LLC<br>c/o Ryan Little<br>P. O. Drawer 1977<br>El Paso, Texas 79999-1977 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Westar Investor Group LLC<br>c/o Eric Wood (Brown Fox)<br>8111 Preston Rd. Ste 300<br>Dallas, TX 75225-6329 | Westar Investors Group LLC<br>c/o Michael R. Nevarez (Local Counsel)<br>The Nevarez Law Firm, P.C.<br>P.O. Box 12247<br>El Paso, TX 79913-0247 | Westar Investors Group, LLC<br>c/o Eric W. Wood<br>Brown Fox PLLC<br>5550 Granite Parkway, Suite 175<br>Plano, Texas 75024<br>Email: eric@brownfoxlaw.com  75024-3834 |
| Jeff Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046-2445 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Texas Commission on Environmental Qualit<br>Reg. 6 Office Compliance Enforcement<br>401 E Franklin Ave, Suite 560<br>El Paso, TX 79901-1212 | End of Label Matrix<br>Mailable recipients   36<br>Bypassed recipients    0<br>Total                 36 |