**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | CASE NO. 21-30071-hcm |
| | § | |
| Debtor. | § | CHAPTER 11 |

**OBJECTIONS OF WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI TO HEARING ON EMERGENCY MOTION TO ASSUME AND ENFORCE WESTAR SUBSCRIPTION AGREEMENT AND GRANT RELATED RELIEF**
**(DOC #219)**

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

**COME NOW** WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, and SALEEM MAKANI, creditors and parties-in-interest in the above captioned proceedings, by and through the undersigned attorney of record, and hereby file these "Objections Of Westar Investors Group, LLC, Suhail Bawa, And Saleem Makani To Hearing On Emergency Motion To Assume And Enforce Westar Subscription Agreement And Grant Related Relief", and respectfully submit as follows:

**I.     PRELIMINARY STATEMENT.**

1.     Westar Investors Group, LLC ("WESTAR"), Suhail Bawa ("BAWA") and Saleem Makani ("MAKANI"), creditors and parties-in-interest herein, hereby request that the Court deny the "Emergency Motion To Assume And Enforce Westar Subscription Agreement And Grant Related Relief" (DOC #219) filed by Debtor The Gateway Ventures, LLC ("TGV"), and continue the Expedited Hearing scheduled thereon, for the reasons stated hereinafter.

**II.     FACTUAL BACKGROUND.**

2.     On Thursday, September 30, 2021, TGV filed an "Emergency Motion to Assume

and Enforce Westar Subscription Agreement And Grant Related Relief." (DOC #219) ("Emergency Motion").

3. That same day, Thursday, September 30, 2021, TGV Debtor filed a "Motion For Expedited Consideration (sic) Emergency Motion To Assume And Enforce Westar Subscription Agreement And Grant Related Relief (Re: Docket No. 219)." (DOC #220) ("Expedited Motion").

4. Also, that same day, Thursday, September 30, 2021, this Court entered a text Order Granting TGV's Expedited Motion, and setting the Hearing on subject Emergency Motion for two (2) business days later, on October 4, 2021. (DOC #123) ("Expedited Hearing").

### III. ARGUMENT AND AUTHORITIES.

5. TGV's Emergency Motion seeks the exact same relief that it previously sought in its September 8, 2021, "Motion For Expedited Consideration Regarding Motion Of Debtor To Assume And Enforce Subscription Agreement And Grant Related Relief (Re: Docket No. 167)" ("Motion For Expedited Consideration"), which was for the Court to allow TGV to assume and enforce the WESTAR Subscription Agreement. (See DOC #181).

6. At the Hearing on its previous Motion For Expedited Consideration, that same day, September 8, 2021, the Court advised counsel for TGV that it was seeking the same relief that it was seeking in TGV's First Amended Plan. At the Hearing, counsel for TGV agreed to withdraw his Motion For Expedited Consideration.

7. Accordingly, that same day, September 8, 2021, the Court issued an Order noting therein that TGV's "Motion withdrawn without prejudice to Debtor seeking such relief through TGV's First Amended Plan." (DOC #189). That same day, September 8, 2021, the Court also

issued an Order, effectively denying, as "Withdrawn", TGV's Motion For Expedited Consideration. (DOC #190).

8. Nothing has changed since the first time the Court denied TGV's Motion For Expedited Consideration, as TGV's Emergency Motion seeks the same relief that it is currently seeking through TGV's First Amended Plan, so the current Emergency Motion is simply duplicative, unnecessary and therefore frivolous, again.

9. The question of the enforceability of subject Subscription Agreement is also directly at issue in this Court's Adversary Proceeding No. 21-03009, between TGV and WESTAR. Specifically, in said adversary proceeding, the question of whether or not said Subscription Agreement is enforceable is directly at issue, as the uncontroverted record therein very clearly demonstrates TGV defaulted pre-petition on the terms and conditions of said Subscription Agreement, which resulted in substantial damages to WESTAR. Hence, TGV's Emergency Motion herein raises questions of fact and law to be duly and more appropriately resolved in the adversary proceeding in this Court.

10. It then is quite obvious why TGV repeatedly seeks to avoid the adversary proceeding on the issue of the enforceability of the Subscription Agreement, and curtail WESTAR's opportunity to adequately prepare for the proffer of evidence at the confirmation hearing, through its repeated emergency/expedited attempts to avoid same.

11. In view of the foregoing, it is clear that TGV is attempting to obtain a Court Order granting the Emergency Motion, without providing WESTAR, BAWA and MAKANI due reasonable notice and opportunity to respond in writing in opposition to said Emergency Motion, or the Expedited Hearing thereon.

12. Therefore, WESTAR, BAWA and MAKANI hereby file their objections to the Expedited Hearing, on the basis that two (2) business days is an insufficient and inadequate time to (a) prepare and file a written response and objection to the Emergency Motion prior to the Expedited Hearing, and/or (b) prepare for any testimony or argument to be proffered at the Emergency Hearing, on the question of the enforceability of said Subscription Agreement, due to TGV's pre-petition default of same.

13. WESTAR, BAWA and MAKANI hereby also file their objections to the Emergency Motion, on the basis that (a) TGV's Emergency Motion seeks the same relief that it is seeking in TGV's Plans and modification thereto, and (b) seeks to limit WESTAR's opportunity to proffer evidence at the confirmation hearing.

## IV.     PRAYER.

**WHEREFORE, PREMISES CONSIDERED, AND FOR THE FOREGOING REASONS**, Westar Investors Group, LLC, Suhail Bawa and Saleem Makani, creditors and parties-in-interest herein, hereby respectfully request that the Court (a) deny TGV's Emergency Motion, and (b) reset the Hearing on same to a later date, so as to allow the WESTAR parties a reasonable opportunity to file a written response and objection, and prepare for said Hearing.

October 4, 2021

Respectfully submitted,
The Nevarez Law Firm, PC
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
State of Texas Bar No. 14933400
Attorney for Westar Investors Group, LLC
Suhail Bawa and Saleem Makani

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **OBJECTIONS OF WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI TO HEARING ON EMERGENCY MOTION TO ASSUME AND ENFORCE WESTAR SUBSCRIPTION AGREEMENT AND GRANT RELATED RELIEF** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first-class mail, postage prepaid, to the following parties in interest, on or before October 4, 2021:

**DEBTOR:**
The Gateway Ventures, LLC
c/o PDG Prestige, Inc.
780 N Resler Drive, Suite B
El Paso, TX 79912

**ATTORNEY FOR DEBTOR:**
Jeff Carruth
Weyer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza, #2050
Houston, TX 77046
Email: jcarruth@wkpz.com

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**