**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | CASE NO. 21-30071-hcm |
| | § | |
| Debtor. | § | CHAPTER 11 |

**WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI'S
MOTION TO DISMISS CHAPTER 11 CASE**

**TO THE HONORABLE BANKRUPTCY JUDGE H. CHRISTOPHER MOTT:**

**COME NOW** WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA and SALEEM MAKANI, creditors and parties-in-interest in the above captioned proceedings, by and through the undersigned attorney of record, and hereby file their Motion To Dismiss Chapter 11 Case (hereinafter referred to as the "Motion"), and in support of this Motion respectfully show the Court as follows:

**I.    PRELIMINARY STATEMENT.**

1.     Westar Investors Group, LLC ("WESTAR"), Suhail Bawa ("BAWA") and Saleem Makani ("MAKANI") hereby move the Court to dismiss the above-referenced Chapter 11 case without prejudice to refiling, on the basis that PDG Prestige, Inc. ("PDG") lacked the authority to file the Chapter 11 Bankruptcy Petition filed herein, on behalf of Debtor The Gateway Ventures, LLC ("TGV").

**II.    FACTS.**

**A.     The Formation of Debtor TGV.**

2.     Under TGV's "Amended and Restated Limited Liability Company Agreement" ("LLC Agreement") pertinent herein, TGV was organized as a Texas limited liability company by the filing of the Certificate with the Secretary of State of the State of Texas. (See Exhibit A

attached hereto, Page 13, Paragraph 2.1, on Page 9 of the LLC Agreement).

3. The LLC Agreement was agreed to and executed by and between WESTAR herein, a Texas limited liability company, and PDG Prestige, Inc., a Texas for profit Corporation. (See Exhibit A attached hereto, Pages 54 and 55).

4. Upon information and belief, there are no other signatories to subject LLC Agreement, and there are no other members in TGV.

**B.    The Equity Interests of Debtor TGV.**

5. Under the LLC Agreement, TGV was authorized to issue two (2) membership classes of Units: Class A Units and Class B Units. (See Exhibit A attached hereto, Page 14, Paragraph 3.1, on Page 10 of the LLC Agreement).

6. Said "Units" constitute all of the "Equity Securities" of TGV. (See Exhibit A attached hereto, Page 8, on Page 4 of the LLC Agreement).

7. Under "Schedule A" of TGV's LLC Agreement, PDG holds 100% of the Class A Units, and WESTAR holds 100% of the Class B Units. (See Exhibit A attached hereto, Page 52, for Schedule A of the LLC Agreement).

8. PDG and WESTAR thus hold an equal percentage of the "Equity Securities" of TGV, and therefore each have an equal say on matters affecting the value of the "Equity Securities" of TGV.

**C.    Authority To File Bankruptcy.**

9. The LLC Agreement is silent as to who has the authority to file a Chapter 11 Bankruptcy Petition on behalf of TGV, as the LLC Agreement is totally devoid of any such provision. (See Exhibit A attached hereto).

10. The "Amended and Restated Interest Subscription Agreement" ("Subscription Agreement"), agreed to and executed by and between WESTAR and TGV, similarly does not address the question as to who has the authority to file a Chapter 11 Bankruptcy Petition on

behalf of TGV.  (See Exhibit B attached hereto).

11. Accordingly, neither WESTAR nor PDG have express authority to file a Chapter 11 Bankruptcy Petition on behalf of TGV.

12. Rather, as co-equal holders of the "Equity Securities" of TGV, WESTAR and PDG each have the right to determine whether to file a Chapter 11 Bankruptcy Petition on behalf of TGV, since the filing of a bankruptcy petition would necessarily affect (a) the value of the "Equity Securities" of TGV, and by extension (b) the value of their capital contributions.

**D.    The Unauthorized Filing Of The Bankruptcy Petition Herein.**

13. On February 2, 2021, Jeff Carruth ("CARRUTH") filed the Chapter 11 Petition ("Petition") herein, as "attorney for debtor" TGV.  (DOC #1, Page 4) (See Exhibit C attached hereto).

14. Presumably, CARRUTH electronically signed the Chapter 11 Petition herein, on behalf of Michael Dixson ("DIXSON"), with DIXSON therein electronically declaring under penalty of perjury that he was "authorized to file this petition on behalf of the debtor."  (DOC #1, Page 4) (See Exhibit C attached hereto).

15. Apparently, CARRUTH also electronically signed the Chapter 11 Petition herein, on behalf of DIXSON, with DIXSON therein electronically declaring under penalty of perjury that he was the "authorized representative of debtor."  (DOC #1, Page 4) (See Exhibit C attached hereto).

16. It appears CARRUTH also electronically signed the Chapter 11 Petition herein, on behalf of DIXSON, with DIXSON therein electronically declaring under penalty of perjury that he was, filing the Petition as "President/Director" of PDG.  (DOC #1, Page 9) (See Exhibit C attached hereto).

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm                                                                                             Page 3 of 12

17. In the Petition, DIXSON electronically represented that he had authority to sign and file subject Petition as "manager" of TGV, pursuant to purported "resolutions adopted by the Board of Directors" of PDG, allegedly in a "special meeting" of PDG. (DOC #1, Page 9) (See Exhibit C attached hereto).

18. However, the purported "resolutions adopted by the Board of Directors" of PDG, allegedly in a "special meeting" of PDG, were never signed by DIXSON, electronically or otherwise, it so appears. (DOC #1, Page 9) (See Exhibit C attached hereto).

19. The unsigned "Resolution of Board of Directors" of PDG thus confirms herein that DIXSON was not in fact "authorized and directed to execute and deliver all documents necessary to perfect the filing of" the Petition herein. (DOC #1, Page 9) (See Exhibit C attached hereto). PDG, and DIXSON, thus never had actual written authority to file subject Bankruptcy Petition on behalf of TGV.

20. In contradistinction, as noted above, none of the agreements between PDG and WESTAR authorized anyone, or any entity, to file a Bankruptcy Petition on behalf of TGV. Therefore, PDG, and DIXSON, never had actual written authority, or implied authority, to file subject Bankruptcy Petition on behalf of TGV.

21. Furthermore, no meeting authorizing the filing of subject Petition was ever conducted by *TGV*, and if it was, no notice of such alleged meeting was ever provided to equity security holder WESTAR.

22. Consequently, the filing of subject Chapter 11 Petition herein was wholly unauthorized, and filed without notice to, or authorization by, equity security holder and Class B member WESTAR.

23. Significancy, the "Element Franchise Agreement" pertinent herein, as agreed to

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm    Page 4 of 12

and executed by and between WESTAR and Marriott International, Inc., expressly states that the filing of any bankruptcy petition for reorganization shall result in the "Immediate Termination" of said Franchise Agreement. (See Exhibit D attached hereto, Page 26, for Paragraph 19.1 on Page 22 of the Element Franchise Agreement).

24. Considering the "Immediate Termination" provision of said Franchise Agreement, the unauthorized filing of the Chapter 11 Petition herein was certainly not in the "best interests" of (a) Debtor TGV, (b) equity security holder WESTAR, or (c) the joint venture engaged in herein by PDG and WESTAR, through the formation of Debtor TGV.

25. The improper, unauthorized and unlawful actions of PDG and DIXSON thus constitute a breach of the implied fiduciary duties of loyalty and care owed to WESTAR, by DIXSON and PDG, under the laws of the State of Texas.

### III. ARGUMENT AND AUTHORITIES.

**A. This Court Should Grant This Motion, Because TGV Lacked The Express And Implied Authority Of The LLC Members To File The Bankruptcy Petition Herein.**

26. Improper authority to file for bankruptcy is often cited as cause for dismissal. *See In re Munteanu*, No. 06-6108, 2007 WL 1987783, at *3 (E.D.N.Y. June 28, 2007) (referencing a bankruptcy court's equitable powers under 11 U.S.C. § 105) (emphasis added) (citing *In re A–Z Elec.*, LLC, 350 B.R. 886, 891 (Bankr. D. Idaho 2006) (holding that § 1112(b) provided grounds for dismissal of case filed by individual who lacked authority to file the petition on behalf of the debtor company); *In re Real Homes, LLC*, 352 B.R. 221, 225 (Bankr. D. Idaho 2005) (same); *In re J&J Prop. Holdings, LLC*, 2004 WL 5463804 at *2 (Bankr. W.D.N.C. Jan. 20, 2004) (same)). Indeed, in *In re Munteanu*, the district court found that the bankruptcy court did not abuse its discretion even when it raised the issue of dismissal *sua sponte* and without a motion from the U.S. Trustee. *Id.*

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm  Page 5 of 12

27. According to the United States Supreme Court, this Court has authority to dismiss this Chapter 11 case without relying on § 1112(b). Should a court find "that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." *Price v. Gurney*, 324 U.S. 100, 106, 65 S. Ct. 513, 89 L.Ed. 776 (1945).

28. Further, should a court find that a debtor, who acts on behalf of a corporation, filed bankruptcy without the prerequisite authority, "the Court ... would be required to dismiss [that] unauthorized filing even if § 1112(b) were not in the Bankruptcy Code." *In re ComScape Telecommunications, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010); citing *In re Southern Elegant Homes, Inc.*, 2009 WL 1639745 at *1 (Bankr. E.D.N.C. June 9, 2009) (dismissing unauthorized petition without relying on § 1112(b)); *In re N2N Commerce, Inc.*, 405 B.R. 34, 41 (Bankr. D. Mass. 2009) (same); *In re Telluride Income Growth Ltd. P'ship*, 311 B.R. 585, 591 (Bankr. D. Colo. 2004) (same); *Kelly v. Elgin's Paint & Body Shop, Inc.* (*In re Elgin's Paint & Body Shop, Inc.*), 249 B.R. 110, 112 (Bankr. D.S.C. 2000) (same).

29. Here, the Court should dismiss this Chapter 11 case, ***sua sponte***, since none of the TGV agreements, between TGV co-equal members PDG and WESTAR, expressly or impliedly authorized anyone, or any entity, even PDG and DIXSON, to file the Bankruptcy Petition herein on behalf of TGV.

30. Perhaps more importantly, here it is abundantly clear by the ***unsigned*** purported "Resolution of Board of Directors" of PDG that, at the time of the filing of subject Petition, PDG, and DIXSON, did not actually have the express written authority of PDG (if it even existed), to file subject Petition, as said purported resolutions were not ever formally or duly executed or adopted by PDG.

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm                                                                 Page 6 of 12

**B.   This Court Should Grant This Motion, Since TGV Not Only Lacked The Authority To File The Petition Under The Bankruptcy Code, And The Laws Of The State Of Texas, But TGV Also Violated And Breached The Fiduciary Duties Owed To Its Member WESTAR, By Filing The Unauthorized Petition Herein, in "Bad Faith."**

31.   The Bankruptcy Code does not prescribe who has the authority to file a petition on behalf of a Debtor.  Because Debtor TGV is an entity created under state law, the Court must look to state law to determine the authority issue. *See Phillips v. First City, Texas–Tyler, N.A. (In re Phillips)*, 966 F.2d 926, 934 (5th Cir.1992) ("Without further direction from Congress, we will continue to look to state law to determine which people have authority to seek federal bankruptcy protection on behalf of state-created business entities.").

32.   In *In re TAGT, L.P.*, 393 B.R. 143 (2006), the United States Bankruptcy Court, for the Southern District of Texas (Houston Division) dismissed a Chapter 11 bankruptcy petition that was filed on behalf of a limited liability company, by an LLC member that was the sole general partner, because said LLC member lacked authority to do so.

33.   The holding in *TAGT* is thus applicable herein, by analogy, because here, as in *TAGT*, the Chapter 11 bankruptcy petition that was filed on behalf of a limited liability company (such as TGV herein), was dismissed, because it was improperly filed by an LLC member (here, PDG), who was the sole general partner (here, PDG), as said LLC member (here, PDG) lacked authority to file (as was so lacking in PDG herein, as noted above).

34.   In *TAGT*, as is the case herein, no written consent or delegation was given to the LLC member filing the petition (here, PDG), and therefore said LLC member (here, PDG) lacked the authority to file the bankruptcy petition (as did PDG herein, as also noted above).

35.   Here, as in *TAGT*, the improper filing of the bankruptcy petition was prompted by a state court lawsuit, which was then removed to the bankruptcy court, after the improper filing of the bankruptcy petition.

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm    Page 7 of 12

36. Here, as in *TAGT*, the filing of the bankruptcy petition was kept secret from the other members (here WESTAR, and by extension, BAWA and MAKANI), despite the fact that in *TAGT*, (as here) the parties were engaged in state court litigation.

37. Here, as in *TAGT*, the non-filing member of the filing LLC (here, WESTAR) was not even contacted prior to the filing of the Petition, even though the filing member of the LLC (here, PDG, through DIXSON, aided by CARRUTH) knew that PDG (and therefore DIXSON, as the "as "President/Director" of PDG, and the sole Manager of TGV), who was in that capacity, a fiduciary.

38. As was stated in *TAGT*, at 150, a Manager of an LLC should "not act in stealth to inflict harm on their beneficiaries" (here, WESTAR, and by extension, BAWA and MAKANI). Yet, here, as in *TAGT*, that is exactly what PDG "President/Director" DIXSON chose to do (aided by CARRUTH). As the Court state in *TAGT*, at 150-151:

> One must ask how he (DIXSON) carried out that duty by engaging in a surreptitious bankruptcy filing without notice to any of the beneficiaries of his fiduciary duties (here, WESTAR, and by extension, BAWA and MAKANI). Third, Leonard (here, CARRUTH) purported to act as attorney for Yorkshire and TAGT (here, TGV). He too purported to act as a fiduciary.
>
> . . .
>
> If a lawyer (here, CARRUTH) is prepared to disregard the facts and ignore the law, he can come to a legal conclusion that satisfies his client. That is what Leonard (here, CARRUTH) did. Throughout, he treated Knight (DIXSON) as his client. Had he treated Yorkshire and TAGT (here, WESTAR) as his clients, he would not have come to the same conclusions.
>
> . . .
>
> He (CARRUTH) was always Knight's (DIXSON's) lawyer. When he (CARRUTH) filed the chapter 11 petitions for TAGT (TGV) and Yorkshire, he masqueraded as TAGT (TGV) and Yorkshire's counsel. He (CARRUTH) was, in fact, serving only Knight's (DIXSON's) interests.

(parentheticals added for clarification).

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm   Page 8 of 12

39. Therefore, here, as in *TAGT*, the Court should be "extraordinarily troubled" by the above-described conduct of PDG, DIXSON, and CARRUTH. *Id*. at 150.

40. Moreover, here, as in *TAGT*, there was no pending foreclosure prior to the filing of the bankruptcy petition, and so the filing of the petition in *TAGT* was deemed by the Court to have been filed in "bad faith", as it so should be here.[1]

41. Yet, here, the conduct of PDG, DIXSON, and CARRUTH is even more egregious than that of the corresponding parties in *TAGT*. Here, unlike in *TAGT*:

    a. TGV's bankruptcy petition was *not* actually signed by "President, Manager" DIXSON;

    b. Neither the LLC Agreement, nor the Subscription Agreement, provides DIXSON, or PDG, with the express or implied authority to file a Chapter 11 Bankruptcy Petition on behalf of TGV;

    c. The unlawful and willful conduct of PDG, DIXSON, and CARRUTH jointly violated the "Immediate Termination" provision of WESTAR's Franchise Agreement, due to the filing of the Chapter 11 Petition, whether authorized or not; and,

    d. The unlawful and willful conduct of PDG, DIXSON, and CARRUTH jointly damaged the reputation of BAWA and MAKANI, and inflicted upon WESTAR, BAWA and MAKANI considerable monetary and financial damage, due to the filing of the Chapter 11 Petition, lawful or otherwise.

42. Even more egregious, here, the actual motive of PDG, DIXSON, and CARRUTH, in the filing of the Chapter 11 Petition, whether authorized or not, was obviously to automatically stay the state court proceeding, initiated by WESTAR, wherein WESTAR asserted numerous causes of action, resulting from TGV's breach of the terms of the Subscription Agreement, and the resulting violation of the fiduciary duties owed by TGV, and DIXSON, to

---

[1] The United States Fifth Circuit Court of Appeals, in *In re Yorkshire, LLC*, 540 F.3d 328 (2008) did not reverse the ruling in *TAGT*. Instead, the Fifth Circuit upheld the bankruptcy court's imposition in *TAGT* of attorney's fees for a violation of Bankruptcy Rule 9011(b)), for the improper filing of an unauthorized bankruptcy filing.

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm      Page 9 of 12

WESTAR.

43. Indeed, the unlawful and willful conduct and "bad faith" of PDG, DIXSON, and CARRUTH herein is loudly amplified by the repeated filings of TGV's "Emergency" and "Expedited" motions for an Order allowing it to assume and enforce the pre-petition Subscription Agreement that TGV breached long ago, in a multitude of fashions.

44. The repeated filings of "Emergency" and "Expedited" motions merely serves to underscore the continued misconduct and "bad faith" of PDG, DIXSON, and CARRUTH in these Chapter 11 proceedings.

### IV. RELIEF REQUESTED.

45. Based on the foregoing, since PDG and DIXSON never had actual or implied authority to file the Bankruptcy Petition herein on behalf of TGV, WESTAR, BAWA and MAKANI hereby move the Court to issue the attached proposed Order dismissing this Chapter 11 case, immediately and *sua sponte*, without prejudice to refiling at a later date.

46. WESTAR, BAWA and MAKANI hereby further move the Court to issue the attached proposed Order, specifically requiring that any forthcoming bankruptcy petition, if any, be first properly and duly authorized by the co-equal members of TGV: PDG and WESTAR.

### V. PRAYER.

**WHEREFORE, PREMISES CONSIDERED, AND FOR THE FOREGOING REASONS**, Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani, creditors and parties-in-interest, respectfully pray the that the Court (a) grant this Motion, (b) dismiss this Chapter 11 case without prejudice to refiling, upon proper notice and approval to and byWestar Investors Group, LLC, Suhail Bawa, and Saleem Makani, and (c) for such other and further relief to which they may be justly entitled.

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm                                                                                   Page 10 of 12

October 4, 2021                    Respectfully submitted,

**THE NEVAREZ LAW FIRM, PC**

7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**
State Bar No. 14933400

Attorney for Westar Investors Group, LLC
Suhail Bawa and Saleem Makani

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm                    Page 11 of 12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI'S MOTION TO DISMISS CHAPTER 11 CASE** with all supporting attachments, exhibits, and affidavits referenced therein, if any, was served either by regular first-class mail, postage prepaid, and/or by eFiling via an Electronic Filing Service Provider, and/or via facsimile, to the following parties in interest, on this October 4, 2021:

**DEBTOR:**
The Gateway Ventures, LLC
c/o PDG Prestige, Inc.
780 N Resler Drive, Suite B
El Paso, TX 79912

**ATTORNEY FOR DEBTOR:**
Jeff Carruth
Weyer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza, #2050
Houston, TX 77046

    /s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Motion To Dismiss Chapter 11 Case
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm                Page 12 of 12