# AMENDED AND RESTATED INTEREST SUBSCRIPTION AGREEMENT

This Amended and Restated Interest Subscription Agreement ("Agreement") is made by and between The Gateway Ventures, LLC. (the "Company") and Westar Investors Group, LLC ("Purchaser") effective April 2, 2019 ("Effective Date") and is intended to amend and restate in full that certain Interest Subscription Agreement made between the Company and Purchaser dated December 17, 2019.

A. The Gateway Ventures, LLC. is a Texas limited liability company formed on November 28, 2018, PDG Prestige, Inc., is the Company's sole Manager.

B. Purchaser desires to subscribe for 100 Class B Units, of the Company ("the Units") from Company and the Company desires to issue the Units to Purchaser as set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the premises and the mutual agreements set forth in this Agreement and for other good, valid and binding consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## ARTICLE I
## AGREEMENT OF PURCHASE AND SALE

1.1. Purchaser has paid to the Company the sum of $1,100,000 ("Initial Contribution"). Upon execution of this agreement Purchaser will contribute an additional amount of $1,250,000.00 ("Additional Contribution"). Upon receipt of the Additional Contribution, the Company will issue to Purchaser and Purchaser will takes possession of the Units from the Company. Because the Units are not certificated, PDG will not cause the Company to issue a share certificate to Purchaser representing the Units; but the Company Agreement will be supplemented if necessary to reflect the issuance of the Units to Purchaser. The Units will include rights to profits and distributions, and will be subject to all obligations, duties, and covenants of the Company Agreement.

1.2.(a). The Company has represented to Purchaser that the Company will acquire within ten (10) days from the Effective Date of this Agreement a parcel of land located in El Paso, Texas, located at 6767 Gateway Blvd., El Paso, Texas and as further described on the site plan attached as Exhibit A hereto (the "Property"). The Company further represents that out of the Property, the Company will subdivide and plat an approximately 2.3 acre parcel of land (the "Hotel Parcel") which will be identified as Lot 7 on the Master Plan for the Property. The Company will transfer and convey the Hotel Parcel to Purchaser no later than three months from the Effective Date in redemption of Purchaser's Units. The Company covenants and agrees that the Hotel Parcel will have ingress, egress, and access to Airway Blvd. or other public road pursuant to dedication, plat, or recorded easements of, to and through the Property. The Company further covenants and agrees that all utilities, including, electric, water, sewer, gas, telephone, and cable, will be available to the Hotel Parcel. The Company further agrees to remove any tanks or other improvements and otherwise prepare the Hotel Parcel at the Company's expense so that it is ready for construction at the time of conveyance.

(b) The Company will provide a survey and title policy to Purchaser at the closing of the Hotel Parcel at the Company's expense. Purchaser will have the right to inspect the Hotel Parcel, including the physical condition of the property, any environmental matters pertaining to the Hotel Parcel, and to approve the survey, plat, title commitment, title issues, and title policy and other matters relating to the Hotel Parcel. If desired by Purchaser, the parties will enter into a contract of sale and purchase for the Hotel Parcel upon such terms as Purchaser may reasonably request.

1.3 Upon the closing of the Hotel Parcel will sell and assign the Units back to the Company in redemption of Purchaser's Units.

1.4. If the closing of the Hotel Parcel does not close within three months from the Effective Date as a result of the Company's inability to close, then, the Company and/or PDG will refund the Initial Contribution and Additional Contribution to Purchaser. Purchaser will also have the remedy of specific performance to require the Company to convey the Hotel Parcel to Purchaser upon the terms set forth in this Agreement. If the closing of the Hotel Parcel does not occur within three months from the Effective Date as a result of the Purchaser's inability, then the Company will refund the Initial Contribution and Additional Contribution to Purchaser. In exchange for any refund from the Company, Purchaser shall assign the Units back to the Company free and clear of any and all lien or encumbrances.

1.5. The Units are conveyed to Purchaser free and clear of any and all liens, encumbrances, security interests, charges, options and claims of any kind and nature whatsoever. PDG and the Company further represent and warrant that the Company is in good standing and that there are no lawsuits or claims pending or threatened against the Company or the Property.

1.6. Each of the parties hereby agrees that at the request of the other party and without further consideration, he will execute and deliver such additional instruments or documents and transfer and take such other actions as such other party may reasonably request to evidence the sale and conveyance of the Units to Purchaser, including any amendments or modifications to any by-laws, certificates of formation, and corporate resolutions.

## ARTICLE II
## REPRESENTATIONS AND WARRANTIES

2.1. Purchaser is a Texas limited liability company and has all requisite power and authority to execute and comply with this Agreement.

2.2. Purchaser has not engaged, or caused to be incurred any liability to any finder, broker or sales agent in connection with the origin, negotiation, execution deliver, or performance of this Agreement. Company has not engaged, or caused to be incurred, any liability to any finder, broker or sales agent in connection with the origin, negotiation, execution deliver, or performance of this Agreement.

## ARTICLE III
## MISCELLANEOUS

3.1. All notices and communications required hereunder shall be in writing and shall be personally delivered or sent by certified mail, return receipt requested, or by facsimile, addressed to the applicable party. Notices shall be effective on the date of delivery.

3.2. This Agreement may not be amended except by further agreement in writing executed by the party to be bound thereby.

3.3 This Agreement shall be governed by and construed in accordance with the laws of the State of Texas and the laws of the United States applicable to transactions in Texas.

3.4. This Agreement may be executed in multiple counterparts and each shall be construed an original and collectively shall constitute one Agreement; but in making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart.

3.5. This Agreement and the Amended and Restated Company Agreement (the "Company Agreement") set forth the entire Agreement and understanding between the parties regarding the subject matter of this Agreement and they supersede all prior agreements and understandings. The provisions of this Agreement shall be in addition to the rights and remedies available to the parties in the Company Agreement.

3.6. Each party to this Agreement has obtained and sought separate accounting and tax advice regarding the effects, if any, of this Agreement upon the parties to this Agreement and the Company, its shareholders, directors, and officers, and each party acknowledges, understands and accepts the tax effects, if any, occasioned by the Agreement.

3.7. All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

3.8 Any party who prevails in any lawsuit or legal proceeding related to this Agreement is entitled to recover reasonable attorney's fees and all costs of such proceedings.

3.9. The representations, warranties, and obligations set forth in this Agreement will survive the closing of the purchase and sale of the Units and be deemed to be incorporated into all Company governing documents.

**[SIGNATURE OF PARTIES ON FOLLOWING PAGE]**

**Company:**

The Gateway Ventures, LLC

By: PDG Prestige, Inc.
Its: sole Manager

By: *Michael Dixson*
    Michael Dixson, President

**Purchaser:**

Westar Investors Group, LLC

By: _____
Printed Name: JALEEM MAKANI
Title: MEMBER



POTENTIAL ELEMENT CITE

Exhibit A