**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THE GATEWAY VENTURES, LLC, ) | Case No. 21-30071-hcm |
| ) | Chapter 11 |
| Debtor. ) | |

**RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, and UMESH SHRESTHA's EMERGENCY MOTION TO ENFORCE**
**FIRST AMENDED PLAN OF REORGANIZATION**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

The Class 4 Creditors RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, and UMESH SHRESTHA (the "Class 4 Creditors"), secured creditors, file this Emergency Motion to Enforce Debtor's First Amended Plan of Reorganization (the "Plan") (doc. # 245) as confirmed by this Court's Order signed on October 15, 2021 (doc. # 246), and for cause would show the Court as follows:

## Background

1. Debtor The Gateway Ventures ("Debtor" or "TGV") filed this petition under Chapter 11 of the Bankruptcy Code on February 2, 2021.

2. The Debtor's sole asset in this case is the real property commonly referred to as 6767 W. Gateway Blvd. El Paso Texas and 1122 Airway Blvd El Paso, Texas 79925 (the "Property").

3. On or about April 22, 2021, the Class 4 Creditors filed their Proof of Claim at Claim #4-1, in the amount of $1,803,500.00. (Claim # 4-1.) The Claim was also accruing interest at a rate of 5% per annum or $247.05 per diem. (*Id*.)

4. The Class 4 Creditors were over secured creditors due to that certain judgment lien filed of record and asserted against the Property. (*See Id.*, Ex. 2.) Thus, the Class 4 Creditors were entitled to seek post-petition interest and attorney's fees in connection with the Judgment Lien up to the amount that they are over-secured.

5. The Class 4 Creditors' claim stems from a breach of contract by the Debtor in failing to transfer a parcel of the Property to the Class 4 Creditors after the Class 4 Creditors paid approximately $1.79 million for such parcel in order to build a hotel. The Class 4 Creditors had previously obtained a license agreement with a hotel chain, entered into agreements with the hotel chain, and secured from the hotel chain a $1.5 million forgivable loan that would be used to develop the hotel. If the hotel was successfully opened within certain a certain time-frame and maintained for a period of twenty-years, then the hotel chain would reduce the loan principal owed by $75,000 every year for a period of twenty-years, effectively forgiving the loan. Despite the significant delays caused by the Debtor's breach, the hotel chain has, until recently, remained patient with the Class 4 Creditors' efforts to obtain the land and begin building a hotel.

6. After extensive negotiations between the Debtor the Class 4 Creditors during this proceeding, the Class 4 Creditors agreed to accept a specific parcel of land in exchange for relinquishment of their claim and judgment lien. The land offered by the Debtor and accepted by the Class 4 Creditors is known as "Lot 9."

7. The parties' agreement was memorialized in a Letter Agreement and, eventually, in the Plan and the Court's order confirming the Plan. The Plan states as follows:

> 5.4. **Class 4 — Noorani Parties.**
>
> 5.4.1. <u>Identity of Claims in Class</u>: Class 4 and consists of the allowed secured claim of Ashish Nayyar, Rahim Noorani, Deepesh Shrestha, and Umesh Shrestha (collectively, the "Noorani Parties") arising from a judgment lien against the Subject Property in the face amount of $1,790,000.00.
>
> 5.4.2. <u>Treatment</u>: On or before the Lot 9 Closing deadline as defined below, TGV will convey Lot 9 of the Subject Property to the Noorani Parties (or their designee to be specified in the Order confirming this Plan) free and clear and any and all liens, claims, encumbrances, and/or other interests (including any such interests held and/or asserted by Home Tax and/or Legalist), as is, where is, by a Special Warranty Deed providing only the warranties of title previously conveyed to TGV but not otherwise warranting title, and without any reservation of minerals, water, or any other interest in, to, or against Lot 9 of the Subject Property, and subject to any and all development and/or deed restrictions and/or reciprocal easements already in place including but not limited to such contained in the *Master Declaration of Covenants Conditions and Restrictions* recorded at Doc. No. 20200057615, El Paso County Official Public Records, and/or consistent with the development of the Subject Property, in full and complete satisfaction of the judgment lien claim.
>
> The "***Lot 9 Closing Deadline***" is defined as the LATER of (1) twenty-one (21) days after the Effective Date of the Plan IF the Effective Date of the Plan is fourteen (14) days from the entry of the Confirmation Order or (2) thirty-five (35) days from the Effective Date if the Effective Date is the same day or the day after entry of the Confirmation Order.
>
> 5.4.3. The proposed form of Special Warranty Deed will be filed on the docket as a supplement to the Plan and Disclosure Statement with ten (10) days of the Confirmation Hearing. A copy of the Special Warranty Deed otherwise may be obtained by contacting the undersigned.
>
> 5.4.4. Upon such conveyance, TGV, PDG Prestige, Inc., and Michael Dixson shall be Fully Released by each of the Noorani Parties, and each of the Noorani Parties shall execute and deliver to each of TGV, PDG Prestige, Inc., and Michael Dixson (1) a release of judgment lien (2) a stand alone general form of release providing for the Full Release of TGV, PDG Prestige, Inc., and Michael Dixson, the proposed forms of which will be filed on the docket as a supplement to the Plan supplement to the Plan and Disclosure Statement with ten (10) days of the Confirmation Hearing.
>
> 5.4.5. <u>Voting</u>. Class 4 is impaired and is entitled to vote for or against the Plan.

(The Plan, p. 7-8.)

8. The "Lot 9 Closing Deadline" has long since passed and the Reorganized Debtor has failed or refused to transfer Lot 9 to the Class 4 Creditors.

9. While the Class 4 Creditors have made every effort to close the Lot 9 transfer, including but not limited to incurring fees and expenses in drafting the necessary documents to memorialize the transfer, the Reorganized Debtor still has not closed the transfer.

10. Through counsel over the last several months, the Class 4 Creditors have made demand after demand that the Reorganized Debtor abide by the Plan and transfer Lot 9. The Reorganized Debtor has failed or refused to do so.

11. Now, the Reorganized Debtor has placed a special warranty deed transferring Lot 9 into escrow but, shockingly, the Reorganized Debtor is now attempting require the Class 4 Creditors to pay approximately $78,000 to remove certain liens on the Property in order to complete the transfer. The Class 4 Creditors did not agree to pay any amount to remove liens nor did the Plan require the Class 4 Creditors to do so.

12. Over the last sixty (60) days, the Class 4 Creditors' hotel chain has grown impatient with the Class 4 Creditors' efforts to obtain the parcel and begin the hotel project. The hotel chain is now threatening to cancel the forgivable loan that was previously offered, seek liquidated damages of approximately $600,000 from the Class 4 Creditors, and, possibly, cancel the license agreement entirely.

13. The Reorganized Debtor's delays and failure to transfer Lot 9 is threatening to cause significant harm to the Class 4 Creditors.

**Argument and Authorities**

14. Pursuant to 28 U.S.C. §§ 1334 and 157 and the Order confirming the Plan, the Court retains jurisdiction over all matters arising in, arising under, and related to the Plan.

15. "After a plan is confirmed, the bankruptcy court's jurisdiction is limited to matters pertaining to the implementation or execution of the plan." *In re Seven Seas Petroleum, Inc.*, 522

F.3d 575, 589 (5th Cir. 2008). "This jurisdiction extends to matters that 'impact compliance with or completion of the reorganization plan.'" *Id.*

16. A confirmed plan constitutes a new arrangement between the debtor and creditors. 11 U.S.C.A. §§ 1141(a); *In re Cano*, 410 B.R. 506 (Bankr. S.D. Tex. 2009).

17. Although a plan's contents will be shaped by claims that arose prior to a debtor's bankruptcy petition, after plan confirmation, a creditor's rights are defined by the confirmed plan. *Id.*

18. The important effect of a confirmed Chapter 11 plan is the creation of a contract which creates vested substantive property rights and that is binding on the debtor, . . ., on any entity acquiring property under the plan, and on any prepetition creditor, . . .. 11 U.S.C.A. § 1141; *In re Buffets, LLC*, 597 B.R. 588, 66 Bankr. Ct. Dec. (CRR) 212 (Bankr. W.D. Tex. 2019).

19. The Reorganized Debtor has breached its obligations under the Plan by, *inter alia*, failing or refusing to transfer Lot 9 to the Class 4 Creditors.

20. The Class 4 Creditors are in danger of losing substantial rights in their agreements with the hotel chain.

21. Thus, the Class 4 Creditors seek emergency relief from the Court, ordering the Reorganized Debtor to abide by the obligations of the Plan and complete the transfer of Lot 9 to the Class 4 Creditors within three (3) days of the Court's order granting this motion.

22. The Class 4 Creditors reserve the right to supplement or amend this Motion.

23. A proposed order granting this Motion is attached hereto as Exhibit A.

**FOR THESE REASONS**, RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, and UMESH SHRESTHA, secured creditors, respectfully ask the Court to provide emergency consideration of this Motion, and enter an order requiring the Reorganized Debtor to abide by the obligations of the Plan and complete the transfer of Lot 9 to the Class 4 Creditors

within three (3) days of the Court's order granting this motion. The Class 4 Creditors also pray for such other and further relief to which they may show themselves justly entitled.

                                Respectfully submitted,

                                **SCOTTHULSE PC**
                                P. O. Box 99123
                                One San Jacinto Plaza, Ste. 1100
                                El Paso, Texas 79999-9123
                                (915) 533-2493
                                (915) 546-8333 (Facsimile)

                By:     /s/ *James M. Feuille*
                                **JAMES M. FEUILLE**
                                State Bar No. 24082989
                                Attorneys for ASHISH NAYYAR, RAHIM NOORANI, DEEPESH SHRESTHA, and UMESH SHRESTHA

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of December, 2021, a true and correct copy of the foregoing was served upon all interested parties electronically through the Court's CM/ECF system and upon the following:

Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
25 Greenway Plaza, #2050
Houston, Texas 77046
Email: jcarruth@wkpz.com
Attorney for Reorganized Debtor

                                  /s/ *James M. Feuille*
                                **JAMES M. FEUILLE**