**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | CASE NO. 21-30071-HCM |
| | § | |
| REORGANIZED DEBTOR. | § | CHAPTER 11 |

**REPLY TO RESPONSE OF REORGANIZED DEBTOR TO (I) MOTION TO EXPEDITE HEARING DATE ON EMERGENCY MOTION TO ENFORCE THE CHAPTER 11 PLAN, AND AWARD OTHER MISCELLANEOUS RELIEF (RE: DOCKET NO. 263) AND (II) RAHIM NOORANI, ASHISH NAYYAR, DEEPESH SHRESTHA, AND UMESH SHRESTHA'S EMERGENCY MOTION TO ENFORCE FIRST AMENDED PLAN OF REORGANIZATION
(RE: DOCKET NO. 265)**

**TO THE HONORABLE BANKRUPTCY JUDGE H. CHRISTOPHER MOTT:**

**COME NOW** WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, and SALEEM MAKANI (cumulatively referred to hereinafter as "WESTAR"), creditors and parties-in-interest in the above captioned proceedings, by and through the undersigned counsel, and hereby file this "Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)" ("Reply"), and in support of this Notice respectfully show the Court the following:

**I. REPLY.**

1. On December 22, 2021, WESTAR filed its "Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief." ("Motion") (DOC #262).

2. This Reply is filed in response to the "Response of Reorganized Debtor To (I)

Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of (Re: Docket No. 265)" ("Response") (DOC #274), filed by the Reorganized Debtor herein, The Gateway Ventures, LLC, ("TGV" or "Debtor"), in order to address certain misrepresentations contained in the TGV Response.

A. **TGV's Failure And Refusal To Convey The Lot 7 Under The Plan.**

3. TGV's Response, paragraph 2, claims that "TGV's performance of the Plan suffered delay by the failure and refusal of Westar to timely release the notice of lis pendens encumbering the entire 20-acre tract", and suggests that TGV "will be able to perform all or substantially all of the transactions contemplated by the Plan and involving Noorani and Westar within thirty (30) days or sooner." TGV offers no evidentiary support for its claims.

4. Moreover, TGV's Response fails to adequately explain why it has not been able to prepare, notarize and file a simple two (2) page Warranty Deed, with the Lot 7 metes and bounds description, the past six (6) months, since October 5, 2021, which is the date this Court signed and filed its "Final Order Granting Emergency Motion of Debtor To Assume and Enforce Westar Subscription Agreement and Grant Related Relief (RE: Docket No. 219)" ("Final Order"). (DOC #231).

5. Surely, the preparation of subject warranty deed should take no more than a couple of hours of a paralegal's time, which is most certainly less time than it took counsel for TGV to prepare subject Response herein.

6. And there certainly can be no legal impediment to conveying the Lot 7 to

---

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm　　　　　　　　　　　　　　Page 2 of 8

WESTAR, thanks to the "Notice Of Release Of Lis Pendens" filed by the undersigned, on November 4, 2021, therein conveying ALL of the real property encumbered by WESTAR's prior Lis Pendens. (See Exhibit A attached hereto, particularly Page 14 of 14).

7. Furthermore, TGV fails to point out that its first request for WESTAR's release of the lis pendens occurred on October 27, 2021, so the entire delay that could even possibly be blamed on WESTAR by TGV is no more than SEVEN (7) DAYS. (See Exhibit B attached hereto, and compare to Exhibit A).

8. More significantly, and very contrary to the Response, said alleged delay was not even the fault of WESTAR, because the release of lis pendens prepared and demanded by TGV referred to real property not at all encumbered by WESTAR's prior lis pendens. (See Exhibit C attached hereto, and compare Exhibits A and B hereto).

9. Therefore, if there were a "cascade of other delays" and additional cost considerations resulting from said delay, as alleged in the Response, said alleged delays fall squarely on TGV's counsel, for his (a) delay in requesting the release of lis pendens, and (b) careless failure to prepare a correct, appropriate and satisfactory release.

10. Accordingly, WESTAR requests the Court (a) refuse to grant TGV any additional time to provide WESTAR with the Lot 7 warranty deed required in the Confirmation Order, and (b) order tgv to provide said warranty deed to the undersigned counsel, within three (3) days of the Court's order granting subject Motion.

**B.** **TGV's Failure And Refusal To Pay The $100,000 Due.**

11. As noted in the Motion, TGV was Ordered to pay WESTAR the lump sum payment of **$100,000** on or before December 2, 2021, which was within forty-five (45) days of

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm  Page 3 of 8

the Effective Date of the Plan of Reorganization, under the Confirmation Order approving the First Amended Plan, signed and entered by this Court on October 15, 2021. (DOC #245).

12. TGV's Response offers no plausible explanation or proof as to why it failed and has refused to pay WESTAR the **$100,000** required under the Confirmation Order.

13. What we do know is that TGV has been able to disburse substantial amounts of funds to its insiders, lawyers and affiliates, before, during and after the confirmation process. Specifically, while negotiating with WESTAR the payment of the **$100,000** amount at issue herein, instead of duly reserving said **$100,000** amount for WESTAR, TGV chose instead to disburse **$602,696** to its insiders, lawyers and affiliates, as follows:

    a.    **$313,554** "Intercompany Transfer" payment to affiliate Prestige Star;

    b.    **$89,235** "Intercompany Transfer" payment to affiliate PDG Prestige;

    c.    **$20,000** payment to its Developer Partner; and,

    d.    **$179,907** payment to its WKPZ Attorney.

(See TGV's Appendix to its Monthly Operating Report ("Appendix MOR") for the period ending 09/30/2021) (DOC #252-1).

14. In addition, on December 3, 2021, the day after **$100,000** payment was to be made to WESTAR, this Court authorized a second payment of **$130,049.50** to TGV's WHPZ lawyer. (DOC #258).

15. Also on December 3, 2021, the day after **$100,000** payment was to be made to WESTAR, this Court authorized a third and "FINAL" payment of **$158,016.20** to TGV's WHPZ lawyer. (DOC #259).

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm    Page 4 of 8

16. In summary, TGV has chosen to disburse *at least* **$890,761.70** to its insiders, lawyers and affiliates, instead of paying subject **$100,000** amount due WESTAR.[1]

17. Yet, TGV, and its WHPZ counsel, at no time, apparently, even thought that perhaps they should use some of that insider trading money to honor TGV's obligation under the Plan, or to WESTAR.

18. Accordingly, WESTAR requests the Court (a) refuse to grant TGV any additional time pay WESTAR the lump sum payment of $100,000 required under the Confirmation Order, and (b) order TGV to make said payment, within three (3) days of the Court's order granting subject Motion.

19. WESTAR further requests attorney's fees and costs incurred in seeking this emergency relief, and reserves the right to supplement or amend its Motion.

## II. PRAYER.

**WHEREFORE, ALL PREMISES CONSIDERED, AND FOR THE FOREGOING REASONS**, Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani, creditors and parties-in-interest, respectfully pray the Court (a) grant their Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief, (b) order the Reorganized Debtor TGV to (i) provide WESTAR with the Lot 7 warranty deed required under the Final Order, duly notarized, and (ii) pay WESTAR the lump sum payment of $100,000 required under the Confirmation Order, (c) order the Reorganized Debtor TGV to comply with said emergency relief, within three (3) days of the Court's order granting the Motion to Enforce The Chapter 11 Plan, And Award

---

[1] TGV has also chosen not to file the required MORs for the months of October and November of 2021, so it is currently unknown what additional amounts have been paid to affiliates Prestige Star and PDG Prestige, or to TGV's Developer Partner and insider Michael Dixson, in addition to the **$890,761.70** already drawn.

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency
Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief
(Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh
Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm                                    Page 5 of 8

Other Miscellaneous Relief, and (d) for such other and further relief to which they may be justly entitled, including the payment by TGV to WESTAR of all attorney's fees and costs incurred in seeking this emergency relief.

January 12, 2022   Respectfully submitted,

**THE NEVAREZ LAW FIRM, PC**
A Professional Corporation
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
State of Texas Bar No. 14933400

Attorney for WESTAR INVESTORS GROUP, LLC,
SUHAIL BAWA, and SALEEM MAKANI

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm   Page 6 of 8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **REPLY TO RESPONSE OF REORGANIZED DEBTOR TO (I) MOTION TO EXPEDITE HEARING DATE ON EMERGENCY MOTION TO ENFORCE THE CHAPTER 11 PLAN, AND AWARD OTHER MISCELLANEOUS RELIEF (RE: DOCKET NO. 263) AND (II) RAHIM NORANI, ASHISH NAYYAR, DEEPESH SHRESTHA AND UMESH SHRESTHA'S EMERGENCY MOTION TO ENFORCE FIRST AMENDED PLAN OF REORGANIZATION (RE: DOCKET NO. 265)** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first-class mail, postage prepaid, to all creditors listed on the Debtors' creditor's matrix, and to the following parties in interest, on or before January 12, 2022:

**ATTORNEYS FOR DEBTOR:**
Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
25 Greenway Plaza, #2050
Houston, TX 77046
Email: jarruth@wkpz.com

**ATTORNEYS FOR CREDITORS:**

David P. Lutz
MARTIN & LUTZ, P.C.
P.O. Drawer 1837
Las Cruces, NM 88004
Email: dplutz@qwestoffice.net

Harrel L. Davis, III
Gordon Davis Johnson & Shane, P.C.
4695 N. Mesa Street
El Paso, TX 79912
Email: hdavis@eplawyers.com

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm        Page 7 of 8

Aldo R. Lopez
Ray Pena McChristian, P.C.
5722 Cromo Drive
El Paso, TX 79922
Email: alopez@raylaw.com

Eric C. Wood
Brown Fox, PLLC
5550 Granite Parkway, Suite 175
Plano, TX 75024
Email: eric@brownfoxlaw.com

    /s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Reply To Response of Reorganized Debtor To (I) Motion to Expedite Hearing Date on Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (Re: Docket No. 263) and (II) Rahim Norani, Ashish Nayyar, Deepesh Shrestha and Umesh Shrestha's Emergency Motion To Enforce First Amended Plan of Reorganization (Re: Docket No. 265)
*In Re: The Gateway Ventures, LLC,*
USBC-WDTX, El Paso Division, Case No. 21-30071-hcm    Page 8 of 8