IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | CASE NO. 21-30071-HCM |
| | § | |
| REORGANIZED DEBTOR. | § | CHAPTER 11 |

---

### SECOND EMERGENCY MOTION TO ENFORCE THE CHAPTER 11 PLAN, AND AWARD OTHER MISCELLANEOUS RELIEF
### (DOC ## 231, 245, 246 AND 278)
### ($100,000.00)

---

**TO THE HONORABLE BANKRUPTCY JUDGE H. CHRISTOPHER MOTT:**

**COME NOW** WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, and SALEEM MAKANI, creditors and parties-in-interest in the above captioned proceedings, by and through the undersigned counsel, and hereby file this "Second Emergency Motion to Enforce The Chapter 11 Plan, And Award Other Miscellaneous Relief (DOC ## 231, 245, 246 and 278) ($100,000.00)" (hereinafter referred to as the "Motion"), and in support of this Motion respectfully show the Court the following:

### I. PRELIMINARY STATEMENT.

1. Westar Investors Group, LLC ("WESTAR"), Suhail Bawa ("BAWA") and Saleem Makani ("MAKANI") (cumulatively "WESTAR") hereby move the Court to enforce the Chapter 11 Plan confirmed in the above-referenced case, and award additional relief to WESTAR, on the basis that the Reorganized Debtor herein, The Gateway Ventures, LLC, ("TGV" or "Reorganized Debtor") has failed and refused to comply with the following:

  a.  The "Final Order Granting Emergency Motion Of Debtor To Assume And Enforce Westar Subscription Agreement And Grant Related Relief (Re:

        Docket No. 219)" (DOC #231);

  b.  The "First Amended Plan Of Reorganization As Modified Of The Gateway Ventures LLC Dated October 14, 2021" (DOC #245);

  c.  The "Order (I) Approving First Amended Disclosure Statement In Support Of Plan Of Reorganization Of The Gateway Ventures LLC Dated September 1, 2021 And (II) Confirming First Amended Plan Of Reorganization As Modified Of The Gateway Ventures LLC Dated October 14, 2021 (Re: Docket Nos. 155, 245)" ("Confirmation Order") (DOC #246);

  d.  The "Order Regarding Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Emergency Motion To Enforce The Chapter 11 Plan, and Award Other Miscellaneous Relief" entered by this Court. (DOC #278).

## II. PROCEDURAL BACKGROUND.

2. On October 5, 2021, this Court signed and filed a "Final Order Granting Emergency Motion of Debtor To Assume and Enforce Westar Subscription Agreement and Grant Related Relief (RE: Docket No. 219)" ("Final Order"). (DOC #231).

3. On October 15, 2021, this Court signed and filed an "Order (I) Approving First Amended Disclosure Statement In Support Of Plan Of Reorganization Of The Gateway Ventures LLC Dated September 1, 2021 And (II) Confirming First Amended Plan Of Reorganization As Modified Of The Gateway Ventures LLC Dated October 14, 2021 (Re: Docket Nos. 155, 245)" ("Confirmation Order") (DOC #246). The Confirmation Order required TGV to, *inter alia*, pay

$100,000.00 in one lump sum to WESTAR, within forty-five (45) days of the Effective Date of the Plan of Reorganization.

4. On October 15, 2021, the Court filed its "Notice of Order Confirming Plan, therein providing that the Effective Date of the Plan was October 18, 2021. (DOC #246-1).

5. Accordingly, as there was no appeal in this matter, the "Effective Date" of the Plan was October 29, 2021, which was within fourteen (14) days after entry of the Order Confirming Plan, pursuant to 28 U.S.C. §158(a)(1), and in accordance with Fed. R. Bankr. P. 8002(a)(1).

6. On November 30, 2021, as a meet and confer, WESTAR requested a second time that TGV inform WESTAR as to whether TGV will be paying WESTAR the lump sum payment of $100,000 on or before December 2, 2021, which was within forty-five (45) days of the Effective Date of the Plan of Reorganization, as required in the Confirmation Order approving the First Amended Plan. (DOC #262-5).

7. TGV responded with numerous excuses, none of which provided a date certain as to when TGV intended to pay WESTAR the $100,000.00 lump sum payment.

8. Accordingly, on December 22, 2021, WESTAR filed an "Emergency Motion To Enforce The Chapter 11 Plan, and Award Other Miscellaneous Relief" and a "Motion To Expedite Hearing Date On Emergency Motion To Enforce The Chapter 11 Plan, and Award Other Miscellaneous Relief." (DOC #262 and DOC #263).

9. On January 13, 2022, the expedited hearing on the "Emergency Motion To Enforce The Chapter 11 Plan, and Award Other Miscellaneous Relief" was held.

10. On same date, January 13, 2022, an "Order Regarding Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani's Emergency Motion To Enforce The Chapter 11 Plan,

and Award Other Miscellaneous Relief" was entered by this Court ("Order To Enforce The Plan"), which ordered, adjudged and decreed, in pertinent part, that (a) TGV pay the lump sum payment of $100,000 to WESTAR by January 31, 2022, and (b) TGV shall make no payment of attorney's fees until after January 31, 2022. (DOC #278) (See Exhibit A attached hereto).

11. On January 31, 2022, per Mr. Carruth's request, the undersigned emailed to Mr. Carruth bank wiring instructions for payment of the $100,000. (See Exhibit B attached hereto).

12. As of this date, TGV has still not provided WESTAR with the lump sum payment of $100,000.

13. As of this date, TGV is past due in making payment of the $100,000.00 by a period of:

    a. One hundred and fifteen (115) days from the October 29, 2021, "Effective Date" of the Plan; and,

    b. Twenty-one (21) days from the January 13, 2022, Order To Enforce The Plan.

14. TGV has made no effort whatsoever to contact the undersigned counsel, and is thus once again in violation of (a) the Plan, and (b) the Confirmation Order, as well as (c) the Order To Enforce The Plan.

15. This Motion seeks another Order from this Court enforcing the Plan, and awarding WESTAR other important miscellaneous relief.

### III. ARGUMENT AND AUTHORITIES.

16. It is "axiomatic that a court possesses the inherent authority to enforce its own orders." *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999) (citing

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)) *aff'd* 2000 WL 1425751 (D. Del. Sept. 12, 2000), *aff'd* 279 F.3d 226 (3d Cir. 2002); *cert. denied* 123 S.Ct. 345, 154 L.Ed.2d 252 (2002). "In the bankruptcy context, courts have specifically, and consistently, held that the bankruptcy court retains jurisdiction, *inter alia*, to enforce its confirmation order." *Cont'l Airlines*, 236 B.R. at 326 (citations omitted)

17. More significantly, pursuant to 28 U.S.C. §§ 1334 and 157, this Court retains jurisdiction over all matters arising in, arising under, and related to the Plan. As the Fifth Circuit in *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, at 589 (5th Cir. 2008): "This jurisdiction extends to matters that 'impact compliance with or completion of the reorganization plan.'"

18. Furthermore, the Confirmation Order in this case explicitly provided this Court with continuing jurisdiction to enforce its implementation:

> Pursuant to 28 U.S.C. §§ 1334 and 157, this Bankruptcy Court shall retain exclusive jurisdiction of all matters arising in, arising under, and related to this Chapter 11 case and the Plan, including the matters specified in Plan § 13.1.

(DOC #246, Page 8 of 31, Paragraph 13).

19. This Court thus has continuing power and jurisdiction to enforce the Confirmation Order and to make modifications thereto. As the Fifth Circuit noted in *In re Transtexas Gas Corp. v.TransTexas Gas*, bankruptcy courts retain the power to address elements of the bankruptcy proceeding that are not the subject of an appeal. See *In re Transtexas Gas Corp. v. TransTexas Gas*, 303 F.3d 571, 580 n.2 (5th Cir. Tex. 2002) ("the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal.").

A. **The Equity Interests of Debtor TGV.**

20. Under TGV's "Amended and Restated Limited Liability Company Agreement" ("LLC Agreement") pertinent herein, TGV was organized as a Texas limited liability company by the filing of the Certificate with the Secretary of State of the State of Texas. (See DOC #227-1, Page 13, Paragraph 2.1, on Page 9 of the LLC Agreement).

21. The LLC Agreement was agreed to and executed by and between WESTAR herein, a Texas limited liability company, and PDG Prestige, Inc., a Texas for profit Corporation. (See DOC #227-1, Pages 54 and 55)

22. Under the LLC Agreement, TGV was authorized to issue two (2) membership classes of Units: Class A Units and Class B Units. (See DOC #227-1, Page 14, Paragraph 3.1, on Page 10 of the LLC Agreement).

23. Said "Units" constitute all of the "Equity Securities" of TGV. (See DOC #227-1, Page 8, on Page 4 of the LLC Agreement).

24. Under "Schedule A" of TGV's LLC Agreement, PDG holds 100% of the Class A Units, and WESTAR holds 100% of the Class B Units. (See DOC #227-1, Page 52, for Schedule A of the LLC Agreement).

25. PDG and WESTAR thus hold an equal percentage of the "Equity Securities" of TGV, and therefore each have an equal say on matters affecting the value of the "Equity Securities" of TGV.

26. Therefore, as co-equal holder of the "Equity Securities" of TGV, WESTAR has a vested security interest in the execution, performance and completion of the Plan, as do MAKANI and BAWA, two (2) of the members of WESTAR.

**B.     Inter-Company Disbursements.**

27. **TGV's Disbursements.** According to the Reorganized Debtor's Monthly Operation Report ("MOR"), for the period ending September 30, 2021, TGV made disbursements in the amount of **$201,285.00**, leaving Debtor with a cash balance of **$442,127.00**. (DOC #252, Page 2, Part 1) (See Page 2 of Exhibit C attached hereto).

28. Therefore, as of the October 29, 2021, the Effective Date of the Plan, TGV should have had sufficient funds available to pay WESTAR the lump sum payment of **$100,000.00** on or before December 2, 2021, which was within forty-five (45) days of the Effective Date of the Plan, as required in the Confirmation Order approving the First Amended Plan. (DOC #245).[1]

29. However, as confirmed by the Reorganized Debtor's MOR for the period ending September 30, 2021, instead of reserving sufficient funds from TGV's cash balance of **$442,127.00** to pay WESTAR the lump sum payment of **$100,000.00**, and thereby comply with (a) the Plan, and (b) the Confirmation Order, TGV chose instead to make Intercompany Transfers to its affiliates, as follows:

| | |
|---|---:|
| **Investment in Gateway Ventures** | **$0.00** |
| **Intercompany Transfer to Prestige Star** | **$ 313,554.00** |
| **Intercompany Transfer to PDG Prestige** | **$   89,235.00** |
| | **$402,789.00** |

(DOC #252-1) (See Page 5 of Exhibit C attached hereto).

30. In addition, instead of reserving sufficient funds from TGV's cash balance of **$442,127.00** to pay WESTAR the lump sum payment of **$100,000.00**, during the period ending September 30, 2021, TGV paid **$179,907.00** to its counsel, WKPZ. (DOC #252-1) (See Page 3 of Exhibit C attached hereto).

---

[1] TGV did not file its Monthly Operation Reports for the periods ending October 31, 2021, so the actual amount available for distribution on October 29, 2021 is unknown.

31. It is unknown what other disbursements TGV has made after the October 18, 2021, Effective Date of the Plan, intercompany or otherwise, because TGV did not file any other MORs, since the October 18, 2021, Effective Date of the Plan.

32. Specifically, because TGV has failed to file its Monthly Operation Reports for the periods ending (a) October 31, 2021, (b) November 30, 2021, (c) December 31, 2021, and (d) January 31, 2022, it is unknown what monies have been available to pay WESTAR the lump sum payment of **$100,000.00**, or disbursed to TGV's affiliates via intercompany disbursements, since the October 18, 2021, Effective Date of the Plan.[2]

33. More importantly, with regard to this Motion, is the question as to why intercompany disbursements are being made to TGV's affiliates, Prestige Star and PDG Prestige, rather than being made to WESTAR to pay the lump sum payment of **$100,000.00**.

34. Perhaps more significantly is the question as to why **$402,789.00** of the Reorganized Debtor's available funds are even going to TGV's affiliates, PDG Prestige and Prestige Star, via intercompany disbursements, rather than being invested in the execution, implementation and completion of the Plan herein.

35. As co-equal holder of the "Equity Securities" of TGV, and a joint venture partner with PDG Prestige, WESTAR has a vested interest in the execution, implementation and completion of the Plan herein, as do WESTAR's Members, MAKANI and BAWA.

36. WESTAR, MAKANI and BAWA submit that this Court should (a) put a stop to all further intercompany transfers by TGV, in order to prevent the further dilution, diminution, and mismanagement of the Reorganized Debtor's funds, and jeopardization of the Plan, until the

---

[2] TGV also did not file an MOR for the period ending August 31, 2021.

amount of **$100,000.00** owed WESTAR is fully paid.

37. **PDG's Disbursements.** According to the Reorganized Debtor's MOR for the period ending September 30, 2021, instead of paying WESTAR the lump sum payment of **$100,000.00**, TGV chose to make intercompany transfers to affiliate PDG Prestige, Inc., in the amount of **$89,235.00**.

38. More disturbingly, it very much appears that much of the intercompany transfers made by TGV to PDG Prestige, have been used NOT for legitimate business purposes, but for the personal pleasures and entertainment of Mr. Michael Dixson, the President and Director of PDG Prestige.

39. For example, during the last four (4) months of 2021, TGV's disbursements to affiliate PDG Prestige have been improperly diverted and used for Mr. Dixson's personal appetites, including beer, liquor and champagne purchases, bar and restaurant tabs, vacation travel, and other Dixson pleasantries, as follows:

| **Probable Dixson Personal Expenses** | **Exhibit** | |
|---|---|---|
| September 2021 MOR Bank Statement | D | $ 4,981.65 |
| October 2021 MOR Bank Statement | E | $ 3,568.16 |
| November 2021 MOR Bank Statement | F | $ 10,870.91 |
| December 2021 MOR Bank Statement | G | $ 10,586.85 |
| | **TOTAL** | **$ 30,007.57** |

(See the yellow highlights in Exhibits D-G attached hereto).

40. Hence, it seems clear that TGV's affiliate PDG Prestige is being utilized as the personal piggy bank of Mr. Dixson. Mr. Dixson's abuse of the PDG Prestige funds originating from TGV's accounts is alarming, because the Reorganized Debtor's funds are being routinely and improperly diverted from the Plan, and the development and completion of the Plan project herein.

41. More importantly, with regard to this Motion, is the question as to why intercompany disbursements of **$30,007.57** are being disbursed to Mr. Dixson, rather than being made to WESTAR to pay the lump sum payment of $100,000.00, or being invested in the execution, implementation and completion of the Plan herein.

42. As co-equal holder of the "Equity Securities" of TGV, and a joint venture partner with PDG Prestige, WESTAR has a vested interest in the execution, implementation and completion of the Plan herein, as do WESTAR's Members, MAKANI and BAWA.

43. WESTAR, MAKANI and BAWA submit that this Court should (a) order TGV and PDG Prestige to refrain from making any further intercompany transfers to Mr. Dixson, in order to prevent any further diversion, diminution, and mismanagement of the Reorganized Debtor's funds, and jeopardization of the Plan, and (b) immediately order TGV and/or PDG Prestige to recover from Mr. Dixson any and all amounts paid to Mr. Dixson, by TGV and/or and PDG Prestige, including said **$30,007.57** disbursements.

**C.     Relief Requested.**

44. In view of the TGV's blatant disregard of the Orders of this Court, WESTAR seeks emergency relief from the Court, ordering the Reorganized Debtor TGV to:

   a. Pay $100,000.00 to the Westar Investors Group, LLC within three (3) days from the date of the Court's, with interest at the maximum rate allowable under the laws of the State of Texas;

   b. Make no further intercompany transfers to PDG Prestige, until the lump sum payment of $100,000.00 is paid to the Westar Investors Group, LLC;

   c. Make no further intercompany transfers to Prestige Star, until the lump sum payment of $100,000.00 is paid to the Westar Investors Group, LLC;

    d.    **M**ake no further payment of attorney's fees and costs to Mr. Carruth and/or Weyer Kaplan Pulaski & Zuber, P.C., until the lump sum payment of $100,000.00 is paid to the Westar Investors Group, LLC;

    e.    Make no further payments, transfers or loans to Michael Dixson, until the lump sum payment of $100,000.00 is paid to the Westar Investors Group, LLC;

    f.    Immediately recover from Mr. Dixson any and all amounts paid to Mr. Dixson, by TGV and/or and PDG Prestige.

    g.    File, within fourteen (14) days from the date of this Order, Monthly Operation Reports for the periods ending (i) August 31, 2021, (ii) October 31, 2021, (iii) November 30, 2021, (iv) December 31, 2021, and (v) January 31, 2022;

    h.    Timely file Monthly Operation Reports for the period ending February 28, 2022, as well as all subsequent reports hereinafter; and,

    i.    Reimburse WESTAR, within fourteen (14) days from the date of this Order, all attorney's fees and costs incurred by WESTAR, since the issuance of the Confirmation Order, on October 15, 2021, which therein required TGV to pay subject $100,000.00 to WESTAR.

45.    This Motion is necessary, because TGV has demonstrated a complete disregard for its obligations to WESTAR, and TGV's ongoing failure and refusal to comply with the (a) Final Order, (b) the Plan, and (c) the Order To Enforce The Plan.

46.    WESTAR reserves the right to supplement or amend this Motion.

## IV. PRAYER.

**WHEREFORE, ALL PREMISES CONSIDERED, AND FOR THE FOREGOING REASONS**, Westar Investors Group, LLC, Suhail Bawa, and Saleem Makani, creditors and parties-in-interest, respectfully pray the Court (a) grant this Motion, (b) order the Reorganized Debtor TGV to fully and timely comply with the requested relief sought herein by WESTAR, and (c) for such other and further relief to which they may be justly entitled.

February 21, 2022      Respectfully submitted,

**THE NEVAREZ LAW FIRM, PC**
A Professional Corporation
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
State of Texas Bar No. 14933400

Attorney for WESTAR INVESTORS GROUP, LLC,
            SUHAIL BAWA, and SALEEM MAKANI

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **SECOND EMERGENCY MOTION TO ENFORCE THE CHAPTER 11 PLAN, AND AWARD OTHER MISCELLANEOUS RELIEF (DOC ## 231, 245, 246 and 278) ($100,000.00)** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first-class mail, postage prepaid, to all creditors listed on the Debtors' creditor's matrix, and to the following parties in interest, on or before February 21, 2022:

> **ATTORNEY FOR REORGANIZED DEBTOR:**
> Jeff Carruth
> Weyer Kaplan Pulaski & Zuber, P.C.
> 3030 Matlock Rd., Suite 201
> Arlington, Texas 76105
> Email: jarruth@wkpz.com
>
> **REORGANIZED DEBTOR:**
> The Gateway Ventures, LLC
> 154 N. Festival Dr., Suite D
> El Paso, TX 79912

>> /s/ Michael R. Nevarez
>> **MICHAEL R. NEVAREZ**