## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30071-hcm |
| THE GATEWAY VENTURES, LLC, | § | Chapter 11 |
| | § | |
| | § | |
| Debtor. | § | |

## EMERGENCY MOTION TO REQUIRE NOORANI PARTIES-SAAAN, INC. TO EXECUTE MYLARS FOR MASTER PLAT

The Gateway Ventures LLC ("TGV"), reorganized debtor, files this *Emergency Motion to Require Noorani Parties-SAAAN, Inc. to Execute Mylars for Master Plat* (the "Motion") and in support thereof would show to the Court the following.

### I. EMERGENCY HEARING REQUESTED

1. TGV has filed a separate motion for emergency hearing.

### II. FACTUAL BACKGROUND AND BASIS OF RELIEF

2. On August 25, 2021, Rahim Noorani, Ashish Nayyar, Deepesh Shrestha, and Umesh Shrestha (collectively, "Noorani") and TGV executed a letter agreement regarding the resolution of the Noorani claim in the TGV confirmed plan (Docket No. 417) (the "Plan") and the conveyance of Lot 9 to Noorani, attached hereto as **Exhibit TGV429**.

3. The new entity established by Noorani to take title to Lot 9 is SAAAN, Inc. See Lot 9 deed, attached hereto as **Exhibit TGV430**.

4. On January 18, 2022, SAAAN and TGV executed a further letter agreement, in furtherance of the closing required under the Plan, attached hereto as **Exhibit TGV431**.

5.      Noorani-SAAAN Inc. must sign the mylars since they demanded to be released from the CCRs on the property.  Had such release from the CCRs not occurred, TGV could have signed the mylars.  A copy of the mylars is attached hereto as **Exhibit TGV432**.

6.      The Noorani-SAAAN Inc. parties for the last 4-5 weeks, or longer, have refused to execute the mylars on the master plat of the Gateway development property.

7.      Noorani-SAAAN Inc. first indicted that they needed their engineer to review. That review took 2-3 weeks.  Following that review, TGV and Noorani-SAAAN Inc. engineers all conferred and resolved all concerns.

8.      Next, Noorani-SAAAN Inc. expressed unfounded concerns regarding the effect of the Legalist DIP lien.  Accordingly, in order to accommodate Noorani-SAAAN Inc. and hopefully reach a quick resolution, a side agreement between TGV, Noorani-SAAAN Inc., and Legalist was circulated, but an agreement was not reached.

9.      A different version of the letter agreement with zero reference to Legalist was circulated on October 10, 2022, and as of this writing Noorani-SAAAN, Inc. still has not signed the mylars.

10.     On October 11, 2022, the TGV parties executed and delivered the letter amendment to Noorani-SAAAN, Inc. by .pdf file scanned and emailed to counsel. Noorani-SAAAN, Inc. still refuses to deliver the mylars pending receipt of an original signature wet signature, even though the scanned signature is capable be electronically recorded in the El Paso County Clerk's office. *See* **Exhibit TGV433.**

*11.     **At this point, it is unknown whether Noorani-SAAAN, Inc. will ever execute the mylars, and thus TGV is proceeding with this Motion, but remains in hopes of receiving executed mylars on October 11 or October 12.***

12.     The failure and refusal to execute the mylars by Noorani-SAAAN, Inc., violates the letter agreements and/or violates the Plan.

13.     The actions of Noorani-SAAAN, Inc. regarding the mylars imperil everything that is left to do in this case.

14.     The lack of the signed mylars prevents finalization of the master plat of the overall Gateway development, and thus prevents surveys and other work necessary to close any refinance transactions to address the Legalist DIP debt.

15.     Accordingly, TGV respectfully requests that the Court set this matter for emergency hearing on October 13, 2022 at 10:00 a.m. with the other matters set for such date and time.

16.     At and for such emergency hearing, TGV respectfully requests that the Court order the live, in person appearance in El Paso of the corporate representative of SAAAN, Inc. who may execute the mylars and therein order such representative to immediately execute the mylars in furtherance of the letter agreement(s) and the Plan.

17.     A proposed form of order is submitted with this Motion and is incorporated by reference herein.

WHEREFORE, The Gateway Ventures LLC, reorganized debtor, respectfully requests that the Court set an emergency hearing wherein Noorani-SAAAN, Inc are ordered to appear in person and execute the mylars as set forth above.  Movant requests such other and further relief to which Movant may be entitled at law or in equity.

Dated: October 11, 2022

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:  /s/ Jeff Carruth
      JEFF CARRUTH
      State Bar No. 24001846
      3030 Matlock Rd., Suite 201
      Arlington, Texas 76015
      Phone: (817) 795-5046
      Facsimile: (866) 666-5322
      jcarruth@wkpz.com


ATTORNEYS FOR
THE GATEWAY VENTURES LLC
REORGANIZED DEBTOR

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served on October 11, 2022 by electronic notice to all ECF users who have appeared in this case to date (listed below) and ***which list includes counsel for the Noorani Parties and SAAAN, Inc***.


      /s/ Jeff Carruth
      JEFF CARRUTH

**21-30071-hcm Notice will be electronically mailed to:**

Jeff Carruth on behalf of Cross Claimant PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Claimant The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Defendant PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Defendant The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Debtor The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Defendant PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Defendant The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Erin Coughlin on behalf of U.S. Trustee United States Trustee - EP12
erin.coughlin@usdoj.gov,
roxana.peterson@usdoj.gov;carey.a.tompkins@usdoj.gov;omar.e.j
ones@usdoj.gov

Harrel L. Davis, III on behalf of Creditor Cumming Skidmore Property Tax Service, LLC
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Westar Investors Group, LLC
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Saleem Makani
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Suhail Bawa
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Cross Defendant Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Defendant Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Plaintiff Westar Investors Group, LLC

hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Plaintiff Saleem Makani
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Plaintiff Suhail Bawa
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

James Michael Feuille on behalf of Creditor Ashish Nayyar
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

James Michael Feuille on behalf of Creditor Deepesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

James Michael Feuille on behalf of Creditor Rahim Noorani
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

James Michael Feuille on behalf of Creditor Umesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

Brian W. Hockett on behalf of Creditor Spectrum Gulf Coast, LLC
bhockett@thompsoncoburn.com,
hspurgeon@thompsoncoburn.com

Ryan Little on behalf of Interested Party Union Gateway, LLC
little@mgmsg.com, tsilva@mgmsg.com

Russell W. Mills on behalf of Creditor Legalist DIP GP, LLC
rmills@bellnunnally.com, nsummerville@bellnunnally.com

Clyde A. Pine, Jr. on behalf of Creditor HD Lending, LLC
pine@mgmsg.com, clyde.pine@gmail.com

James W Rose, Jr on behalf of U.S. Trustee United States Trustee - EP12
james.rose@usdoj.gov,
carey.a.tompkins@usdoj.gov;Roxana.peterson@usdoj.gov;aubrey.
thomas@usdoj.gov;omar.e.jones@usdoj.gov

Don Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov

Gwen Irene Walraven on behalf of Creditor Legalist DIP GP, LLC
gwalraven@bellnunnally.com, csellers@bellnunnally.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30071-hcm |
| THE GATEWAY VENTURES, LLC, | § | Chapter 11 |
| | § | |
| | § | |
| *Debtor.* | § | |
| | § | |

**ORDER GRANTING EMERGENCY MOTION TO REQUIRE NOORANI**
**PARTIES-SAAAN, INC. TO EXECUTE MYLARS FOR MASTER PLAT**
**(RE: DOCKET NO. 359)**

On October 13, 2022, the Court conducted an emergency hearing regarding the *Emergency Motion to Require Noorani Parties-Saaan, Inc. to Execute Mylars for Master Plat* (Docket No. 359) (the "Motion to Compel") filed herein by The Gateway Ventures, LLC, reorganized debtor on October 11, 2022. In light of the record before the Court, the Court is of the opinion that the following Orders should be entered.

IT IS THEREFORE ORDERED:

1.      All capitalized terms used in this Order shall have the same meaning as ascribed to such terms in the Motion to Compel unless otherwise defined herein.

2.      A representative of SAAAN, Inc. shall appear in person in court and El Paso, Texas at the emergency hearing on the Motion to Compel and execute and

deliver to TGV a sufficient number of the duplicate original mylars necessary to record the master track or master plat of the Gateway Development property.

### END OF ORDER ###

EXHIBIT TGV429



**SCOTTHULSE** PC

ATTORNEYS AT LAW

JAMES M. FEUILLE

DIRECT TELEPHONE: (915) 546-8223
E-MAIL: jfeu@scotthulse.com

SCOTTHULSE.COM

ONE SAN JACINTO PLAZA
201 EAST MAIN DRIVE, SUITE 1100
EL PASO, TEXAS 79901

POST OFFICE BOX 99123
EL PASO, TEXAS 79999-9123

TELEPHONE (915) 533-2493
FACSIMILE (915) 546-8333

OFFICES IN EL PASO, SAN ANTONIO,
AND LAS CRUCES

August 25, 2021

The Gateway Ventures, LLC and Michael Dixson
c/o Jeff Carruth                                    **Via Email** jcarruth@wkpz.com
Weycer, Kaplan, Pulaski & Zuber, PC
2608 Hibernia Street
Dallas, Texas 75204

**Letter Agreement re:** **The Gateway Ventures, LLC; Case No. 21-30071-hcm pending in the U.S. Bankruptcy Court, Western District of Texas, El Paso Division.**

**Conveyance of Lot 9; Vote by the Judgment Creditors; and Removal of Master Declaration of Covenants, Conditions, and Restrictions filed of record on July 28, 2020**

Dear Mr. Carruth,

Pursuant to our prior telephone calls and email correspondence, I write to you to memorialize our agreement regarding the Conveyance of Lot 9 as proposed in the Debtor's Plan of Reorganization (the "Plan") in the bankruptcy case styled *In re The Gateway Ventures, LLC*, Case No. 21-30071-hcm, pending in the U.S. Bankruptcy Court, Western District of Texas, El Paso Division (the "Bankruptcy Case"), certain restrictions related thereto, the release of Lot 9 from the Master Declaration of Covenants, Conditions, and Restrictions filed of record on July 28, 2020 (the "CCRs"), and the Vote on the Plan of Reorganization by the Judgment Creditors (Rahim Noorani, Ashish Nayyar, Deepesh Shrestha, and Umesh Shrestha) a/k/a the "Noorani Parties."

As will be more fully memorialized in whatever documents the Noorani Parties and the Debtor reasonably deem necessary to effectuate the following agreement, the Noorani Parties and the Debtor and Michael Dixson hereby agree:

1. The Noorani Parties will, immediately and simultaneously with the execution of this Letter Agreement, vote in favor of the Plan based on and in reliance on the agreement outlined herein;

2. The Conveyance of Lot 9 contemplated by the Plan will occur within three (3) days of the Effective Date of the Plan (the "Conveyance Date") and be memorialized in a Special Warranty Deed with only those exceptions agreed to by the Noorani Parties. In addition, a Reciprocal Easement Agreement will be drafted by the Noorani Parties in order to memorialize the following: if the existing REA is not acceptable;

1212178.112121505.1

The Gateway Ventures/Judgment Creditors Agreement
August 25, 2021
Page 2 of 3

    a.  Lot 9 will be exempted and excluded from the CCRs for all purposes; a termination and notice of exclusive of the Property from the jurisdiction and enforcement of the CCRs in form and substance satisfactory to the Noorani Parties;

    b.  The Debtor, at its sole cost and expense, remains obligated to ensure that water and sanitary sewer are brought to Lot 9 within six (6) months of the Conveyance Date EP water approved drawings dated August 2021. Creditors shall be responsible for its own electrical, gas, storm drain, CATG, and any other required utilities sole and separate of the master planned development.

    c.  The Creditors shall provide for on lot ponding and will not participate in any of the common area ponding for the development and shall not be required to participate in maintenance of the system.

    d.  The Debtor, at its sole cost and expense, remains obligated to ensure that the Development's roads, curb cutouts and rights of way are developed and constructed within six (6) months of the Conveyance Date per the approved construction drawings

    e.  The Judgment Creditors agree that they intend to construct the following: up to 120-room "EVEN Hotel" (an IHG Hotel), that will be four (4) to five (5) stories tall and contain all the amenities associated with "EVEN Hotel[s]" and required by the Franchisor in accordance with the Franchisor's specifications and requirements regarding the hotel's appearance;

    f.  The Debtor agrees that only two hotels, one of which will be the Judgment Creditors' hotel, will be built at the Development – as currently contemplated by the most recent Site Plan, filed of record in the Debtor's Disclosure Statement (Docket 102) and will file a document of record containing such "exclusive" in form and substance acceptable to the Noorani Parties;

    g.  The Judgment Creditors agree that the Reciprocal Easement Agreement will contain reciprocal agreements by the Judgment Creditors and the Debtor acceptable to Debtor including: reciprocal parking easements, reasonable maintenance obligations by the owners of Lot 9 and the Project, respectively, and a reasonable enforcement mechanism to ensure compliance with such an arrangement.

3. The signatories hereto represent and warrant that they are fully authorized to execute this agreement and agree to the terms herein described.

4. This Agreement may be executed in one or more counterparts and by the Parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same agreement.  A facsimile or electronically transmitted signature shall constitute an original signature for the purposes of binding the Parties hereunder and shall have the same force and effect as an original signature.  If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.  The Parties hereto acknowledge that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any amendments or supplements thereto.

The Gateway Ventures/Judgment Creditors Agreement
August 25, 2021
Page 3 of 3

Yours truly,

**SCOTTHULSE PC**

Jimmy Feuille
For the Firm

**MICHAEL DIXSON**

By: _Michael Dixson_

Date: _8/25/2021_

**THE GATEWAY VENTURES, LLC**

By: _Michael Dixson_
Print Name: _Michael Dixson_
Its: _____
Date: _8/25/2021_

**RAHIM NOORANI**

By: _____

Date: _08/25/2021_

**ASHISH NAYYAR**

By: _____

Date: _08/25/2021_

**DEEPESH SHRESTHA**

By: _____

Date: _08-25-21_

**UMESH SHRESTHA**

By: _____

Date: _08-25-21_

**EXHIBIT TGV430**

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## SPECIAL WARRANTY DEED

**Party Information and Defined Terms.** The following descriptions below shall also constitute defined tears which may be used throughout this instrument. Additional terms may be defined below.

| | |
|---|---|
| **Date to be Effective as of:** | January 27th, 2022 |
| **Grantor:** | **The Gateway Ventures, LLC, a Texas limited liability company** |
| **Grantor's Mailing Address:** | 154 N. Festival Dr., Suite D<br>El Paso, TX 79912 |
| **Grantee:** | **SAAAN INC., a Texas corporation** |
| **Grantee's Mailing Address:** | 966 Rockport Lane<br>Allen, Texas 75013 |
| **Consideration:** | The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to the undersigned in hand paid by Grantee herein named, the receipt of which is hereby acknowledged. |
| **Property** | Grantor's interest in the real property located in El Paso County, Texas, more particularly described on **Exhibit "A"** attached hereto and incorporated herein by reference for all purposes. |

Grantor, for the consideration and subject to the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all buildings, improvements, and fixtures thereon, and together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's successors and assigns forever.

Grantor hereby binds Grantor and Grantor's successors and assigns to warrant and forever defend all and singular the Property to Grantee and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof when the claim is by, through or under Grantor but not otherwise, except as to the Exceptions to Conveyance and Warranty referenced below.

**Exceptions to Conveyance and Warranty**

All items of record relating to the Property, but only to the extent they are still in effect, legally enforceable and show of record in the Real Property Records of El Paso County, Texas.

**Ad Valorem / Real Estate Taxes**

**Grantee hereby expressly assumes liability for its** share of the prorated ad valorem taxes and all other assessments for the current year (2021), and for all subsequent years.

**Rules of Construction of Deed Language**

When this Deed is executed by more than one person or when the Grantee is more than one person, the instrument shall read as though pertinent verbs, nouns and pronouns were changed correspondingly, and when executed by or to a legal entity other than a natural person, the words "heirs and assigns" shall be construed to mean "successors and assigns." Reference to any gender shall include either gender and, in the case of a legal entity other then a natural person, shall include the neuter gender, all as the case may be. When the context requires, singular nouns and pronouns include the plural.

*{Signature Page Follows}*

**EXECUTED** to be effective as of the date first above written.

**GRANTOR:**

**THE GATEWAY VENTURES, LLC,**
a Texas limited liability company

By:      **PDG Prestige, Inc.**, a Texas corporation,
         its Manager

_____

**By:  Michael Dixson, President**

| | |
|---|---|
| STATE OF TEXAS | § |
|  | § |
| COUNTY OF El Paso | § |

KNOW ALL MEN BY THESE PRESENTS

This Special Warranty Deed was acknowledged before me on the 24 day January , 2022, by Michael Dixson, President of PDG Prestige, Inc., a Texas corporation, Manager of The Gateway Ventures LLC, a Texas limited liability company, on behalf of said company.

Jasmine Esnayder
Notary Public, State of Texas
My commission expires: November 9, 2025

JASMINE MERCEDES ESNAYDER
Notary ID #133440212
My Commission Expires
November 9, 2025

AFTER RECORDING RETURN TO:

Attn: James M. Feuille
ScottHulse PC
One San Jacinto Plaza
201 E. Main St., Ste. 1100
El Paso, Texas 79901

[Signature Page to Special Warranty Deed]

## EXHIBIT "A"

**MEETS AND BOUNDS**



**BROCK & BUSTILLOS INC.**
CIVIL ENGINEERS    URBAN DESIGNERS    LAND SURVEYORS

### METES AND BOUNDS DESCRIPTION
(Future "Lot 9")

*A 2.0900 acres parcel of land situate within the corporate limits of the City of El Paso, El Paso County, Texas as a portion of Tract 4H, Block 2, Ascarate Grant, El Paso County, Texas also being out of that 19.96 acre parent tract as described in Document No. 20190031428 and being more particularly described by metes and bounds as follows:*

**COMMENCING** at a 5/8-inch rebar found on the northerly right-of-way line of U.S. Interstate Highway No. 10 (300 feet wide) and the westerly boundary line of Young American Subdivision as filed in Volume 44, Page 35, El Paso County Plat Records, identical to the southeasterly corner of said Tract 4H, **WHENCE**, a chiseled "X" in concrete found for the east-southwesterly corner of said Tract 4H, identical to the southeasterly corner of Lot 1, Block 1, Howdy's Subdivision as filed in Volume 75, Page 34, El Paso County Plat Records, bears North 58°34'05" West, a distance of 740.25 feet; **THENCE**, leaving the northerly right-of-way line of said U.S. Interstate Highway No. 10 and following the westerly boundary line of said Young American Subdivision, North 32°50'26" East, a distance of 531.66 feet to a 1/2 inch rebar with survey cap No. "TX 6223" set for the southeasterly corner and the **POINT OF BEGINNING** of the parcel herein described;

**THENCE,** leaving the westerly boundary line of said Young American Subdivision, North 58°34'05" West, a distance of 312.87 feet to a 1/2-inch rebar with survey cap No. "TX 6223" set for the southwesterly corner of the parcel herein described;

**THENCE,** North 31°25'55" East, a distance of 328.88 feet to a 1/2-inch rebar with survey cap No. "TX 6223" set on the southerly boundary line of Viscount Add On, LLC parcel as described in Doc. No. 20190091885, El Paso County Deed Records for the northwesterly corner of the parcel herein described;

**THENCE,** following the southerly boundary line of said Viscount Add On, LLC parcel, South 53°41'38" East, a distance of 289.55 feet to a 1/2-inch rebar with survey cap No. "TX 6223" found on the westerly boundary line of said Young American Subdivision for the northeasterly corner of the parcel herein described;

**THENCE,** leaving the southerly boundary line of said Viscount Add On, LLC parcel and following the westerly boundary line of said Young American Subdivision, South 32°45'26" West, a distance of 280.01 feet to a 5/8 rebar found for an angle point of the parcel herein described;

2088460.DOCX

**EXHIBIT "A"**

Page 2 of 2

*THENCE,* continuing along the westerly boundary line of said Young American Subdivision, South 59°44'42" East, a distance of 31.47 feet to a 5/8 rebar found for an angle point of the parcel herein described;

*THENCE,* continuing along the westerly boundary line of said Young American Subdivision, South 32°50'26" West, a distance of 25.00 feet to the *POINT OF BEGINNING.*

Said parcel containing 2.0900 acres (91,038.7 square feet), more or less, and being subject to all easements, restrictions or covenants of record.



*Aaron Alvarado, TX R.P.L.S. No.6223*
*Date: January 13, 2022*
*07173-001A7-LOT 9-DESC-REV2.doc*

[EXHIBIT A TO SPECIAL WARRANTY DEED]

EXHIBIT "A"

[EXHIBIT A TO SPECIAL WARRANTY DEED]

2088460.DOCX

# EXHIBIT "A"

## SCHEDULE "B" ITEMS:



SHEET 2 OF 2

BROCK & BUSTILLOS INC.

[EXHIBIT A TO SPECIAL WARRANTY DEED]

2008460.DOCX



**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd., Suite 201
Arlington, Texas 76015

Jeff Carruth
Attorney At Law
Direct dial: (713) 341-1158
jcarruth@wkpz.com

January 18, 2022

**EXHIBIT TGV431**

James M. Feuille, Esq.
SCOTT HULSE PC
One San Jacinto Plaza
201 E. Main Dr. Ste 1100
El Paso TX 79901

Re:    Further Letter Agreement regarding The Gateway Ventures LLC ("TGV"), Case No. 21-30071 in the U. S. Bankruptcy Court for the Western District of Texas, El Paso Division (the "Bankruptcy Case"), and conveyance of Lot 9

Dear Mr. Feuille:

As you know, this firm represents TGV in the Bankruptcy Case. This Further Letter Agreement supplements the prior letter agreement of August 25, 2021 (the "Prior Letter Agreement"), the Chapter 11 plan confirmed in the Bankruptcy Case (the "Plan"), and the Reciprocal Parking and Access Easement Agreement (the "Parking and Access Agreement"), but does not in any way supersede or replace such agreements. Should there be any conflict between this Further Letter Agreement and the Prior Letter Agreement, the Plan, or the Parking and Access Agreement, then then the Prior Letter Agreement, the Plan, and the Parking and Access Agreement shall control over this Further Letter Agreement.

As evidenced by the signatures of the parties below, TGV, each of the parties referred to as the Noorani Parties in the Bankruptcy Case, and SAAAN, Inc. a Texas corporation ("SAAAN"), which is the grantee for the Lot 9 the conveyance as designated by the Noorani Parties (collectively, the "Subject Parties"), agree to the following.

For purposes of this letter, the "Subject Property" means and refers to the entire development from which Lot 9 is derived and has the same meaning as used in the Plan.

1.    SAAAN shall cooperate with TGV to finalize the plat for the Subject Property and will provide the necessary signatures to approve the final plat and otherwise cooperate in obtaining final approval of and/or submission to the City of El Paso and/or any other relevant governmental unit.

2.    SAAAN will cooperate with TGV to ensure that the parking counts for Lot 9 satisfy the requirements of the City of El Paso and are not otherwise inconsistent with the parking requirements of the City of El Paso as to the rest of the Subject Property.

James M. Feuille, Esq.
January 18, 2022
Page 2

3.  SAAAN will cooperate with TGV for the review, approval, and implementation of any and all civil drawings and/or engineering plans regarding drainage on Lot 9 and the rest of the Subject Property.

4.  This agreement will inure to the benefit of all successors and assigns of each of SAAN and TGV with respect to Lot 9 and/or the Subject Property.

5.  The parties adopt, ratify, and agree to be bound by the Prior Letter Agreement, the Plan, and the Parking and Access Agreement.

Please indicate the agreement to be bound to the foregoing by each of the parties by affixing their respective signatures below.

Thank you for your prompt attention to this matter. Please do not hesitate to contact me if you have any questions.

Respectfully,

/s/ Jeff Carruth

Jeff Carruth

{continued on following sheet}

James M. Feuille, Esq.
January 18, 2022
Page 3

**AGREED:**

| | |
|---|---|
| **MICHAEL DIXSON**<br><br>By: _____<br><br>Date: 1/23/22 | **THE GATEWAY VENTURES, LLC**<br><br>By: _____<br>Print Name: michael Dixson<br>Its: President<br>Date: 1/23/22 |
| **RAHIM NOORANI**<br><br>By: _____<br><br>Date: 1-27-22 | **ASHISH NAYYAR**<br><br>By: _____<br><br>Date: 1/27/22 |
| **DEEPESH SHRESTHA**<br><br>By: _____<br><br>Date: 1-27-2022 | **UMESH SHRESTHA**<br><br>By: _____<br><br>Date: 1-27-22 |
| **SAAAN, INC.**<br><br>By: _____<br>Print Name: ASHISH Nayyar<br>Its: Manager<br>Date: 1/27/22 | |

1221848.1 / 2088446.DOCX

EXHIBIT TGV432



# GATEWAY WEST SUBDIVISION

BEING A PORTION OF TRACT 4H, BLOCK 2, ASCARATE GRANT,
AND A VACATED PORTION OF
INTERNATIONAL DRIVE RIGHT-OF-WAY, BLOCK 4,
INTERNATIONAL INDUSTRIAL CENTER,
CITY OF EL PASO, EL PASO COUNTY, TEXAS
CONTAINING 17.4477 ACRES±

**Exhibit TGV433**

| | |
|---|---|
| **From:** | Jeff Carruth |
| **To:** | Matt Armendariz; James M. H. Feuille (jfeu@ScottHulse.com) |
| **Cc:** | Jeff Carruth |
| **Subject:** | TGV - Noorani Ageement[49] - DIXON EXECUTED 20221011.1112 (2236502x1071EA).PDF |
| **Date:** | Tuesday, October 11, 2022 11:15:00 AM |
| **Attachments:** | Noorani Ageement[49] - DIXON EXECUTED 20221011.1112 (2236502x1071EA).pdf |
| **Importance:** | High |

Matt Jimmy –

We went ahead and executed.  See attached.

<mark>PLEASE GET MOVING ON THE MYLARS AND CONFIRM THAT IT IS DONE.</mark>



DALLAS • HOUSTON • AMARILLO

*Trusted Legal Advisors Since 1976*

D. (713) 341-1158
M. (214) 552-7242
F. (866) 666-5322

jcarruth@wkpz.com
www.wkpz.com

This communication and any attachments to it are confidential and intended solely for the use of the person to whom they are addressed. If you have received this e-mail in error, please notify us by telephone immediately at (713) 961-9045, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Nothing in this message may be construed as a digital or electronic signature of any employee of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). WKPZ automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to WKPZ should be considered received only if confirmed by a return receipt. The IRS does not allow the use of informal tax advice, such as this communication, to avoid tax penalties. WKPZ expressly reserves and maintains any attorney-client privilege or work-product protections in this communication.

# FIRST AMENDMENT TO
# LETTER AGREEMENT

This First Amendment to Letter Agreement (this "***Amendment***") is executed to be effective as of October 7, 2022 (the "***Effective Date***"), by and between: (A)(i) Michael Dixson, in his respective representative capacities, but not in his personal capacities ("***MD***"); (ii) The Gateway Ventures, LLC, a Texas limited liability company ("***TGV***"); (iii) Azul at Entrada, LLC, a Texas limited liability company ("***Azul***"); and (iv) any and all persons or entities affiliated with MD, TGV, or Azul, or that have any ownership or other interest in that certain real property legally described on **Exhibit A** (such property, the "***Remainder Property***") (the parties referred to in the foregoing subsections (i) through (iv) may be referred to collectively herein as, the "***Dixson Entity Parties***"); and (B)(i) Saaan, Inc., a Texas corporation ("***Saaan***"); (ii), Rahim Noorani; (iii) Ashish Nayyar; (iv) Deepesh Shrestha; and (v) Umesh Shrestha (Saaan and the foregoing individuals may be referred to collectively herein as, the "***Noorani Parties***").

## RECITALS

**WHEREAS**, Dixson, TGV, Saaan, and the Noorani Parties entered into that certain Letter Agreement, dated August 25, 2021 (as amended by that certain Further Letter Agreement, dated effective January 18, 2022, the "***Letter Agreement***"), regarding that certain parcel of real property legally described on **Exhibit B** attached hereto and incorporated herein for all purposes (the "***Lot 9 Property***");

**WHEREAS**, the parcel of real property immediately adjacent to the Lot 9 Property, to be known as Lot 8 (the "***Lot 8 Property***"), is currently under contract to be sold and by their signature to this Amendment, the parties hereto recognize the enforceability of such purchase and sale agreement, and the Noorani Parties, their successors, heirs, or assignees, shall not tortiously interfere with any sale of Lot 8 by the Dixson Entity Parties and, by signing this Amendment the Noorani Parties acknowledge they are in possession of confidential information and shall keep any and all confidential information from the aforementioned sale strictly confidential (except for disclosures required by applicable law or court order and disclosures to any attorneys, advisors, consultants, or partners) for a period of three (3) years after the Effective Date;

**WHEREAS**, the parcel of real property immediately adjacent to the Lot 8 Property, to be known as Lot 7 (the "***Lot 7 Property***"), was conveyed to Westar Investors Group, LLC, and, by their signature to this Amendment, the parties hereto recognize the validity of such conveyance; and

**WHEREAS**, the Dixson Entity Parties and the Noorani Parties wish to amend the Letter Agreement to ensure that the Remainder Property is developed in a cohesive and logical manner and, in any event, in a method that would not land lock or prevent the commercial development of the Lot 9 property.

**NOW, THEREFORE,** the parties hereto agree as follows:

## FURTHER AGREEMENTS AMONG THE PARTIES

1. **RECITALS TRUE AND INCORPORATED**. The Recitals set forth above are true and correct and incorporated herein by reference as if they were set forth herein in their entirety. Such Recitals constitute a material provision of this Amendment.

2. **AGREEMENT REGARDING UTILITIES, ACCESS, CURB CUTS, AND RELATED MATTERS.** The Dixson Entity Parties, including, without limitation, each of their respective successors, heirs, representatives, trustees, administrators, and permitted assigns, agree to, at their sole cost and expense: (i) bring all utilities (including, without limitation, water, gas, sanitary sewer, electric, cable/fiber optic) to the boundary of the Lot 9 property in substantially the locations shown on the plans and drawings attached hereto as **Exhibit C** (collectively, the "***Plans and Drawings***"), and incorporated herein for all purposes, and to grant any and all easements reasonably necessary to accomplish the foregoing that may not be contemplated by the Plans and Drawings; and (ii) provide for the development and construction of retaining walls, curb cuts, and grading, in substantially the locations shown on the Plans and Drawings.

3. **NO MATERIAL CHANGES**. The Dixson Entity Parties agree not to materially change the location of the utility locations, easements, curb cuts, access points, interior roads, or any other matters that could impact the development of the Lot 9 Property as set forth on the Plans and Drawings, in each case, without the prior written consent of the Noorani Parties.

4. **FURTHER ASSURANCES**. Each of the Dixson Entity Parties, at their sole cost and expense and upon the request by any of the Noorani Parties, shall make, execute, and deliver such additional documents, and to take such additional actions, as may be reasonably necessary to effectuate the purposes of this Amendment.

5. **INJUNCTIVE RELIEF**. The Noorani Parties, without prejudice to any rights and remedies otherwise available, shall be entitled to equitable relief, including, without limitation, specific performance and injunction, in the event of any breach or threatened breach by any of the Dixson Entity Parties of this Amendment without proof of actual damages. The Dixson Entity Parties will not oppose the granting of such relief on the basis that the Noorani Parties have an adequate remedy at law. None of the Dixson Entity Parties shall be entitled to seek, and each will waive any requirement for, the securing or posting of a bond in connection with the seeking or obtaining such relief by any of the Noorani Parties.

6. **MISCELLANEOUS**. Except as amended and/or modified herein, all of the terms of the Letter Agreement shall remain unchanged and in full force and effect and shall bind the parties hereto as fully and to the same extent as though herein at length set out. This Amendment may be relied on by the owners of the Lot 8 Property, the Lot 7 Property, and any other party who has an interest in any of the Remaining Property, and any party whose signature appears below will be estopped from taking any action contrary to the provisions set forth herein, irrespective of whether such action is taken pursuant to a foreclosure or other judicial or equitable remedy. Notwithstanding anything contained in the Letter Agreement to the contrary, the obligation of any of the Noorani Parties to "cooperate" with any of the Dixson Parties shall not include any actions,

2236427 Page 2

which, in the reasonable judgment of the Noorani Parties, may be reasonably expected to hinder or adversely affect the commercial development of the Lot 9 property. In the event of any conflict between the terms of this Amendment and the Letter Agreement, this Amendment shall control. This Amendment may be executed electronically and in any number of counterparts, each of which when so executed and delivered shall be deemed an original. This Amendment shall be a covenant running with the land with respect to Lot 9 and the Remainder Property.

7.      **MICHAEL DIXSON, INDIVIDUALLY.**  For the avoidance, of doubt, Michael Dixson, in his personal capacity, is not a party to, and is not obligated to any party, under this Agreement.

*(Signature Page Follows.)*

**EXECUTED** by the parties to be effective as of the Effective Date.

**THE DIXSON ENTITY PARTIES:**

**MICHAEL DISXON**, in his respective representative capacities, and not personally

**THE GATEWAY VENTURES LLC,**
a Texas limited liability company

By: PDG Prestige Inc its manager

By:
Name:   Michael Dixson
Title:   President

**AZUL AT ENTRADA, LLC,**
a Texas limited liability company

By: PDG TX Inc its manager

By:
Name:   Michael Dixson
Title:   President

**THE NOORANI PARTIES:**

**RAHIM NOORANI**

**ASHISH NAYYAR**

[SIGNATURE PAGE TO AMENDMENT TO FIRST AMENDMENT TO LETTER AGREEMENT – DIXSON, TGV, AZUL, NOORANI]

_____

**UMESH SHRESTHA**


_____

**DEEPESH SHRESTHA**


**SAAAN, INC.,**
a Texas corporation


By: _____
Name: _____
Title: _____


*{continued on following sheet}*

STATE OF _Texas_ )
                 )
COUNTY OF _Travis_ )

This instrument was acknowledged before me on this _11_ day of _October_ ,
2022 by MICHAEL DIXSON.

(Seal)

_Jasmine Mercedes Esnayder_
Notary Public in and for the State of _Texas_

My Commission Expires: _November 9, 2025_

JASMINE MERCEDES ESNAYDER
Notary ID #133440212
My Commission Expires
November 9, 2025

STATE OF _Texas_ )
                 )
COUNTY OF _Travis_ )

This instrument was acknowledged before me on this _11_ day of _October_ ,
2022 by _Michael Dixson_ , _Agent_ , of THE GATEWAY VENTURES,
LLC, a Texas limited liability company, on behalf of said company.

(Seal)

_Jasmine Mercedes Esnayder_
Notary Public in and for the State of _Texas_

My Commission Expires: _November 9, 2025_

JASMINE MERCEDES ESNAYDER
Notary ID #133440212
My Commission Expires
November 9, 2025

[SIGNATURE PAGE TO AMENDMENT TO FIRST AMENDMENT TO LETTER AGREEMENT – DIXSON, TGV, AZUL, NOORANI]

2236427 Page 6

STATE OF _Texas_ )
)
COUNTY OF _Travis_ )

     This instrument was acknowledged before me on this _11_ day of _October_, 2022 by _Michael Dixson_, _Agent_, of AZUL AT ENTRADA, LLC, a Texas limited liability company, on behalf of said company.

(Seal)

_Jasmine Mercedes Esnayder_
Notary Public in and for the State of _Texas_

My Commission Expires: _November 9, 2025_

JASMINE MERCEDES ESNAYDER
Notary ID #133440212
My Commission Expires
November 9, 2025

STATE OF _____ )
)
COUNTY OF _____ )

     This instrument was acknowledged before me on this _____ day of _____, 2022 by RAHIM NOORANI.

(Seal)

_____
Notary Public in and for the State of _____

My Commission Expires:     _____

[SIGNATURE PAGE TO AMENDMENT TO FIRST AMENDMENT TO LETTER AGREEMENT – DIXSON, TGV, AZUL, NOORANI]

2236427 Page 7

STATE OF _____)
                               )
COUNTY OF _____)

       This instrument was acknowledged before me on this _____ day of _____, 2022 by ASHISH NAYYAR.

(Seal)
                                                         _____
                                                      Notary Public in and for the State of _____

                                                      My Commission Expires:      _____

STATE OF _____)
                                 )
COUNTY OF _____)

       This instrument was acknowledged before me on this _____ day of _____, 2022 by UMESH SHRESTHA.

(Seal)
                                                         _____
                                                      Notary Public in and for the State of _____

                                                      My Commission Expires:      _____

[SIGNATURE PAGE TO AMENDMENT TO FIRST AMENDMENT TO LETTER AGREEMENT – DIXSON, TGV, AZUL, NOORANI]

STATE OF _____ )
                              )
COUNTY OF _____ )


     This instrument was acknowledged before me on this _____ day of _____, 2022 by DEEPESH SHRESTHA.

(Seal)

                                 _____

                                 Notary Public in and for the State of _____

                                 My Commission Expires:  _____


STATE OF _____ )
                              )
COUNTY OF _____ )


     This instrument was acknowledged before me on this _____ day of _____, 2022 by _____, _____, of SAAAN, INC., a Texas corporation, on behalf of said corporation.

(Seal)

                                 _____

                                 Notary Public in and for the State of _____

                                 My Commission Expires:  _____

[SIGNATURE PAGE TO AMENDMENT TO FIRST AMENDMENT TO LETTER AGREEMENT – DIXSON, TGV, AZUL, NOORANI]

## EXHIBIT A
The Remainder Property

A PORTION OF TRACT 4H, BLOCK 2, ASCARATE GRANT, EL PASO COUNTY, TEXAS
BEING THAT SAME PROPERTY AS DESCRIBED IN DOCUMENT NO. 20190031428,
CONTAINING  19.96 ACRES, MORE OR LESS, *SAVE AND EXCEPT* LOT 7 AND LOT 9

## EXHIBIT B
The Lot 9 Property

(see below.)



BROCK & BUSTILLOS INC.
CIVIL ENGINEERS    URBAN DESIGNERS    LAND SURVEYORS

### METES AND BOUNDS DESCRIPTION
(Future "Lot 9")

*A 2.0900 acres parcel of land situate within the corporate limits of the City of El Paso, El Paso County, Texas as a portion of Tract 4H, Block 2, Ascarate Grant, El Paso County, Texas also being out of that 19.96 acre parent tract as described in Document No. 20190031428 and being more particularly described by metes and bounds as follows:*

*COMMENCING* at a 5/8-inch rebar found on the northerly right-of-way line of U.S. Interstate Highway No. 10 (300 feet wide) and the westerly boundary line of Young American Subdivision as filed in Volume 44, Page 35, El Paso County Plat Records, identical to the southeasterly corner of said Tract 4H, *WHENCE* a chiseled "X" in concrete found for the east-southwesterly corner of said Tract 4H, identical to the southeasterly corner of Lot 1, Block 1, Howdy's Subdivision as filed in Volume 75, Page 34, El Paso County Plat Records, bears North 58°34'05" West, a distance of 740.25 feet; *THENCE*, leaving the northerly right-of-wey ine of said U.S. Interstate Highway No. 10 and following the westerly boundary line of said Young American Subdivision, North 32°50'26" East, a distance of 531.66 feet to a 1/2 inch rebar with survey cap No. "TX 6223" set for the southeasterly corner and the *POINT OF BEGINNING* of the parcel herein described.

*THENCE*, leaving the westerly boundary line of said Young American Subdivision, North 58°34'05" West, a distance of 312.87 feet to a 1/2-inch rebar with survey cap No. "TX 6223 " set for the southwesterly corner of the parcel herein described;

*THENCE*, North 31°25'55" East, a distance of 328.88 feet to a 1/2 inch rebar with survey cap No. "TX 6223" set on the southerly boundary line of Viscount Add On, LLC parcel as described in Doc. No. 20190091885, El Paso County Deed Records for the northwesterly corner of the parcel herein described;

*THENCE*, following the southerly boundary line of said Viscount Add On, LLC parcel, South 53°41'28" East, a distance of 289.55 feet to a 1/2-inch rebar with survey cap No. "TX 6223" found on the westerly boundary line of said Young American Subdivision for the northeasterly corner of the parcel herein described;

*THENCE*, leaving the southerly boundary line of said Viscount Add On, LLC parcel and following the westerly boundary line of said Young American Subdivision, South 32°45'26" West, a distance of 280.01 feet to a 5/8 rebar found for an angle point of the parcel herein described;

Page 2 of 2

**THENCE**, continuing along the westerly boundary line of said Young American Subdivision, South 59°44'42" East, a distance of 31.47 feet to a 5/8 rebar found for an angle point of the parcel herein described;

**THENCE**, continuing along the westerly boundary line of said Young American Subdivision, South 32°50'26" West, a distance of 25.00 feet to the **POINT OF BEGINNING**.

Said parcel containing 2.0900 acres (91,028.7 square feet), more or less, and being subject to all easements, restrictions or covenants of record

*Aaron Alvarado, TX R.P.L.S. No.6223*
*Date: January 13, 2022*
*07173-06147-LOT 9-DESC-REV2.doc*

2236427 Page 13

## EXHIBIT C
The Plans and Drawings

(see below.)



DocuSign Envelope ID: 3E7C8BDC-AA98-49D4-A282-A0CE8D0DB7D