IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES LLC, | § | Case No. 21-30071 |
| | § | |
| Debtor. | § | |

## JOINT MOTION TO SEAL STIPULATION BETWEEN DEBTOR AND LEGALIST

TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

The Gateway Ventures LLC, the reorganized debtor ("TGV") and Legalist DIP GP, LLC, on behalf of Legalist DIP Fund I, LP and Legalist DIP SPV II, LP (collectively, "Legalist") file this *Joint Motion to Seal Stipulation Between Debtor and Legalist* (the "Motion to Seal") and in support thereof would show to the Court the following.

1.  On September 20, 2022, Legalist filed its *Motion of Legalist DIP GP, LLC for Order Converting Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* (Docket No. 343) (the "Motion to Convert").

2.  TGV and Legalist have reached a resolution of the Motion to Convert which resolution the parties have reduced to writing in the form of a written stipulation (the "Stipulation").

3.  The Stipulation, **Exhibit TGV901** (*presented under seal separate from the filing of this Motion to Seal*), would be incorporated into an Order, **Exhibit TGV902**, granting in part and denying in part the Motion to Convert as set forth in the Stipulation and addressing this Motion to Seal.

4.      The Stipulation contains information that both TGV and Legalist assert should be kept confidential, and that the confidentiality of the Stipulation is in the best interest of the estate.

5.      TGV and Legalist agree that the Stipulation should be filed under seal and should remain confidential.

6.      TGV and Legalist wish to keep the terms of the Stipulation confidential for a period of at least ninety (90) days by keeping the Stipulation filed under seal, and thereafter the full Stipulation could be unsealed.

7.      Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential information. *See* Code § 107(b).

8.      Additionally, Code § 105(a), which codifies the bankruptcy court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

9.      Although there is a strong presumption in favor of public access to court records, such access is not without limit.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Code §§ 105(a) and 107(b) and Bankruptcy Rule 9018 authorize this Court to limit public access under the circumstances present in these cases.

10.     Code §107(b) provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.[1]  Specifically, § 107(b) provides that "[o]n request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may . . .

---

[1] See 11 U.S.C. § 107(b).

protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."[2]

11.     If the material sought to be protected satisfies one of the categories identified in § 107(b) of the Code, "the court is *required* to protect a requesting party and has no discretion to deny the application."[3]  Stated differently, § 107(b) of the Code does not require a party seeking its protection to demonstrate "good cause."

12.     Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides in pertinent part: On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. Fed. R. Bankr. P. 9018.

13.     A proposed form of order is attached to the Motion to Seal, which order complies with L. Rule 9018.

WHEREFORE, Movants respectfully request that the Court seal the Stipulation as provided herein, including in the proposed order.  Movants respectfully request such other and further relief to which they are entitled at law or in equity.

---

[2] *Id.* (emphasis added).

[3] *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is ***required*** to protect such an entity on request of a party in interest.") (emphasis in original).

Dated:  October 13, 2022

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:____*/s/ Jeff Carruth*_____
    JEFF CARRUTH (TX SBN:. 24001846)
    3030 Matlock Rd., Suite 201
    Arlington, Texas 76105
    Telephone: (713) 341-1158
    E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
THE GATEWAY VENTURES LLC
REORGANIZED DEBTOR

- and -

BELL NUNNALLY & MARTIN LLP

By: */s/ Russell W. Mills*_____
    Russell W. Mills
    Texas Bar No. 00784609

    2323 Ross Avenue, Suite 1900
    Dallas, Texas 75201
    214-740-1400 Telephone
    214-740-1499 Facsimile
    rmills@bellnunnally.com

ATTORNEYS FOR LEGALIST DIP GP, LLC, AS
GENERAL PARTNER OF LEGALIST DIP FUND I,
LP AND LEGALIST DIP SPV II, LP

* Signature by permission by /s/ Jeff Carruth

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served on October 13, 2022 by electronic notice to all ECF users who have appeared in this case to date.

*/s/ Jeff Carruth*
JEFF CARRUTH

**21-30071-hcm Notice will be electronically mailed to:**

Jeff Carruth on behalf of Cross Claimant PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Claimant The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Defendant PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Defendant The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Debtor The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Defendant PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Defendant The Gateway Ventures, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Erin Coughlin on behalf of U.S. Trustee United States Trustee - EP12
erin.coughlin@usdoj.gov,
roxana.peterson@usdoj.gov;carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Harrel L. Davis, III on behalf of Creditor Cumming Skidmore Property Tax Service, LLC
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Westar Investors Group, LLC
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Saleem Makani
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Suhail Bawa
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Creditor Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Cross Defendant Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Defendant Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Plaintiff Westar Investors Group, LLC
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Plaintiff Saleem Makani
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

Harrel L. Davis, III on behalf of Plaintiff Suhail Bawa
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

James Michael Feuille on behalf of Creditor Ashish Nayyar
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

James Michael Feuille on behalf of Creditor Deepesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

James Michael Feuille on behalf of Creditor Rahim Noorani
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

James Michael Feuille on behalf of Creditor Umesh Shrestha
jfeu@scotthulse.com, tmar@scotthulse.com;jcor@scotthulse.com

Brian W. Hockett on behalf of Creditor Spectrum Gulf Coast, LLC
bhockett@thompsoncoburn.com,
hspurgeon@thompsoncoburn.com

Ryan Little on behalf of Interested Party Union Gateway, LLC
little@mgmsg.com, tsilva@mgmsg.com

Russell W. Mills on behalf of Creditor Legalist DIP GP, LLC
rmills@bellnunnally.com, nsummerville@bellnunnally.com

Clyde A. Pine, Jr. on behalf of Creditor HD Lending, LLC
pine@mgmsg.com, clyde.pine@gmail.com

James W Rose, Jr on behalf of U.S. Trustee United States Trustee - EP12
james.rose@usdoj.gov,
carey.a.tompkins@usdoj.gov;Roxana.peterson@usdoj.gov;aubrey.thomas@usdoj.gov;omar.e.jones@usdoj.gov

Don Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov

Gwen Irene Walraven on behalf of Creditor Legalist DIP GP, LLC
gwalraven@bellnunnally.com, csellers@bellnunnally.com

**EXHIBIT TGV902**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION
1.

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES LLC, | § | Case No. 21-30071 |
| | § | |
| Debtor. | § | |

**ORDER (I) GRANTING IN PART AND DENYING IN PART MOTION OF LEGALIST DIP GP, LLC FOR ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(B) (RE: DOCKET NO. 343) AND (II) GRANTING JOINT MOTION TO SEAL STIPULATION BETWEEN DEBTOR AND LEGALIST (DOCKET NO. ___)**

On October 13, 2022, the Court conducted a hearing regarding (i) the Motion of Legalist DIP GP, LLC for Order Converting Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) (Docket No. 343) (the "***Motion to Convert***") filed herein on September 20, 2022 by Legalist DIP GP, LLC, on behalf of Legalist DIP Fund I, LP and Legalist DIP SPV II, LP (collectively, "***Legalist***") and (ii) the *Joint Motion to Seal Stipulation Between Debtor and Legalist* (Docket No.

ORDER (I) GRANTING IN PART AND DENYING IN PART MOTION OF LEGALIST DIP GP, LLC FOR ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(B) (RE: DOCKET NO. 343) AND (II) GRANTING JOINT MOTION TO SEAL STIPULATION BETWEEN DEBTOR AND LEGALIST (DOCKET NO. ___) — Page 1

2237445.DOCX

**EXHIBIT TGV902**

___) (the "***Motion to Seal***") filed herein on October 12, 2022 by Legalist and The Gateway Ventures, LLC ("***TGV***" or the "***Debtor***").

In light of the agreement of Legalist and TGV as represented on the record and in the Stipulation (attached hereto as Exhibit TGV901, but under seal), and the review by the Court of the Stipulation upon which review the Court finds and concludes that grounds exist to seal the Stipulation as provided herein, the Court is of the opinion that the following Order should be entered.

**IT IS THEREFORE ORDERED THAT:**

1. Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to such terms in the Motion to Convert and/or the Motion to Seal, as applicable.

2. The Motion to Convert is granted in part and carried in part as set forth in the Stipulation.

3. The Stipulation, which is attached to and/or incorporated into this Order, is hereby filed under seal and the Clerk of Court is instructed that the Stipulation remain under seal for only ninety (90) days from the date of this Order provided, however, Legalist may disclose the Stipulation in order to enforce the Stipulation.

4. Pursuant to L. Rule 9018(a)(3)(B), the only entities permitted to review documents or transcripts of proceedings placed under seal are those entities specified in the order, except that the following entities shall also have access to matters placed under seal unless the Court specifically rules otherwise: (1) the judge presiding over the case, (2) the law clerk to whom the matter is assigned internally by the presiding judge, (3) the Courtroom Deputy responsible for the matter, (4) the Clerk of the Court, and (5) the presiding judge and staff of any appellate tribunal.

5. The Stipulation is hereby approved in all respects and is fully enforceable upon entry of this Order.

### END OF ORDER ###

**ORDER (I) GRANTING IN PART AND DENYING IN PART MOTION OF LEGALIST DIP GP, LLC FOR ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(B) (RE: DOCKET NO. 343) AND (II) GRANTING JOINT MOTION TO SEAL STIPULATION BETWEEN DEBTOR AND LEGALIST (DOCKET NO. ___) — Page 2**

2237445.DOCX