IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | Case No. 21-30071 |
| | § | |
| DEBTOR | § | |

**OBJECTION TO TRUSTEE'S MOTION TO REJECT LEASE**
**WITH MAIN EVENT ENTERTAINMENT, INC.**

**[Related Docket No. 499]**

Michael Dixson ("Dixson"), an interested party in the above-captioned bankruptcy case (the "Bankruptcy Case"), files this Objection to the Trustee's Motion to Reject Lease with Main Event Entertainment, Inc. [Docket No. 499] (the "Objection"). In support of the Objection, Dixon states as follows:

**OBJECTION**

1. Respondent admits paragraphs 1-2 of the Motion;

2. Respondent admits that the lease contains the tasks stated but denies paragraph 3 of the Motion as to the timing of the required tasks.

3. Respondent denies paragraph 4 of the Motion but admits the trustee is not capable of personally accomplishing the tasks. However, Respondent pleads that "now" is not the proper time to reject the lease. As part of any sale of the property, the purchasing party would have the ability to perform the duties required by the Main Event lease or could require the trustee reject the lease pursuant to the sale. There is no valid reason to reject the lease with Main Event now, which is the anchor tenant for the entire property.

4. Respondent denies paragraph 5 of the Motion.

5. Respondent denies paragraph 6 of the Motion.

6. Respondent further pleads that rejecting the Main Event lease will likely cause irreparable harm to the estate. The property has 4 other tenants that all are expecting to have Main Event as a tenant based on Debtor representations. If the Main Event lease is terminated, then all the other tenants will likely have grounds to terminate their leases. If the Main Event lease is lost, Respondent contends the property will be worth at least 35% less. If the remaining tenants are lost, Respondent contends it likely will be worth less than 50% of its value with all current leases in place.

7. Respondent further contends the proper way to obtain the best value for the estate, if the Debtor remains in chapter 7, is to auction the property. Then, before closing, the buyer can dictate to the estate whether it wants one or more leases rejected. Following this process, the estate can avoid the unnecessary catastrophic loss of the tenants and property value.

8. The tenant leases provide millions of dollars of value to the estate. Rejecting the leases at this time deprive the estate of many potential buyers and substantially reduces the value of the property. Hence, the Respondent requests the Court sustain its objection.

WHEREFORE, Michael Dixson, having objected to the Motion, requests that the Court sustain his objection, deny the motion, and grant him all relief that the Court deems is just and proper.

Dated: September 24, 2023

Respectfully Submitted,

Smeberg Law Firm, PLLC

By:   /s/ Ronald J. Smeberg          .
RONALD J. SMEBERG
State Bar No. 24033967
4 Imperial Oaks
San Antonio, Texas 78248
210-695-6684 (Tel)
210-598-7357 (Fax)
ron@smeberg.com
ATTORNEY FOR MICHAEL DIXSON

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2023 true and correct copies of the foregoing were served on the service list via the Courts Electronic Noticing System or by First Class mail and all parties receiving electronic notices on this case.

*/s/ Ronald J. Smeberg*
Ronald J. Smeberg

## SERVICE LIST

The Gateway Ventures, LLC
12912 Hill Country Blvd, Ste F235
Bee Cave, TX 78738

Jeff Carruth
Withdrawn as counsel by court order

United States Trustee - EP12
United States Trustee
615 E Houston Ste 533
San Antonio, TX 78205-2055

Main Event Entertainment, Inc.
Attn: General Counsel
1221 S. Belt Line Rd, Suite 500
Coppell, TX 75019