**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | |
| | § | Case No. 21-30071 |
| | § | |
| DEBTOR | § | |

**MOTION OF INTERESTED PARTY MICHAEL DIXSON TO INVOKE THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE APPLICABLE TO
CONTESTED MATTERS AND THE ENTRY OF A SCHEDULING ORDER
RELATED WESTAR INVESTORS GROUP, LLC'S MOTION TO VACATE
AMENDED AND RESTATED SPECIAL WARRANTY
DEED FILED BY THE DEBTOR**

Michael Dixson ("Dixson"), interested party, files this Motion Of Interested Party Michael Dixson To Invoke The Federal Rules Of Bankruptcy Procedure Applicable To Contested Matters And The Entry Of A Scheduling Order Related to Westar Investors Group, LLC's Motion To Vacate Amended And Restated Special Warranty Deed Filed By The Debtor (the "Motion") and shows:

**Facts and Relief Requested**

1. On August 30, 2023, Westar Investors Group ("Westar") filed its Westar Investors Group, LLC's Motion To Vacate Amended And Restated Special Warranty Deed Filed By The Debtor (the "Westar Motion");

2. The Motion requests the Court vacate a deed related to "Lot 7", which is a lot sold to Westar that is encumbered by covenants benefiting the Debtor. Pursuant to Bankruptcy Rule 7001(2), Dixson contends vacating the deed will modify debtor's interests in the property to the detriment of the bankruptcy estate warranting the Court order Westar to file an adversary

complaint, which in itself would lead to proper discovery and issuance of a scheduling order for trial on the merits.

3.      Even if the Court were to find that Rule 7001(2) does not apply, Dixson still contends equity provides the rules applying to contested matters be imposed on the proceeding, allowing for discovery and a trial on the merits.

4.      Dixson's counsel has been diligently investigating the issues raised by Westar.   At the time at issue, Dixson was in control of Debtor and Debtor was represented by Jeff Carruth. Westar was represented by Michael Nevarez.    Westar has since that time terminated its relationship with Nevarez and hired its current counsel.   An email trail shows that Jeff Carruth emailed the executed and filed deed to Michael Nevarez that Westar complains of in the Westar Motion.  Dixson's counsel has sought information regarding the transaction from Jeff Carruth and requested that Jeff Carruth provide testimony in this matter.   Mr. Carruth has understandably taken the position that as Debtor's prior counsel, he is not obligated to cooperate with Dixson now that a chapter 7 trustee has been appointed, and his testimony is generally controlled by the chapter 7 trustee.

5.      While the deed was executed, filed and delivered to Westar's counsel almost two years ago, we do not otherwise know the context surrounding the deed.   A recent conference between Dixson counsel and current counsel for Westar indicates Westar contends it only recently discovered the second deed, which explains its recent filing.  The question then remains as to whether Jeff Carruth and Michael Nevarez discussed the filing of the second deed and agreed to its content on behalf of their clients in furtherance of the parties' settlement agreement.   In light of the reality that Westar's counsel received the deed two years ago, did nothing about it, and now Westar wants the deed vacated, which will cause real harm to the estate, Dixson contends that

equity requires the parties be afforded the opportunity to conduct written and deposition discovery to ensure that the Court is fully apprised of the facts surrounding these claims. In addition, a formal scheduling order will assist the parties in ensuring that resolution of this matter occurs in a timely and orderly fashion.

WHEREFORE, Michael Dixson requests the Court invoke the Rules governing adversary proceedings, require the parties proceed with discovery in accordance with and subject to the provisions of the procedural rules which are applicable to contested matters pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, issue a docket control order, continue the Westar Motion until a date for trial on the merits, and grant Dixson all other relief he is entitled.

Dated: November 3, 2023.

Respectfully Submitted,

Smeberg Law Firm, PLLC

By:     /s/ Ronald J. Smeberg                         .
            RONALD J. SMEBERG
            State Bar No. 24033967
            4 Imperial Oaks
            San Antonio, Texas 78248
            210-695-6684 (Tel)
            210-598-7357 (Fax)
            ron@smeberg.com
            ATTORNEY FOR MICHAEL DIXSON

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be filed on November 3, 2023, using the Court's CM/ECF System which caused it to be served upon those parties registered in the system; it was also emailed to certain parties in interest, as indicated below.

*/s/ Ronald J. Smeberg*
RONALD J. SMEBERG

The Gateway Ventures, LLC
154 N. Festival Dr., Suite D
El Paso, TX 79912

Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza, #2050
Houston, TX 77046
Email: jcarruth@wkpz.com

Ronald E Ingalls
PO Box 2867
Fredericksburg, TX 78624-1927
Email: ingallstrustee@gmail.com

Clyde A. Pine, Jr.
P.O. Drawer 1977
El Paso, TX 79950
Email: pine@mgmsg.com

Clyde Anthony Pine, Jr.
Mounce Green Myers Safi Paxson & Galatza
100 N. Stanton, Suite 1000
Email: pine@mgmsg.com

Harrel L. Davis III
4695 N. Mesa
El Paso, Texas 79912
Hdavid@eplawyers.com