IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | BANKRUPTCY NO. 21-30071-cgb |
| | § | |
| *Debtor.* | § | CHAPTER 7 |

## WARE MALCOMB'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

  **NOW COMES Ware Malcomb** ("Movant"), who makes this its *Motion for Relief from the Automatic Stay* ("Motion") pursuant to Section 362(d)(1) of the Bankruptcy Code to (A) lift the automatic stay as to the entities 6767 Gateway LLC and PDGTX Inc., to the extent the automatic stay applies to either entity, to allow the Movant to pursue claims for fees; and (B) to lift the stay as to Debtor The Gateway Ventures, LLC ("Debtor") to allow Movant to pursue liens against the Debtor and to the lift the stay as to 6767 W. Gateway Blvd., El Paso, Texas 79925 ("Property") to allow the Movant to pursue liens against the Property owned by the Debtor.

## I.
### JURISDICTION AND VENUE

  1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. § 157(a) and § 1334(a) as referred by *Order of Reference of Bankruptcy Cases and Proceedings* entered by the United States District Court for the Western District of Texas.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. § 1408 and

§ 1409. The relief requested herein may be granted in accordance with 11 U.S.C. § 105(a) and § 362 and Federal Rule of Bankruptcy Procedure 4001(a).

## II.
### FACTUAL BACKGROUND

2.      Debtor filed the above-styled bankruptcy on February 2, 2021 under Chapter 11 of the Bankruptcy Code. This bankruptcy converted to proceed under Chapter 7 of the Bankruptcy Code on May 30, 2023.

3.      Movant is an architectural firm that, on or about October 14, 2022, contracted with "6767 Gateway, LLC care of PDGTX, Inc." to provide architectural and engineering services for the development of the "Gateway Apartments, El Paso, TX" ("Proposal") to be located on the Property known as 6767 W. Gateway Blvd., El Paso, Texas 79925. *See Exhibit A – Proposal for Architectural & Engineering Services (Oct. 14, 2022)*; *see also Exhibit B – Proposed Site Plans*. The Debtor lists the Property known as 6767 W. Gateway Blvd., El Paso, Texas 79925 in its Schedules as an asset. *See Debtor's Schedules and Statement of Financial Affairs – Schedule A/B, Part 9.* Michael Dixson, CEO of 6767 Gateway, LLC care of PDGTX, Inc., signed the Proposal on his entity's behalf on November 2, 2022. *See Exhibit A – Proposal for Architectural & Engineering Services (Oct. 14, 2022), pg. 6.* By the Proposal, the parties agreed to the services Movant would provide, the compensation therefore, among other things, and that "upon acceptance of the proposal, Ware Malcomb will generate a formal Contract, of which this Proposal will become an exhibit[,]" and "Terms and Conditions of the Contract will supersede any presented within this proposal." *See id.* On or about November 21, 2022, Movant sent 6767 Gateway, LLC care of PDGTX, Inc. a "Standard Form of Agreement Between Owner and Architect," but no one from 6767 Gateway, LLC care of PDGTX, Inc. ever executed this agreement. *See Exhibit C - Standard Form of Agreement Between Owner and Architect (Nov. 21, 2022).*

4.      The Movant understands 6767 Gateway LLC and PDGTX, Inc. to be related to Debtor, though not in bankruptcy, themselves.  The relation of the entities, as is known to Movant based on publicly available information from the Texas Secretary of State is as follows: the director of 6767 Gateway LLC is PDGTX Inc., the director of PDGTX Inc. is Michael Dixson, and Michael Dixson is also the director of the Debtor The Gateway Ventures, LLC.  *See Exhibit D – Business Organizations Inquiries – Texas Secretary of State.*

5.      On December 14, 2022, Movant begin invoicing 6767 Gateway, LLC care of PDGTX, Inc. for its work.  *See Exhibit E – Payment History.*  Movant continued to do so monthly through June 14, 2023, and 6767 Gateway, LLC care of PDGTX, Inc. accrued an arrearage of $754,750.00.  *See id.*  Movant wishes to proceed with its rights to claim its fees and exercise its lien rights.  To facilitate this, Movant seeks to lift the automatic stay.

### III.
### RELIEF SOUGHT

6.      Movant seeks relief under Section 362(d)(1) of the Bankruptcy Code.  Section 362(d)(1) of the Bankruptcy Code provides a mechanism for parties in interest to seek relief from the automatic stay "for cause."  11 U.S.C. § 362(d)(1).  The Bankruptcy Code leaves "cause" undefined, allowing courts flexibility to determine what constitutes "cause" on a case-by-case basis.  *See In re Mirant Corp*, 440 F.3d 238, 251-53 (5th Cir. 2006) (noting the bankruptcy court's broad discretion to lift the automatic stay); *In re 1776 Am. Props. IV, LLC*, No. 17-30422, 2017 WL 1956851, at *2 (Bankr. S.D. Tex. May 10, 2017) (citing *In re Reitnauer*, 152 F.3d 341 (5th Cir. 1998)); *see also In re Sentry Park, Ltd.*, 87 B.R. 427, 429-30 (Bankr. W.D. Tex. 1988) ("Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations[.]" (citing H.R. REP. NO. 95-595, at 344 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6300)).  To aid in the determination of "cause" under

Section 362(d)(1), courts utilize a balancing test that weighs the harm to the movant in the absence of the automatic stay lifting, against the harm to the debtor and other creditors should the automatic stay lift. *In re 1776 Am. Props. IV, LLC*, 2017 WL 1956851, at *2 (citing *In re Northtown Mall Assocs.*, 3 F.3d 436 (5th Cir. 1993) (unpublished table decision)).

A. *Movant Moves this Court to the Lift Automatic Stay as to the Entities 6767 Gateway LLC and PDGTX Inc.*

7.      Movant seeks to lift the automatic stay as to the entities 6767 Gateway LLC and PDGTX Inc. to allow the Movant to pursue claims for fees against these entities. The Movant does not believe the automatic stay applies to these entities but, given their relation to the Debtor (*see* ¶ 4, *supra*), out of an abundance of caution and out of respect for this Court and the protections provided to Debtor by the Bankruptcy Code, Movant moves this Court to the lift the automatic stay as to the entities 6767 Gateway LLC and PDGTX Inc. to the extent the automatic stay applies to either entity.

B. *Movant Moves this Court to the Lift Automatic Stay as to Debtor The Gateway Ventures, LLC and 6767 W. Gateway Blvd., El Paso, Texas 79925 ("Property").*

8.      Movant seeks to lift the automatic stay as to the Debtor and the Property known as 6767 W. Gateway Blvd., El Paso, Texas 79925 to allow the Movant to pursue liens for payment against both. Per Section 362(a)(4) of the Bankruptcy Code, the automatic stay operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate[.]" 11 U.S.C. § 362(a)(4) (2018). The Bankruptcy Code, however, "does not prohibit the commencement of a lawsuit to collect a post-petition debt." *In re Zamora*, No. 11-52138C, 2012 WL 4501680, at *1 (Bankr. W.D. Tex. 2012) (citing 11 U.S.C. § 362(a) (2012)). But, "the right to undertake collection activity, including filing a lawsuit, to collect a post-petition debt does not allow all collection activities." *In re Zamora*, No. 11-52138C, 2012 WL 4501680, at *2 (Bankr. W.D. Tex.

2012) (citing *Montclair Prop. Owners Ass'n v. Reynard (In re Reynard)*, 250 B.R. 241, 245 (Bankr. E.D. Va. 2000)). Here, the indebtedness to Movant is a post-petition debt, but it nonetheless involves the Property, which is an asset of Debtor's Estate. *In re Zamora*, No. 11-52138C, 2012 WL 4501680, at *2 (Bankr. W.D. Tex. 2012) (noting the collection rights of a post-petition creditor which do not violate the automatic stay are "limited to property that is not property of the estate") (quoting *Montclair Prop. Owners Ass'n v. Reynard (In re Reynard)*, 250 B.R. 241, 245 (Bankr. E.D. Va. 2000)). Movant, therefore, moves this Court to lift the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code to allow it to exercise its lien rights as to the Debtor and the Property known as 6767 W. Gateway Blvd., El Paso, Texas 79925. In the absence of this request relief, the Movant risks losing its right to repayment for the work it expended.

9.      The provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) should be waived, and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

### PRAYER

Ware Malcomb prays the Court enter an order terminating the automatic stay as to (A) the entities 6767 Gateway LLC and PDGTX Inc., to the extent the automatic stay applies to either entity, to allow the Movant to pursue its claims for fees; and (B) to lift the stay as to Debtor The Gateway Ventures, LLC ("Debtor") to allow Movant to pursue liens against the Debtor and to the lift the stay as to 6767 W. Gateway Blvd., El Paso, Texas 79925 ("Property") to allow the Movant to pursue liens against the Property owned by the Debtor The Gateway Ventures, LLC. Ware Malcomb further prays this Court waive the provision of Federal Rule of Bankruptcy Procedure

4001(a)(3) to allow it to immediately enforce and implement any order granting relief from the automatic stay.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Riley F. Tunnell*
RILEY F. TUNNELL
State Bar No. 24115879

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 880-2564
Telecopy: (214) 871-8209
Email: RTunnell@thompsoncoe.com

**ATTORNEY FOR WARE MALCOMB**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served this pleading on the parties listed below, either by the CM/ECF of the Bankruptcy Court for the Western District of Texas or by mail on December 8, 2023.

The Gateway Ventures, LLC
154 N. Festival Dr., Suite D
El Paso, TX 79912
***Debtor (Pro Se)***

Ronald E Ingalls
P.O. Box 2867
Fredericksburg, TX 78624-1927
***Trustee***

Clyde A. Pine, Jr.
Mounce Green Myers Safi Paxson & Galatza
100 N. Stanton, Suite 1000
El Paso, TX 79999
***Counsel for Trustee***

*/s/ Riley F. Tunnell*
RILEY F. TUNNELL